UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN TOUCH CONCEPTS, INC., d/b/a ZCOM,

                Plaintiff,

   - against -

(1) CELLCO PARTNERSHIP d/b/a
VERIZON WIRELESS, (2) TOM
VERGHESE, (3) RYAN BROOMES,
(4) JORGE VELEZ, (5) ANTHONY
FIOCCO, (6) BRUNO PAVLICEK, (7)
AJAY BHUMITRA, (8) SHELLY
BHUMITRA, (9) POONAM SAWNHEY,
and, (10) JOHN/JANE DOE CELLCO
PARTNERSHIP d/b/a VERIZON
WIRELESS PERSONNEL ## 1-10, so named
as their identities have yet to be established,

                Defendants.

12 Civ. 00542 (PGS)(TJB)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# REPLY MEMORANDUM OF LAW IN
# FURTHER SUPPORT OF MOTION TO DISMISS

SIMON·LESSER PC
420 Lexington Avenue
New York, New York 10170
212.599.5455

August 24, 2012

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ......................................................................................... ii

ARGUMENT ............................................................................................................... 1

I.   ITC'S FIRST AMENDED COMPLAINT SHOULD BE DISMISSED AS AGAINST
     SHELLY AND POONAM FOR LACK OF PERSONAL JURISDICTION ........................... 1

II.  ITC'S FIRST AMENDED COMPLAINT SHOULD ALSO BE DISMISSED AS
     AGAINST SHELLY AND POONAM FOR IMPROPER VENUE ....................................... 4

III. ITC'S FIRST AMENDED COMPLAINT SHOULD BE DISMISSED AS TO
     SHELLY AND POONAM FOR FAILURE TO STATE A CLAIM UPON
     WHICH RELIEF CAN BE GRANTED ....................................................................... 4

A.   ITC Failed to Plead Allegations Sufficient to Make Out a Claim for Tortious
     Interference With Prospective Contractual Relations as Against Shelly and Poonam ........ 5

B.   ITC Failed to Plead Allegations Sufficient to Make Out a
     Claim for Injurious Falsehood as Against Shelly and Poonam ........................................... 5

CONCLUSION ........................................................................................................... 7

i

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Aequitron Medical, Inc. v. Joseph F. Dyro and Biomedical Resources, Inc.*,
999 F. Supp. 294, 297-98 (E.D.N.Y. 1998)...................................................................6

*Akshayraj, Inc. v. Getty Petroleum Mktg., Inc.*, No. 06 Civ. 2002 (NLH),
2007 WL 4554212 (D.N.J. Dec. 20, 2007)...................................................................2

*Egiazaryan v. Zalmayev*, No. 11 Civ. 2670,
2012 Dist. LEXIS 106984 (S.D.N.Y. July 30, 2012)...................................................7

*Icahn v. Lions Gate Entm't Corp.*, No. 651076/2010,
2011 WL 1233362 (N.Y. Sup. Mar. 30, 2011)............................................................6

*Kasada, Inc. v. Access Cap., Inc.*, No. 01 Civ. 8893 (GBD),
2004 WL 2903776 (S.D.N.Y. Dec. 14, 2004). ............................................................6

*Sexter & Warmflash, P.C. v. Margrabe*, 38 A.D.3d 163, 170 (1st Dep't 2007) ............6

*Singh v. HSBC Bank USA*, 200 F. Supp. 2d 338, 340 (S.D.N.Y. 2002)........................6

*Tagayun v. Lever & Stolzenberg*, No. 05-4101 (JAG),
2007 WL 4570295 (D.N.J. Dec. 27, 2007)...................................................................2

*Weber v. Jolly Hotels*, 977 F. Supp. 327 (D.N.J. 1997) ................................................1

*Wiatt v. Winston & Strawn, LLP*, No. 10 Civ. 6608 (JLL),
2011 WL 2559567 (D.N.J. June 27, 2011)...................................................................5

*Wyrough & Loser v. Pelmor Labs., Inc.*, 376 F.2d 543 (3d Cir. 1967). ........................2

**Statutes and Rules**                                                       **Page(s)**

28 U.S.C. § 1391.............................................................................................................7

28 U.S.C. § 1406.............................................................................................................7

Fed. R. Civ. P. 12(b)(2) .................................................................................................7

Fed. R. Civ. P. 12(b)(3) .................................................................................................7

Fed. R. Civ. P. 12(b)(6) .................................................................................................7

Fed. R. Civ. P. 12(h) .....................................................................................................1

Defendants Shelly Bhumitra ("Shelly") and Poonam Sawnhey ("Poonam") submit this Reply Memorandum of Law in further support of their Motion to dismiss the claims asserted against them by plaintiff In Touch Concepts, Inc., d/b/a Zcom ("ITC") in its First Amended Complaint.

