
GreenbergTraurig

Philip R. Sellinger
Tel (973) 360-7910
Fax (973) 301-8410
sellingerp@gtlaw.com

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE DOCKETED: 6/4/13
```

April 3, 2013

**VIA FACSIMILE**

The Honorable P. Kevin Castel
United States District Court for the
  Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:   *In Touch Concepts, Inc. v. Cellco P'ship*
            13 Civ. 1419 (PKC)

Dear Judge Castel:

    We represent Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") and certain individual defendants in the captioned case ("the ZCom Action.") We write to address the two questions posed in Your Honor's March 20, 2013 Order: (1) whether the Court continues to have subject matter jurisdiction in this case; and (2) assuming that the Court has subject matter jurisdiction, whether the Court must exercise supplemental jurisdiction over the remaining state law claims of plaintiff In Touch Concepts, Inc., d/b/a ZCom ("ZCom").

    The short answer is that the Court has subject matter jurisdiction over the ZCom Action now and, for judicial economy and basic fairness reasons, should exercise its discretion to retain such jurisdiction. The same legal issues to be decided in the ZCom Action must also be decided in *Cellco P'ship v. In Touch Concepts, Inc.*, 13 Civ. 1418 (PKC) (S.D.N.Y.) ("the DJ Action"), the earlier-filed case over which this Court has, and will continue to have, subject matter jurisdiction regardless of whether jurisdiction is retained over the ZCom Action. Retaining jurisdiction over the ZCom Action will promote judicial economy because it will prevent two substantively identical cases from having to proceed on parallel tracks in two different court systems.

    Before answering Your Honor's questions in more detail, a short procedural summary will be helpful.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building, 200 Park Avenue ■ New York, New York 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS

*OPERATES AS GREENBERG TRAURIG MAHER LLP
+OPERATES AS GREENBERG TRAURIG, S.C.
**STRATEGIC ALLIANCE

The Honorable P. Kevin Castel
April 3, 2013
Page 2

## BACKGROUND

Pursuant to an unambiguous "without cause" termination provision in the parties' agency agreement, on July 26, 2011, Verizon Wireless notified ZCom that it was terminating ZCom's agency, effective January 31, 2012. From that notification, two suits ensued. On November 4, 2011, Verizon Wireless filed the DJ Action in the District of New Jersey, seeking a declaratory judgment as to the propriety of ZCom's termination. On December 28, 2011, ZCom brought the ZCom Action in New York state court, essentially alleging that ZCom's termination was improper. Although framed differently, the two cases are mirror images of each other.[1] Each requires the same discovery, as the ultimate finding in each case is whether Verizon Wireless properly terminated ZCom. *See, e.g.*, June 28, 2012 New Jersey District Court Magistrate Judge's Order staying discovery in DJ Action (DJ Action DE 46) at 2 ("The allegations in both cases arise from the same contract. Therefore, it is likely, if not a certainty, that there will be an overlap of witnesses to be deposed.").

Because the ZCom Action was filed as a putative class action, on January 3, 2012, Verizon Wireless removed the ZCom Action to this Court under the Class Action Fairness Act of 2005 ("CAFA"). On January 24, 2012, the ZCom Action was transferred from this Court to the District of New Jersey, where it was assigned to the Honorable Peter G. Sheridan. On May 5, 2012, ZCom amended its Complaint to, among other things, eliminate class allegations. ZCom did not then move (nor has it since moved) to remand based on lack of subject matter jurisdiction.

On June 22, 2012, all of the defendants in the ZCom Action filed Rule 12(b)(6) motions to dismiss, which, by August 24, 2012, were fully briefed. Recognizing the interrelatedness of the two cases, the New Jersey District Court stayed discovery in both the DJ Action and the ZCom Action pending a decision on these motions. On February 21, 2013, Judge Sheridan heard oral argument on the motions but did not rule on them. Instead, on March 1, 2013, Judge Sheridan ordered that both the ZCom Action and the DJ Action be transferred to this Court.

