# THE LAW FIRM
## OF



**RAVI BATRA**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE DOCKETED 6/4/13
```

**THE BATRA BUILDING**  
**142 LEXINGTON AVE.**  
**NEW YORK, NEW YORK 10016**  
**212-545-1993**

RAVI@RAVIBATRALAW.COM  
FAX: 212-545-0967

April 1, 2013

Hon. P. Kevin Castel  
United States District Judge  
United States District Court for the  
   Southern District of New York  
500 Pearl Street  
New York, NY 10007-1312

    Re:   *In Touch Concepts, Inc. v. Cellco Partnership, et al*, 13 Civ. 1419 (PKC)

Dear Respected Judge Castel:

    We represent Plaintiff In Touch Concepts Inc. d/b/a Zcom ("Zcom") in the above referenced matter. We respectfully submit this letter brief in accordance with Your Honor's Order of March 20, 2013 (Docket # 72).

## QUESTIONS PRESENTED

    By Your Honor's March 20, 2013 Order, all parties were directed to simultaneously address : "(1) whether the Court continues to have subject matter jurisdiction in this case; and, (2) assuming the Court has subject matter jurisdiction, whether the Court must exercise supplemental jurisdiction over plaintiff's remaining state law claims." (Docket # 72).

    It is respectfully submitted that the Southern District of New York continues to have supplemental jurisdiction over Zcom's state law claims; however, while the exercise of such supplemental jurisdiction is discretionary, not mandatory, there is a compelling reason why it ought to be exercised: the related case, *Cellco Partnership v. In Touch Concepts*, 13 Civ. 1418 (PKC)), which has common issues of facts and law with the instant case, cannot be remanded - as it was started in federal district court. Accordingly, Zcom respectfully submits that the Court ought to exercise supplementary jurisdiction in the instant case to promote efficiency, where, as here, the Court has two related cases before it - one non-remandable and one that is remandable: (a) VZW's initial, albeit anticipatorily filed, declaratory judgment action - commenced in the District of New Jersey; and, (b) Zcom's action, removed by VZW from the Supreme Court, New York County.

## PROCEDURAL HISTORY

This case was originally filed as a proposed class action in New York County Supreme Court on December 28, 2011 (N.Y. County Index # 653635/2011). On January 4, 2012, defendants Cellco Partnership d/b/a Verizon Wireless ("VZW") and related persons and entities removed the matter to the Southern District of New York pursuant to the Class Action Fairness Act (S.D.N.Y. Case # 12 Civ. 25 (PKC)). Shortly thereafter, based at least in part on an informal letter application of the VZW defendants sent on or about January 20 2012, Your Honor transferred the case to the District of New Jersey in order to join a "first filed" declaratory judgment action that VZW had been previously commenced in that Court against Zcom on November 4, 2011 (*Cellco Partnership v. In Touch Concepts*, D.N.J. Case # 11 Civ. 6493 (PGS); S.D.N.Y. Case # 13 Civ. 1418 (PKC)).

While the matters were pending in the District of New Jersey, Zcom moved to dismiss the declaratory judgment action on the grounds, *inter alia*, that VZW had failed to abide by contractual conditions precedent (Contract at ¶¶ 14 - 14.2) for commencing suit against Zcom. (D.N.J. Docket # 14). Thereafter, VZW amended as of right to add a general allegation of compliance with pre-suit conditions as permitted by Fed. R. Civ. P. 9(c). After substantial written motion practice, and engaging oral argument in the District of New Jersey, before Hon. Peter G. Sheridan, U.S.D.J. on May 17, 2012, wherein VZW was reminded by the Court that their general claim of compliance with all conditions precedent pursuant to Fed. R. Civ. P. 9(c) had to have been made in good faith, Zcom's motion to dismiss was denied on May 31, 2012 - with leave to renew the argument in a motion for summary judgment after "some discovery" regarding VZW's non-compliance with contractual pre-suit notice requirements (D.N.J. Docket # 41). By letter application, VZW then secured an Order from Hon. Tonianne J. Bongiovanni, the Magistrate Judge supervising disclosure, staying discovery in both matters until after motions to dismiss Zcom's own lawsuit were decided. (D.N.J. 2011 Docket # 46; 2012 Docket # 50). Zcom sought reconsideration of Judge Bongiovanni's Order to the extent that it stayed disclosure in the declaratory judgment matter, which was denied. (D.N.J. 2011 Docket # 51). Thereafter, Zcom timely moved to appeal the stay of discovery to the District Judge, who had specifically envisioned "some discovery" in the May 31, 2012 Order (D.N.J. 2011 Docket # 52). That fully briefed motion now awaits Your Honor's determination - a motion that is properly decided by a federal district court. Indeed, after "some discovery" on Fed. R. Civ. P. 9(c) matters, Zcom's motion for, *inter alia*, summary judgment dismissal would best be decided by federal court, as a federal court is in the best position to expound on federal civil procedure jurisprudence, including application of Fed. R. Civ. P. 9(c).

