# SIMON■LESSER PC

Leonard F. Lesser
212.599.0360
llesser@simonlesser.com

Simon■Lesser PC
Counsellors at Law
420 Lexington Avenue
New York, New York 10170
T: 212.599.5455
F: 212.599.5459

April 3, 2013

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE DOCKETED : 6|4|13
```

**By Fax: 212.805.7949**
Chambers of Hon. P. Kevin Castel
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *In Touch Concepts, Inc. d/b/a Zcom v. Cellco Partnership d/b/a Verizon Wireless et al.*,
     **13-cv-1419 (PKC)**

Dear Judge Castel:

We represent defendants Shelly Bhumitra ("Shelly") and Poonam Sawnhey ("Poonam") in this (the "Action") and submit this letter brief pursuant to Your Honor's March 20, 2013 Order directing each of the parties to address: (1) whether the Court continues to have subject matter jurisdiction over this Action; and (2) if so, whether the Court must exercise supplemental jurisdiction over plaintiff In Touch Concepts, Inc. ("ITC")'s state law claims.

## Procedural Background

### A.    Initial New York State Case

- On September 20, 2011, a class action lawsuit was commenced in New York State Supreme Court by Shelly and Poonam's companies, Reachout Wireless, Inc. ("RWI") and American Candy, Inc. ("ACI"), two former sub-agents of ITC, against ITC and its principal, Vikas Dhall under the caption *Reachout Wireless, Inc. et al. v. In Touch Wireless Concepts, Inc. et al.*, Index No. 652587/2011 (the "State Case").

- On January 12, 2012, ITC filed counterclaims in the State Case against RWI, ACI, and also named as additional defendants to those Counterclaims, Shelly, Poonam, and Shelly's brother, Ajay Bhumitra ("Ajay"), who is also a named defendant in this Action. ITC's counterclaims in the State Case assert the same underlying allegations against Shelly, Poonam, and Ajay that ITC asserted in this Action.

- On April 26, 2012, Shelly, Poonam, RWI and ACI filed their motions to dismiss the claims asserted against them by ITC in the State Case. On August 9, 2012, Judge Charles Ramos granted the motion and dismissed most of ITC's claims against Shelly, Poonam, RWI and ACI.

# SIMON■LESSER PC

Hon. P. Kevin Castel
April 3, 2013
Page 2

- On October 1, 2012, ITC filed amended counterclaims against Shelly, Poonam, RWI and ACI. On December 7, 2012, Shelly, Poonam, RWI and ACI filed their motions to dismiss ITC's amended counterclaims, which are pending before Judge Ramos.

### B.   The Instant Action

- On December 28, 2011, ITC filed this Action in the New York State Supreme Court against twenty-five (25) defendants, including Shelly, Poonam and Ajay, with an initial complaint containing class action claims against most of the Verizon defendants (the "Class Action Claims") except for Shelly, Poonam, and Ajay, against whom ITC asserted two (2) state law claims: tortious interference with prospective contractual relations and injurious falsehoods.

- On January 3, 2012, the Verizon defendants removed the Action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)("CAFA"). By Order of this Court dated January 24, 2012, this Action was transferred to the District of New Jersey.

- On May 5, 2012, ITC filed its First Amended Complaint wherein it withdrew all of its class action allegations. Although the First Amended Complaint also discontinued claims against several of the parties ITC originally named as defendants in its original pleading, it otherwise chose not to discontinue its two claims against Shelly, Poonam, and Ajay based upon the same underlying allegations asserted by ITC against Shelly, Poonam, and Ajay in the initial and still pending State Case.

- Each of the defendants in this Action, including Shelly and Poonam, filed motions to dismiss the Amended Complaint in this Action. Shelly and Poonam's motion to dismiss was filed on June 22, 2012.

- On March 1, 2013, the Action was transferred back to this Court.

### Subject Matter Jurisdiction

With regard to the question of whether this Court has subject matter jurisdiction over this Action, we defer to that portion of the letter brief filed by Greenberg Traurig LLP, counsel for the Verizon defendants (the "Verizon Letter Brief") that recites the applicable law by which "the propriety of federal subject matter jurisdiction is determined based on circumstances that exist at the time of filing" and that "subsequent events do not automatically divest a district court of jurisdiction." *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001).

# SIMON■LESSER PC

Hon. P. Kevin Castel
April 3, 2013
Page 3

## Supplemental Jurisdiction

In *Mann v. Daniels*, No. 10 Civ. 7540, 2011 U.S. Dist. LEXIS 62098 (S.D.N.Y. June 8, 2011)(Castel, P. K.), this Court reviewed the applicable standards for exercising supplemental jurisdiction over state law claims where the original basis for federal subject matter jurisdiction has been eliminated:

> Section 1367(c)(3) states that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." Although section 1367(c)(3) is couched in permissive terms, the Second Circuit has made clear that the Court's discretion is not boundless. In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts balance the values of judicial economy, convenience, fairness, and comity — the *Cohill* factors. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims."

*Id.*, at 12-14 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

This is particularly true where the case is at an early stage of the litigation. *See Hollander v. Flash Dancers Topless Club*, 340 F. Supp. 2d 453, 463 (S.D.N.Y. 2004)(Castel, P. K.), *aff'd*, 173 Fed. Appx. 15 (2d Cir. 2006)("While district courts are capable and are bound to apply the state law to claims, needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. This is especially true where neither the courts nor the parties have yet invested time or other resources in conducting discovery or otherwise preparing this case for trial.").

Based upon these principles, this Court should decline to exercise jurisdiction over the state law claims asserted against Shelly and Poonam in this Action to avoid the inherent duplication of discovery, depositions, as well as potentially inconsistent rulings. *See McConnell v. Costigan*, No. 00 Civ. 4598, 2000 U.S. Dist. LEXIS 16592, at *16 (S.D.N.Y. Nov. 14, 2000)("Moreover, the evidence presented on these claims will duplicate that required in the pending state court action . . . . Given that plaintiffs are already in state court addressing these issues, it would be a waste of limited judicial resources to address the same issues in this federal action. For these reasons, I decline to exercise supplemental jurisdiction over the state law claims."); *see also High Liner Foods (USA), Inc. v. Louis Food Serv. Corp.*, No. 06 Civ. 5760, 2008 U.S. Dist.

# SIMON▪LESSER PC

Hon. P. Kevin Castel
April 3, 2013
Page 4

LEXIS 25261, at *8 (S.D.N.Y. Mar. 13, 2008)(Castel, P. K.)("Having heard the parties on the issue and having balanced the *Cohill* factors, this Court declines to exercise supplemental jurisdiction. This municipal contracting dispute among non-diverse parties and raising only state-law claims ought to be litigated in the Courts of the State of New York.").

Respectfully submitted,

Leonard F. Lesser

cc: All counsel of Record (by e-mail)