# LAW OFFICES OF DAVID C. BERG

425 Madison Avenue, 19th Floor
New York, New York 10017-1110

Tel: (212) 829-0400
Fax: (212) 829-9398

www.dberglaw.com

```
USDS SDNY
DOCUMENT
ELECTRONICALLY
DOC #: _____
DATE DOCKETED: 6/4/2013
```

April 3, 2013

**VIA FACSIMILE ((212) 805-7949)**
The Honorable P. Kevin Castel
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **In Touch Concepts, Inc. v. Verizon Communications, Inc. et. al.,
Index No. 1:13-cv-01419**

Dear Judge Castel:

This firm is legal counsel to Ajay Bhumitra ("Ajay"), a defendant in the above-referenced action (the "Action"). We submit this letter brief pursuant to Your Honor's March 20, 2013 Order (the "March 20 Order") which directed each of the parties to address: (1) whether the Court continues to have subject matter jurisdiction over this Action; and (2) assuming that the Court does have subject matter jurisdiction over the Action, whether the Court must exercise supplemental jurisdiction over plaintiff In Touch Concepts, Inc. d/b/a ZCOM's ("ZCOM") remaining state law claims.

By way of brief procedural background, (a) on or about September 27, 2011, Reachout Wireless, Inc. and American Candy, Inc., two former sub-agents of ZCOM, commenced an action in the Supreme Court of the State of New York, County of New York, against ZCOM and its principal, Vikas Dhall ("Dhall") entitled *Reachout Wireless, Inc. et al. v. In Touch Wireless Concepts, Inc. et al.*, Index No. 652587/2011 (the "State Case"). Ajay is not a party to the main action in the State Case; (b) on or about December 28, 2011, ZCOM filed the instant Action in the Supreme Court of the State of New York, County of New York against twenty-five (25) defendants, including Ajay, with an initial complaint containing class action claims against most of the defendants (the "Class Action Claims") except for Ajay, against whom ZCOM solely asserted two (2) baseless state law claims: tortious interference with prospective contractual relations and injurious falsehoods (the "Ajay Claims"); (c) on or about January 4, 2012, the Action was removed to this Court by defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") pursuant to CAFA; (d) on or about January 12, 2012, ZCOM and Dhall added Ajay to the State Case by filing counterclaims against, *inter alia*, Ajay therein, which were based upon the same purported facts as asserted by ZCOM in the Action and, in many respects, duplicative of the Ajay Claims; (e) on January 24, 2012, Your Honor transferred the Action to the United States District Court for the District of New Jersey; (f) on or about May 5, 2012, ZCOM filed an

LAW OFFICES OF DAVID C. BERG

amended complaint in the Action (the "Amended Complaint") in which it withdrew the Class Action Claims and maintained, *inter alia*, the Ajay Claims; (g) each of the defendants filed motions to dismiss the Amended Complaint including Ajay who filed a motion to dismiss the Ajay Claims ("Ajay's MTD"); and (h) on March 1, 2013, the Action was transferred back to this Court by Judge Sheridan.

With regard to the question of whether this Court has subject matter jurisdiction over this Action, we defer to that portion of the letter brief filed by Greenberg Traurig, counsel for the Verizon defendants (the "Verizon Letter Brief") that recites the applicable law by which the propriety of federal subject matter jurisdiction is determined based on circumstances that exist at the time of filing and that subsequent events do not automatically divest a district court of jurisdiction. *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004).

With respect to the question of whether the Court must exercise supplemental jurisdiction over ZCOM's pendent state law claims (including the Ajay Claims), where "the basis for federal jurisdiction...rests on [CAFA], and since all class claims have been [withdrawn]....any surviving individual claims rest on this Court's supplemental jurisdiction pursuant to 28 U.S.C. 1367(a)" and "a district court has the discretion to decline to exercise supplemental jurisdiction over state claims after the dismissal of all claims over which it had original jurisdiction." *Oskar v. IDS Property Cas. Ins. Co.*, No. 09-CV-04516, 2011 WL 1103905, at *7 (E.D.N.Y. March 23, 2011); *High Liner Foods (USA), Inc. v. Louis Food Serv. Corp.*, No. 06 Civ. 5760, 2008 WL 754676, at *1-2 (S.D.N.Y. Mar. 13, 2008)(Castel, J.).

The "justification for exercising supplemental jurisdiction 'lies in considerations of judicial economy, convenience and fairness to litigants.'" *Oskar*, 2011 WL 1103905, at *7 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)). Where as here, "judicial economy, convenience and fairness to litigants...are not present a federal court should hesitate to exercise jurisdiction over state claims." *Id.* Indeed, "[i]n the usual case", such as the present Action, when the basis for federal jurisdiction is eliminated before trial, the above factors "point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1998)); *Hollander v. Flash Dancers Topless Club*, 340 F. Supp. 2d 453, 463 (S.D.N.Y. 2004)(Castel, J.)("Because this Court has dismissed all federal causes of action...the court declines to exercise supplemental jurisdiction over the state law causes of action...Judicial economy, fairness, convenience and comity will be served best by declining to exercise supplemental jurisdiction over the remaining state law claims and, accordingly, they are dismissed.")(internal citations omitted), *aff'd*, 173 Fed. Appx. 15, 2006 WL 267148 (2d Cir. 2006).

In the State Case, Justice Ramos has already dismissed several of ZCOM's and Dhall's counterclaims, including their tortious interference with contract claim against Ajay, which was dismissed *with prejudice*. There is also a pending motion to dismiss the amended claims against Ajay, and the parties have otherwise already served discovery requests and exchanged certain responsive materials. Therefore, in light of the foregoing, we respectfully submit that principles

The Honorable P. Kevin Castel
Page 3 of 3

LAW OFFICES OF DAVID C. BERG

of judicial economy, convenience and fairness compel this Court to "declin[e] to exercise supplemental jurisdiction" over, *inter alia*, the Ajay Claims so as to avoid the inherent duplication of, *inter alia*, discovery, depositions and trials which would otherwise ensue in these two redundant cases against Ajay. *Oskar*, 2011 WL 1103905, at *7.

Respectfully submitted,

David C. Berg

DCB:ms