USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-20-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CELLCO PARTNERSHIP,

                    Plaintiff,                    13 Civ. 1418 (PKC)

                    -against-

IN TOUCH CONCEPTS, INC.,                              ORDER

                    Defendant.
-----------------------------------------------------------------x
IN TOUCH CONCEPTS, INC.,

                    Plaintiff,                    13 Civ. 1419 (PKC)

                    -against-

CELLCO PARTNERSHIP, et al.,

                    Defendants.
-----------------------------------------------------------------x
CASTEL, District Judge:

         I have plaintiff's counsel's letters of June 26, 2013, November 19, 2013 and November 20, 2013 and defendants' counsel's letter of November 19, 2013, which I consider in the context of all prior proceedings.

         In explicit and unambiguous terms, the Court's Memorandum and Order of June 4, 2013 gave the plaintiff 20 days to move to amend the complaint:

> Within twenty (20) days of this Memorandum and Order, Zcom must move for leave to replead and annex the proposed amended pleading. Again, the Court cautions Zcom to comply with the pleading requirements set out in Rule 8(a), Fed. R. Civ. P. Any proposed amended pleading may not exceed 30 pages.

(Memorandum and Order of June 4, 2013 at 60.)

By the Court's calculation, the time to move to amend expired on June 24, 2013. Rule 6(a), Fed. R. Civ. P. ("The following rules apply in computing any time period . . . in any . . . court order. . . .") On June 26, 2013 at 5:33 p.m., plaintiff's counsel faxed a letter to Chambers seeking an extension of the then-expired period to file a motion to amend. The belated letter made no mention that the time period had expired and did not comply with the undersigned's Individual Practices that required that "[a]ll requests for adjournments or extensions of time must state (1) the original date. . . ." (Individual Practices at 1.C.)

Once the time for compliance has expired, Rule 6(b)(1)(B), Fed. R. Civ. P., requires that the party seeking the out-of-time extension demonstrate "excusable neglect." Plaintiff's letters of June 26, November 19 and November 20 do not purport to do so. The plaintiff, In Touch Concepts, Inc., is a sophisticated entity represented by counsel presenting claims arising out of a soured commercial relationship. Neither the interests of justice nor the terms of Rule 6(b)(1)(B) counsel in favor of a further extension of the expired time period.

The Court will adjourn, at counsel's request, the December 20, 2013 conference until January 10, 2014 at 2 p.m. Because the action is soon approaching the two year mark as measured from its original commencement in state court and discovery has not yet commenced, the Court directs that the parties commence discovery immediately. Rule 26(a), Fed. R. Civ. P., disclosures shall be made within 14 days of this Order. All fact discovery shall be concluded by May 1, 2014 and all expert discovery shall be concluded by June 13, 2014.

The Clerk is directed to administratively close 13 Civ. 1418 and all proceedings therein are consolidated with those in 13 Civ. 1419 and letter motions DE 95 and 96 are terminated.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
November 20, 2013