USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: /2-2-/3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN TOUCH CONCEPTS, INC.,

       Plaintiff,        13 Civ. 1419 (PKC)

  -against-

                 ORDER

CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESS, et al.,
,
       Defendants.
-----------------------------------------------------------------x
CASTEL, District Judge:

   The undersigned is in receipt of plaintiff's counsel's letters of November 26 and 27, 2013, which will be treated as a motion to reconsider the Court's Order of November 27, 2013.

   To recap, plaintiff filed a prolix pleading of 175 pages, which violated Rule 8(a), Fed. R. Civ. P. Generously, the Court did not outright dismiss the pleading as prolix and violative of Rule 8(a). Instead, on June 4, 2013 this Court granted in part and denied in part the defendants' motion to dismiss and severed and remanded claims against certain parties. This Court also ordered as follows:

> Within twenty (20) days of this Memorandum and Order, Zcom must move for leave to replead and annex the proposed amended pleading. Again, the Court cautions Zcom to comply with the pleading requirements set out in Rule 8(a), Fed. R. Civ. P. Any proposed amended pleading may not exceed 30 pages.

Memorandum and Order of June 4, 2013 at 60.

   Plaintiff failed to comply with the judicial mandate of June 4. In the present motion to reconsider, plaintiff argues that the Verizon defendants were in default either within 14 days of the June 4 Order or 14 days from the date the plaintiff failed to move to amend as

required by the Court. While Rule 12(a)(4)(A), Fed. R. Civ. P., ordinarily would have required a responsive pleading within 14 days of the denial of the motion to dismiss as to the two surviving fraud claims, the Court ordered otherwise in its June 4 Order.

Implicit in the Court's direction that Zcom "must move for leave to replead" was that the defendants need not answer the existing pleading. The existing pleading was to be replaced with one that was short and plain as required by Rule 8(a). Plaintiff's conduct in disobeying the Court's Order created the circumstance which deprived plaintiff of an answer from the Verizon Wireless defendants on the two surviving counts.

Plaintiff's moved to reconsider the June 4, 2013 Memorandum and Order. In the "Background" section of the Court's November 18, 2013 Memorandum and Order denying the motion, the Court noted in passing that "The Court directed Zcom to move to replead within twenty days. Zcom has not done so and the time to do so has expired." Memorandum and Order of November 18, 2013 at 2.

Plaintiff further argues that defendant should have filed its answer within 14 days of the November 18 Order. But plaintiff's motion to reconsider did not address the timing of its compliance with the June 4 Order insofar as a motion to amend was required and hence the Court's observation in the "Background" section was not essential to its holding. Plaintiff understood this and thereafter on November 19, 2013 sought until December 6, 2013 to file the motion to amend that it was required to have filed within 20 days of June 4. The Court denied this application in a written order on November 20, 2013. At this point, the record was clear there would be no amendment to the complaint and on November 27, 2013, the Court granted the Verizon defendants application for an extension of time to answer, setting the date as January 2, 2014.

At bottom, plaintiff's claim is that there is something unfair in not holding the defendants in default, yet not allowing plaintiff to amend its pleading. But there are important distinctions. Plaintiff failed to comply with an unambiguous Court order and has not shown good cause for its failure to comply. It would be a stark departure from precedent to hold that a party may appropriate to itself a stay of compliance with a judicial order by the unilateral act of filing a motion to reconsider.

The letter motions filed November 26, 2013 (Dkt 99) and November 27, 2013 (Dkt 101) are denied.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 2, 2013