**ARGUMENT**

I.    **ITC'S FIRST AMENDED COMPLAINT SHOULD BE DISMISSED AS AGAINST SHELLY AND POONAM FOR LACK OF PERSONAL JURISDICTION**

In their moving papers, Shelly and Poonam demonstrated the deficiencies in ITC's First Amended Complaint and its lack of *any* allegations regarding this Court's exercise of personal jurisdiction over Shelly and Poonam.  ITC's opposition papers ("Opposition") completely ignores these arguments and instead makes the conclusory proclamation that this Court "has jurisdiction."  (Opp. 54); *see Weber v. Jolly Hotels*, 977 F. Supp. 327 (D.N.J. 1997)("Once the defendant properly disputes the existence of personal jurisdiction, the plaintiff bears the burden to establish, by a preponderance of the evidence, sufficient facts demonstrating the court's jurisdiction.").

At most, ITC strains to suggest that Shelly and Poonam have purportedly "waived" their objection to this Court's personal jurisdiction over them by appearing at the hearing in the Southern District of New York on the Verizon Defendants' application to transfer the case to this Court, and on ITC's application for preliminary injunctive relief.  (Opp. 51).  ITC argues, without citing any authority, that Shelly and Poonam were obligated to protest the Verizon Defendants' requested transfer of the case to this Court, and "by their silence on the issue, when they had a forum to speak and an opportunity to be heard on the very issue, they ought be [sic] estopped from complaining now." (Opp. 51).  This conclusory assertion is legally groundless.

Under Fed. R. Civ. P. 12(h), a defense is not waived if it is raised in a motion to dismiss. Fed. R. Civ. P. 12(h)("A party waives any defense listed in Rule 12(b)(2)-(5) by: …(B) failing to … include it in a responsive pleading."); *see also Tagayun v. Lever & Stolzenberg*, No. 05-4101 (JAG), 2007 WL 4570295, at *9 (D.N.J. Dec. 27, 2007)("The plain language of Rule 12(h) indicates that an affirmative defense raised in the first responsive pleading, whether a motion to dismiss, answer, or answer amended pursuant to Rule 15(a), is not waived."); *Akshayraj, Inc. v. Getty Petroleum Mktg., Inc.*, No. 06 Civ. 2002 (NLH), 2007 WL 4554212, at *7, n. 4 (D.N.J. Dec. 20, 2007)("Plaintiffs also argue that LAC has waived its objection to personal jurisdiction through prior contact with the Court… Plaintiffs' argument is unavailing. The defense of lack of personal jurisdiction is waived if it is omitted from a Rule 12(b)(2) motion, or if it is not made by a motion or not included in a responsive pleading.").

Moreover, the presence of counsel for Shelly and Poonam at the hearing in the Southern District of New York where Judge Castel considered the Verizon Defendants' transfer application given Verizon's first-filed claims against ITC in the District of New Jersey, does not, in any way, demonstrate a consent by Shelly and Poonam to personal jurisdiction in this Court.

It is well established that a party may only be deemed to waive its objection to a court's jurisdiction by appearing before ***that*** Court.  *See, e.g., Wyrough & Loser,  Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 546 (3d Cir. 1967)("[I]f a defendant appears, he may assert lack of jurisdiction over his person either by timely motion or answer. If he appears and fails to file a timely motion or answer, he will be deemed to have waived the defense.").

However, the appearance by counsel for Shelly and Poonam in the Southern District of New York does not, in any sense, establish consent to personal jurisdiction in a New Jersey court.  It can hardly be said that a party can be deemed to have waived its objection to personal

2

jurisdiction in a different state's court when it has not yet had the opportunity to raise such objection in that court.