ZCom's claims, while numerous and long-winded, are woefully short on legal merit. These claims include two contract-based claims (alleged notwithstanding a plain contractual provision giving Verizon Wireless the right to terminate ZCom without cause); a breach of the implied covenant of good faith and fair dealing claim (alleged even though the implied covenant cannot vary or eliminate an express contractual right and, in any event, had been contractually waived); a tortious

---

[1] ZCom's Answer to Verizon Wireless's Complaint in the DJ Action shows the almost complete overlap between the two suits, as much of ZCom's responses and defenses is pulled directly from its Complaint in the ZCom Action. *See, e.g.*, DJ Action DE 44 at ¶¶ 2-4, 23-38, 48-53, 76-85.

GREENBERG TRAURIG, LLP

The Honorable P. Kevin Castel
April 3, 2013
Page 3

interference claim relating to ZCom's contracts with its sub-agents (alleged despite a contractual provision terminating ZCom's sub-agent contracts at the same time ZCom ceases to be a Verizon Wireless agent); tortious interference claims relating to Verizon Wireless's alleged refusal to permit ZCom to open additional stores or, after being notified of its termination, to sell its entire business to other Verizon Wireless agents (alleged notwithstanding express provisions giving Verizon Wireless the right to reject the opening or sale of ZCom locations); and fraud and defamation claims whose elements cannot be stated. A favorable ruling for defendants on their pending motions to dismiss these claims would simultaneously end both the ZCom Action and the DJ Action.

## ARGUMENT

### A. Subject Matter Jurisdiction Is Determined at the Time of Filing and Need Not Be Revisited

It is well settled that the propriety of federal subject matter jurisdiction is determined based on circumstances that exist at the time of filing. *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001). Once subject matter jurisdiction is found, subsequent events do not automatically divest a district court of jurisdiction. *See generally Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004) (explaining that "time-of-filing rule ... measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing - whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal .... We have adhered to the time-of-filing rule regardless of the costs it imposes.").

"In an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims." *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995); *see also Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs.*, 77 F.3d 1063, 1067 (8th Cir. 1996) ("The existence of [subject matter] jurisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated.") (citing *Bank One Tex. Nat'l Ass'n v. Morrison*, 26 F.3d 544, 547 (5th Cir. 1994)). Indeed, remand need not even be considered if no party has objected to the court's exercise of subject matter jurisdiction. *See, e.g, Acri v. Varian Assocs.*, 114 F.3d 999, 1000-01 (9th Cir. 1997) (declaring that, once subject matter jurisdiction is found, "the court is not required to [undertake a subject matter jurisdiction] analysis unless asked to do so by a party").[2]

---

[2] Since amending its Complaint 11 months ago, ZCom has not objected to federal court jurisdiction over its claims.

The Honorable P. Kevin Castel
April 3, 2013
Page 4

---

### B. Judicial Economy, Fairness and Comity Concerns Should Be Considered in Deciding Whether to Retain Jurisdiction

Where the basis for federal jurisdiction on which a case was filed no longer exists, deciding whether to retain jurisdiction over the case is within the court's sound discretion. In such instances, the Second Circuit has instructed district courts to "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over the pendent claim." *Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1055 (2d Cir. 1990) (internal quotation omitted) (emphasis added); *cf. Myers v. Cty. of Lake*, 30 F.3d 847, 850 (7th Cir. 1994) (noting that the fact that a court has discretion to remand "does not justify forcing the litigants to start from scratch in state court").

In a case very much like this one, Judge Rakoff, after considering the aforementioned values, "elected to retain supplemental jurisdiction over [plaintiff's state law claims] ... even though the plaintiff had voluntarily dismissed [his] federal claims." *Chen v. Jin Fong Rest., Inc.*, 582 F. Supp. 2d 602, 603 (S.D.N.Y. 2008). As Judge Rakoff explained:

> [B]oth the legal and factual issues raised in the state claims in [*Shu v. Jin Fong Rest., Inc.*] and in the above-captioned federal case, [*Chen v. Jin Fong Rest., Inc.*], are substantially identical (which is why the Court consolidated the two cases). Thus, there is very substantial judicial economy in maintaining supplemental jurisdiction over [*Shu*]. Since much of the discovery would be related in both cases, and since the Court has already placed both cases on a 'fast track,' convenience and economy will also be served, more than outweighing the alleged costs to plaintiff's counsel in [*Shu*], of having to attend a few depositions that might not relate to his case. ... As for comity, there are no remaining state law issues in this case that are so novel or unique that deference to state courts is appropriate; and, in any event, the Court, which must retain jurisdiction over [*Chen*], would have to reach those issues anyway, probably well before any state court action could get that far.