While the twin cases were in New Jersey, Zcom amended its complaint, with agreement of the parties - including a withdrawal of its class action claims (D.N.J. 2012 Docket # 37). Thereafter, in lieu of answering, each defendant interposed a motion to dismiss (D.N.J. 2012 Docket ## 45-48). Those motions - which were fully briefed and orally argued before District Judge Sheridan on February 19, 2013 (*see* Tr. at D.N.J. 2012 Docket # 67) - are also pending determination by Your Honor. It was shortly after oral argument that on February 26, 2013, Judge Sheridan issued a Draft Memorandum Decision, wherein he indicated that he was considering transferring both cases to the Southern District of New York and invited objections. (D.N.J. 2012 Docket # 63-1). At a telephonic

hearing on March 7, 2013, Judge Sheridan confirmed that the reason he had issued a Draft Memorandum Decision and not an Order was due process concerns of VZW not having been heard on venue transfer, but given VZW's submission of a proposed Venue Transfer Order (D.N.J. 2012 Docket # 64-1), the Court signed same (D.N.J. 2012 Docket # 65; *see also* Tr. at D.N.J. 2012 Docket # 69).

## LEGAL ANALYSIS

When first commenced in New York County Supreme Court, Zcom's action sought class action relief in accordance with Article 9 of the New York Civil Practice Law and Rules - the New York analogue to Fed. R. Civ. P. 23. Accordingly, at commencement the action was a class action. 28 U.S.C. § 1711(2); 28 U.S.C. § 1332(d)(1)(B). *See also Coll. Of Dental Surgeons Of Puerto Rico v. Connecticut Gen. Life Ins. Co.*, 585 F.3d 33, 39-40 (1st Cir. 2009) ("[t]o satisfy CAFA's definition of a class action, a case need only be 'filed under' either Federal Rule of Civil Procedure 23 or some state-law analogue of that rule"). As the complaint stated a valid class action at the time of its removal from New York state court to federal court, Zcom agrees that removal was proper. *Std. Fire Ins. Co. v. Knowles*, — U.S. —, — S.Ct. —, 2013 WL 1104735 (March 19, 2013) ("CAFA, however, permits the federal court to consider only the complaint that the plaintiff has filed, *i.e.*, this complaint, not a new, modified (or amended) complaint that might eventually emerge"). *See also DNJ Logistic Group, Inc. v DHL Exp. (USA), Inc.*, 727 F Supp 2d 160, 165 (E.D.N.Y. 2010) (Trager, J.); *MBIA Ins. Corp. v Royal Bank of Can.*, 706 F Supp 2d 380, 395 (S.D.N.Y. 2009) (Karas, J.).

After removal, and after careful consideration, Zcom determined that this matter was not appropriately pursued as a class action. Therefore, without burdening any Court (state or federal), or requiring motion practice of its adversaries, in the best of faith Zcom amended its complaint to voluntarily withdraw *inter alia*, claims for class action relief. However, Zcom respectfully concedes that because, in good faith, Zcom commenced the action as a "class action," and the parameters set forth in 28 U.S.C § 1332(d) and § 1453 were then met, removal by VZW to the Southern District of New York was proper when done.

The Supreme Court has firmly held that remand pursuant to 28 U.S.C. § 1367(c), after all federal claims have been disposed of, is <u>not</u> grounded in a lack of subject matter jurisdiction. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638-639 (2009). In that same holding, the High Court affirmed the principle that "[a] district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Id.* at 639 (citing, 28 U.S.C. § 1447(c); *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Supreme Court concluded that , "[28 U.S.C.] § §1367(a) and (c) provide a basis for subject-matter jurisdiction over any properly removed state claim." *Carlsbad Tech., Inc.*, 556 U.S. at 641 (*citing, Osborn, supra; Arbaugh, supra*). It is therefore respectfully submitted that Zcom's subsequent decision to withdraw its class action claim, made after VZW's removal, and after conferral with counsel for its adversaries - including VZW, did not retroactively deprive the federal courts of subject matter jurisdiction - since the federal courts had jurisdiction upon

removal. *See e.g. St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *Yong Qin Luo v. Mikel*, 625 F3d 772, 776 (2d Cir. 2010). To the contrary "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell Intern. Corp. v. United States*, 549 U.S. 457, fn. 6 (2007) (*citing, Carnegie- Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); *St. Paul Mercury Indem. Co., supra*). Notwithstanding that withdrawal of the class action claims created a basis to remand the case, so as to make abundantly clear that Zcom's amendment was in good faith, it has not sought such relief.