Moreover, and also glaringly ignored by ITC, Judge Castel, when he granted the Verizon Defendants' application to transfer the case to this Court, expressly admonished that all defendants would have the ability to raise any personal jurisdiction defenses:

> Now, I will quickly say that the Court in New Jersey, if it concludes for some reason that there is no personal jurisdiction or there is some other good reason why this action, or the action before it, ought to be transferred to the Southern District of New York, so be it. But the Court where the first-filed action is can determine that, and, indeed, if for any reason this case were to come back to this district, it should be designated for assignment to me because I've now functioned on it and have had to come up to speed on this.

(1/24/12 Tr. [Moving Aff. of Andrew Dean Ex. D] at 29:2-10).

Therefore, ITC's contention that Shelly and Poonam somehow waived their personal jurisdiction defenses by not repeating to Judge Castel what he already expressly admonished on the Record regarding their ability to raise any personal jurisdiction defenses at the appropriate time to the New Jersey District Court, is absolutely groundless.

It is also unsurprising that ITC offers no facts to link Shelly and Poonam to New Jersey, as ITC itself has repeatedly asserted that this Court is not the proper jurisdiction for its purported claims against Shelly and Poonam. In fact, ITC makes this argument yet again on page 54 of its opposition brief, mere pages after it insists upon this Court's jurisdiction over defendants. (Opp. 54).

Moreover, just two weeks ago on August 9, 2012, ITC's counsel again admitted on the Record in the related New York State Court litigation between ITC and Shelly and Poonam (and their companies) that ITC has no legitimate basis to maintain its claims against Shelly and

Poonam in this Court and fully expects that such claims will be dismissed for lack of personal

jurisdiction and will be "sent back" to New York:

> Mr. Batra:   So, now your Honor knows there is currently the Jersey federal
> action, which we expect to bounce through the motions to come back to Southern
> District, probably come back here [New York Supreme], and you will then be the
> true, first filed owner of this mess.

(Dean Aff. Ex. A)(Aug. 9, 2012 Tr. 15:25-16:4.).

As all parties *agree* that New Jersey is not a proper jurisdiction for ITC's claims against

Shelly and Poonam, their Motion to Dismiss for lack of personal jurisdiction should be granted.

## II.   ITC'S FIRST AMENDED COMPLAINT SHOULD ALSO BE DISMISSED AS AGAINST SHELLY AND POONAM FOR IMPROPER VENUE

The moving brief of Shelly and Poonam at Section II reflects why this Court is not the

proper venue for ITC's claims against Shelly and Poonam, including ITC's own express

admission that "venue was and remains proper in New York."  (Am. Compl. at ¶¶ 471-72, 475).

ITC's opposition papers fail to address this venue argument in any manner.

## III.   ITC'S FIRST AMENDED COMPLAINT SHOULD BE DISMISSED AS TO SHELLY AND POONAM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In opposition to defendants' argument that ITC's complaint fails to state a claim upon

which relief can be granted, ITC makes vague, conclusory allegations of wrongdoing, going so

far as to submit that it is not required to submit sufficient facts as long as "any" claim may be

supported by their allegations.  The few facts that ITC does attempt to set forth relate solely to

VZW's conduct and make no mention of either Shelly or Poonam.

### A.   ITC Failed to Plead A Valid Claim Against Shelly and Poonam for Tortious Interference With Prospective Contractual Relations

As fully briefed in defendants' moving papers, a cause of action for tortious interference

with prospective contractual relations requires allegations that "(1) there is a business

relationship between the plaintiff and a third party; (2) the defendant, knowing of that

relationship, intentionally interferes with it; (3) the defendant acts with the sole purpose of

harming the plaintiff, or, failing that level of malice, uses dishonest, unfair, or improper means;

and (4) the relationship is injured." *Wiatt v. Winston & Strawn, LLP*, No. 10 Civ. 6608 (JLL),

2011 WL 2559567, at *21 (D.N.J. June 27, 2011).

ITC argues that it is excused from identifying the parties with whom it had prospective

business relations because "the information sought is within the actual purview of the demanding

defendants," "Shelly, Ajay and Poonam … are intimately familiar with the process [of applying to

become subagents]" (not the identity of the subagents themselves), "defendants all know who they

are," "the complaint does inferentially identify these prospective sub agents," and "the identities

are 'self-evident' for pleading purposes." (Opp. 40-42). This admitted lack of knowledge of the

parties it purportedly had prospective business relations underscores the deficiencies of the claim.