*Id.* at 603-04 (emphasis added).

### C. Retaining Jurisdiction Is Particularly Appropriate Where Jurisdiction Was Originally Based on CAFA

Although the Second Circuit has not yet spoken on this specific issue, three other Circuit Courts of Appeal have held that, absent a showing of frivolous pleading of class allegations by plaintiff, putative CAFA class actions should remain in federal

The Honorable P. Kevin Castel
April 3, 2013
Page 5

court for the duration of the litigation. *Metz v. Unizan Bank*, 649 F.3d 492, 501 (6th Cir. 2011); *accord, Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010); *see also Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009) (where case has been properly removed to federal court under CAFA, "post-removal events (including non-certification, de-certification, or severance) do not deprive federal courts of subject matter jurisdiction"); *but see Archila v. KFC U.S. Props., Inc.*, 420 Fed. Appx. 667, 669 (9th Cir.) (district courts have broad discretion to retain jurisdiction over or to remand CAFA cases following denial of class certification), *cert. denied*, 123 S. Ct. 246 (2011).

The reasons for retaining jurisdiction over CAFA cases arise from the same judicial economy and efficiency concerns as those articulated by the Second Circuit in *Raucci, supra*. As the Seventh Circuit explained in reversing a district court's decision to remand to state court following denial of class certification:

> Behind the principle that <u>jurisdiction once obtained normally is secure</u> is a desire to minimize expense and delay. If at all possible, therefore, a case should stay in the system that first acquired jurisdiction. <u>It should not be shunted between court systems; litigation is not ping-pong.</u>

*Cunningham Charter*, 592 F.3d at 807 (emphasis added); *see also Metz*, 649 F.3d at 500 & n.3 (noting that CAFA contains no language requiring dismissal or remand once case loses its putative class action status, and that Congress specifically rejected earlier version of bill containing such language).

### D. The Facts and Circumstances Here Strongly Favor Retaining Federal Court Jurisdiction

Just as in *Chen, supra*, retaining jurisdiction over the ZCom Action so that it can be decided along with the substantively identical DJ Action (which is, and will remain, before the Court) would achieve a "very substantial judicial economy." *See Chen*, 582 F. Supp. 2d at 603-04. Indeed, Your Honor has observed as much. In transferring the ZCom Action to the District of New Jersey on January 24, 2012, Your Honor commented that "considerations of judicial administration and conservation of resources" warranted the transfer so that both cases would be in the same court, as they both "relate to the lawfulness of the termination by Verizon." 1/24/12 Tr. at 28:16-29:1. That is the very issue that Your Honor must decide in the DJ Action, regardless

The Honorable P. Kevin Castel
April 3, 2013
Page 6

---

of whether jurisdiction is retained over the ZCom Action.[3]

Further favoring retaining jurisdiction is the fact that virtually the same discovery will be required in both the DJ Action and the ZCom Action. *Cf. Chen*, 582 F. Supp. 2d at 603-04 (finding jurisdiction over state law case should be retained where "much of the discovery would be related in both cases"). In fact, this was the reason the New Jersey District Court stayed discovery in both the DJ Action and the ZCom Action pending a decision on defendants' motions to dismiss the ZCom Action. *See* DJ Action DE 46 at 2 (noting that, because allegations in both cases arise from the same contract, same witnesses will be deposed; therefore, "[m]oving forward with one matter, which would undoubtedly result in a 'do-over' of depositions in the second matter, <u>simply does not make sense</u>. Moreover, it would be a <u>waste of resources, time, and energy of the parties</u> as well as an <u>unnecessary burden to the non-party witnesses</u>.") (emphasis added).[4]

Indeed, judicial economy and fairness concerns are arguably even more pronounced here than in *Chen*. The ZCom Action has already been pending in federal court for over a year (since January 3, 2012). Four motions to dismiss the ZCom Action, filed under Fed. R. Civ. P. 12(b)(6), have been fully briefed since August 24, 2012, and were argued to Judge Sheridan on February 19, 2013. If this case is now remanded to the Supreme Court of New York, the parties will be back at "square one," and all of these motions will have to be re-briefed and re-argued under the CPLR.[5] It is that kind of "ping pong" litigation that the Seventh Circuit found antithetical to notions of judicial economy and fairness. *See Cunningham Charter*, 592 F. 3d at 807.