The Northern District of Texas has specifically considered whether an amendment to withdraw a class action claim deprives the District Court of jurisdiction, finding that it does not. *Garcia v Boyar & Miller, P.C.*, 2007 WL 1556961, *5 - *7 (N.D. Tex 2007) (Fitzwater, J.). Similarly, in the Central District of Illinois, the District Court found that when removal is proper pursuant to CAFA, a "subsequent reduction in the amount in controversy and elimination of the class claims does not remove that diversity jurisdiction." *Genenbacher v CenturyTel Fiber Co. II, LLC*, 500 F. Supp. 2d. 1014, 1015 (C.D. Ill. 2007) (Scott, J.). While there is surely a split amongst the District Courts, given that the Supreme Court has now held that a class action plaintiff's attorney stipulating to cap the amount of damages to below CAFA's jurisdictional threshold would not deprive the federal court of jurisdiction (*Std. Fire Ins. Co., supra*), it appears that the District Court may maintain supplemental jurisdiction even after there is no longer a class action. *See also e.g. St. Paul Mercury Indem. Co., supra.*

Because there was federal jurisdiction when the case was removed, Zcom's withdrawal of its class action claim is akin to the District Court dismissing the claims over which it had original jurisdiction. Pursuant to 28 U.S.C.§ 1367(c)(3), "the district courts may decline to exercise supplemental jurisdiction over a claim . . . if. . . the district court has dismissed all claims over which it has original jurisdiction" (emphasis added). Accordingly, while the District Court has discretion to remand the state law claims back to the state court from which they originated, as it "may" decline to continue its exercise of jurisdiction, the statute does not provide for mandatory remand (*i.e.* it does not read "shall" or "must"). Furthermore, in the instant matter, the federal judiciary has already expended much time in supervising the litigation, including overseeing dispositive motion practice in the related declaratory judgment action, overseeing and hearing argument in the pending motions to dismiss Zcom's claims, and issuing orders related to discovery - one of which, in the related Case, 13 Civ. 1418, remains the subject of a motion which is *sub judice.*

Zcom has, and continues to urge, consistent with the observations of District Judge Sheridan in New Jersey, that this case raises novel issues of New York State law. Accordingly, Zcom is obliged to inform this Honorable Court that one of the circumstances enumerated by Congress affording the District Court discretion to decline to exercise supplemental jurisdiction is when, as here, a "claim raises a novel or complex issue of State law." 28 U.S.C.§ 1367(c)(1). However, even when any of the factors set forth in 28 U.S.C.§ 1367(c) are present, "the court should exercise supplemental jurisdiction if doing so would promote judicial 'economy, convenience, fairness, and comity.'" *Guan Ming Lin v. Benihana New York Corp.*, 2012 WL 7620734 (S.D.N.Y. 2012) (Francis, M.J.), *report and recommendation adopted*, 2013 WL 829098 (S.D.N.Y. 2013) (Abrams, J) (*citing, Jones v. Ford*

*Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004); *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446-447 (2d Cir. 1998)). It is respectfully submitted that this is such a case where "despite the dismissal of the federal claim, judicial economy and convenience favor[ ] retention of jurisdiction." *Raucci v Town of Rotterdam*, 902 F.2d 1050, 1055 (2d Cir. 1990).

Notably, applying *Carnegie- Mellon Univ., supra* and its interplay with 28 U.S.C.§ 1367, Judge Rakoff found that when there are two related actions pending, and the federal claims are dismissed in one, the Court may still retain supplemental jurisdiction. *Fei Hang Chen v. Jing Fong Rest., Inc.*, 582 F. Supp. 2d 602 (S.D.N.Y. 2008) (Rakoff, J.). Furthermore, because VZW commenced their declaratory judgment action in federal court, the District Court has to retain jurisdiction over that action as it "is without the constitutional or statutory authority to remand, remove, or transfer this case to a state tribunal given that it was initiated in federal court." *Schiffman v. Epstein*, 2009 WL 1787760, * 1 (S.D.N.Y. 2009) (Robinson, J.) (*adopting report and recommendation* (Smith, M.J.)). *See also E. Sav. Bank, FSB v. Estate of Kirk*, 821 F Supp 2d 543, 545 (E.D.N.Y. 2011) (Hurley, J.). There are common issues of law and fact in both of these related cases, including, the "novel issue" of law Judge Sheridan identified Zcom was rasing is also present in VZW's DJ action. Since, the court cannot remand the DJ action as it was started in district court, it is respectfully submitted that "judicial 'economy, convenience, fairness, and comity'"will be promoted only with Your Honor exercising supplemental jurisdiction over Zcom's action as well.

## CONCLUSION

It is therefore respectfully submitted that because federal jurisdiction was proper at the time of removal, this Honorable Court can, and should, retain supplemental jurisdiction over state law claims, not remand this case to State Court and hear it along with the non-remandable declaratory judgment action commenced in federal court by VZW. See 28 U.S.C. § 1367(c); *Carnegie- Mellon Univ., supra; Clement v United Homes, LLC*, 2012 WL 6720701 (E.D.N.Y. 2012) (Mauskopf, J.).

We appreciate Your Honor's consideration of these matters.

Respectfully submitted,
THE LAW FIRM OF RAVI BATRA, P.C.
*Attorneys for In Touch Concepts, Inc.*

Ravi Batra (RB 4299)
Todd B. Sherman (TS 4031)
142 Lexington Avenue
New York, NY 10016
(212) 545-1993
ravibatralaw@aol.com

cc:
All counsel

InTouchConcepts\040113JudgeCastellLtrBrief

Page 5 of 5