ITC's opposition papers otherwise fail to address the remaining arguments made by

Shelly and Poonam in support of their Motion to dismiss ITC's claim for putative tortious

interference with prospective business relationships.

**B.     ITC Failed to Plead Allegations Sufficient to Make Out a
         Claim for Injurious Falsehood as Against Shelly and Poonam**

ITC once again points to "reasonable inferences" that may be derived from the Amended

Complaint in order to oppose defendants' argument that it has not made out a claim for injurious

falsehood. Instead of alleging specific statements made by Shelly and Poonam, ITC simply

states that they allegedly "fed false information to VZW," with no mention of where or when or

to whom, exactly, the statements were made – required information to support a claim for

injurious falsehood.

More outrageously, ITC points to defendants' Complaint in the New York Supreme Court action as an example of statements made "with purely malicious intent" in order to "repeat their spewed venomous diatribe." (Opp. 48-49). Putting aside ITC's counsel's improper invective, ITC has no basis to argue that the allegations in the Complaint filed by Shelly and Poonam's companies against ITC in New York State Supreme Court can form the basis of a putative "injurious falsehood" claim. "In the context of a legal proceeding, statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation." *Singh v. HSBC Bank USA*, 200 F. Supp. 2d 338, 340 (S.D.N.Y. 2002).; *see also Icahn v. Raynor*, 32 Misc. 3d 1224(A) (N.Y. Sup. 2011)("To defeat a grant of absolute privilege, a party must show that a statement is both irrelevant to the litigation at hand and also 'so outrageously out of context as to permit one to conclude, from the mere fact that the statement was uttered, that it was motivated by no other desire than to defame.'" (citing *Sexter & Warmflash, P.C. v. Margrabe*, 38 A.D.3d 163, 170 (1st Dep't 2007)).

Finally, ITC's attempt in its Opposition to excuse its admitted failure to satisfy the "strict[]" "requirement" of pleading "special damages" "with the requisite specificity" and "particularity" on an injurious falsehood claim is likewise unavailing. *Kasada, Inc. v. Access Cap., Inc.*, No. 01 Civ. 8893 (GBD), 2004 WL 2903776, at *16 (S.D.N.Y. Dec. 14, 2004). ITC argues that it may now escape its admittedly deficient pleading by first "alleging" in its opposition brief that its Second Claim (which is explicitly entitled "Injurious Falsehood" in its First Amended Complaint) is actually a claim for defamation *per se* and that, therefore, ITC is excused from the "strict[]" "requirement of pleading and proving special damages." (Opp. 49). This too is groundless.

6

ITC has not alleged, nor attempted to allege, a defamation cause of action in the First Amended Complaint, nor would its barren and conclusory allegations in the Second Claim suffice to plead the elements associated with a defamation claim. *See, e.g., Egiazaryan v. Zalmayev,* 11-cv-2670, 2012 U.S. Dist. LEXIS 106984 *10 (S.D.N.Y., July 30, 2012)("[I]in order to adequately plead a defamation cause of action, [plaintiff] was required plausibly to allege (1) a defamatory statement of fact, (2) regarding the plaintiff, (3) published to a third party, (4) that was false, (5) made with the actual malice (6) causing injury, and (7) not protected by privilege."). None of those pleading prerequisites has been satisfied in ITC's First Amended Complaint or its improper attempt to re-write its pleading in its opposition papers.

## CONCLUSION

For these reasons and those set forth in its moving papers, defendants Shelly Bhumitra and Poonam Sawnhey respectfully request an Order dismissing ITC's First Amended Complaint as against them: (a) pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, (b) pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§ 1391 and 1406 for improper venue, and (c) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants Shelly Bhumitra and Poonam Sawnhey also respectfully request such other and further relief as this Court deems just and proper.

Dated: New York, New York
      August 24, 2012          SIMON•LESSER PC

                        By: _____
                          Leonard F. Lesser, Esq. (*pro hac vice*)
                          Andrew W. Dean, Esq.
                  420 Lexington Avenue
                  New York, New York 10170
                  t: 212.599.5455
                  f: 212.599.5459

                  *Attorneys for defendants*
                  *Shelly Bhumitra and Poonam Sawnhey*