Moreover, the fact that the ZCom Action is substantively identical to the DJ Action (over which this Court indisputably has, and will continue to have, subject

---

[3] Three individual defendants in the ZCom Action are not present or former Verizon Wireless employees: Ajay Bhumitra, Shelley Bhumitra and Poonam Sawhney. Each is already a party to *Reachout Wireless, Inc. v. In Touch Wireless Concepts, Inc.*, Index No. 652587/11 (Sup. Ct., New York County, N.Y.), a pending action in the Supreme Court of the State of New York in which ZCom (but not Verizon Wireless) is also a party. In the interest of simplifying the proceedings in this Court and of achieving even greater judicial economy, Verizon Wireless would not object to having the claims against these three defendants severed and dismissed without prejudice so that they can also proceed in a single forum.

[4] ZCom's garden-variety contract and tort claims raise no comity concerns that could argue against retaining jurisdiction. *See* Background, *supra; cf. Chen*, 582 F. Supp. 2d at 604 (finding "no remaining state law issues in this case that are so novel or unique that deference to state courts is appropriate").

[5] For this reason, Verizon Wireless and ZCom have both written to Your Honor asking that these motions be ruled upon as the first order of business in this case.

The Honorable P. Kevin Castel
April 3, 2013
Page 7

matter jurisdiction) means that Your Honor will still have to resolve, in the DJ Action, the propriety of ZCom's termination (which is essentially the basis of all of ZCom's claims). Thus, remanding the ZCom Action to state court would not measurably reduce the burden on this Court. Conversely, a favorable decision on defendants' motions to dismiss the ZCom Action would resolve not only the ZCom Action, but the DJ Action as well. If one or more of ZCom's claims were to survive these motions, Your Honor could, of course, revisit the appropriateness of exercising subject matter jurisdiction at that time.

### E. ZCom's Expected Arguments Lack Merit

Verizon Wireless expects that, in its submission, ZCom will repeat its frequently-made assertion that the DJ Action was an anticipatory lawsuit and, as such, is entitled to no weight. While ZCom's argument may be relevant at it relates to venue, it is irrelevant with respect to subject matter jurisdiction. It is also false. By November 4, 2011, a concrete dispute existed as to the propriety of Verizon Wireless's without cause termination of ZCom; thus, Verizon Wireless's filing of a declaratory judgment action was altogether proper and appropriate.[6]

Verizon Wireless further expects that ZCom will claim that the Court should disregard the significance of the DJ Action because Verizon Wireless brought suit before satisfying an alleged "pre-suit notice and negotiation" requirement in the parties' agency agreement. This issue is hotly disputed, and, on May 31, 2012, Judge Sheridan denied ZCom's motion to dismiss the DJ Action on precisely this basis.

\* \* \* \* \*

For the foregoing reasons, Verizon Wireless respectfully requests that Your Honor retain jurisdiction over the ZCom Action and, at the Court's earliest convenience, rule on the pending motions to dismiss that case. Given the importance of the subject matter jurisdiction issue, we respectfully request that Your Honor hear

---

[6] Although ZCom will likely allege that Verizon Wireless encouraged ZCom's counsel, Ravi Batra, to delay filing suit in light of an upcoming medical procedure for one of its attorneys, the enclosed October 28, 2011 e-mail shows that Mr. Batra was merely asked to communicate with other Verizon Wireless counsel "to insure nothing [fell] through the cracks during [the Verizon Wireless attorney's] absence."

GREENBERG TRAURIG, LLP

The Honorable P. Kevin Castel
April 3, 2013
Page 8

argument from the parties before ruling, either at the upcoming April 15, 2013 conference or at another time convenient to Your Honor.

Respectfully submitted,

PHILIP R. SELLINGER

Enclosure

cc: Ravi Batra, Esq. (via facsimile, w/encl.)
Jeremy D. Frey, Esq. (via facsimile, w/encl.)
Leonard F. Lesser, Esq. (via facsimile, w/encl.)
David C. Berg, Esq. (via facsimile, w/encl.)