

**THE LAW FIRM**
**OF**

**RAVI BATRA**

---

**THE BATRA BUILDING**  **RAVI@RAVIBATRALAW.COM**
**142 LEXINGTON AVE.** **FAX: 212-545-0967**
**NEW YORK, NEW YORK 10016**
**212-545-1993**

December 31, 2013

**Via ECF**
Hon. P. Kevin Castel
United States District Judge
United States District Court Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *In Touch Concepts, Inc. v. Cellco Partnership, et al*, 13 Civ. 1419 (PKC)

Dear Respected Judge Castel:

We represent Plaintiff In Touch Concepts, Inc. d/b/a Zcom and write pursuant to Your Honor's Individual Practice 2(A)(1) regarding Zcom's anticipated motion for recusal pursuant to 28 USC §455(a) ("§455(a)"), to be made within 30 days upon grant of leave. That Zcom is compelled to seek §455(a) relief in no way reflects upon an admitted fact that Your Honor is a long-serving and distinguished Judge in and for the Southern District of New York. Indeed, relying upon such attributes is why Zcom seeks such relief without fear of causing retaliatory judicial animus.

As the §455(a) standard for recusal includes circumstances "in which [a Judge's] impartiality might reasonably be questioned," given the aggregate of certain statements and orders made by Your Honor during proceedings in the District Court, including, an anticipatory "related case" designation, Zcom's anticipated motion is appropriate. In addition, a recent amendment to Rule 13 of the Local Rules for the Division of Business Among District Judges ("Rule 13"), effective January 1, 2014, and its Comment makes clear that "the desirability of enriching the development of law by having a plurality of judges examine in the first instance common questions of law" to be at least as valuable as traditional "efficiency." As the Second Circuit found, "as other circuits have correctly noted, 'if the question of whether "§ 455(a) requires disqualification is a close one, the balance tips in favor of recusal."' *In re Reassignment of Cases*, 736 F.3d at 123-124 (2d Cir. 2013) *quoting*, *In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir.2001) (*quoting*, *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir.1995) (*and citing, United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir.1993). Accordingly, by Zcom's proposed motion it shall respectfully seek Your Honor's recusal, vacatur of certain Orders issued by Your Honor and an Order directing the Clerk of the Court to randomly reassign the case as is appropriate "[in] the interest, and

appearance, of fair and impartial administration of justice" (*Ligon v. City of New York*, — Fed. Appx. —,  2013 WL 5835441 (2d Cir. Oct. 31, 2013) *superseded in part sub nom. In re Reassignment of Cases*, 736 F.3d 118 (2d Cir. 2013)).

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a). The Second Circuit recently held that § 455(a) "embodies the principle that 'to perform its high function in the best way justice must satisfy the appearance of justice.'" In re Reassignment of Cases, 736 F.3d at 123 *quoting*, *In re Murchison*, 349 U.S. 133, 136 (1955) (*quoting, Offutt v. United States*, 348 U.S. 11, 14 (1954)).   Notably, in *Murchison* the Supreme Court further held that "[s]uch a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties." *Id.*.

Critically, Zcom makes no allegation of actual misconduct, actual bias or actual partiality on behalf of Your Honor; however, it is respectfully submitted that an aggregate review of the record would cause a reasonable observer to question Your Honor's impartiality.   Indeed, a recent flurry of Orders, have caused the entirety of the record to be viewed by a reasonable observer in a new light - appearance of the lack of impartiality. Those recent Orders are dated:

     a.    November 18, 2013 (D.E. 93) (denying reconsideration, while admitting its June 4, 2013 Order's (D.E. 87) assumption was error, and ignoring critical evidence of Verizon's course of performance which supported Zcom's contention of wrongful termination of a non-at-will contract with a bland Footnote 3 that hinders appellate review, constricting the implied covenant while admitting that its reach is expanding in New York, and *inter alia*, gutting Judge Sheridan's identification of Zcom's claim as a "novel" issue of New York contract law - that Verizon's exercise of contract clause 8.8 termination, with or without cause, must be in good faith and with fair dealing as the predicate contract is not an at-will contract);

     b.    November 20, 2013 (D.E. 97) (denying Zcom's twin letters, dated November 19 (D.E. 95) and 20 (D.E. 96), caused by the November 18, 2013 Order (D.E. 93), again requesting Zcom be granted the opportunity to re-plead given the liberality of Rule 15, as the June 4, 2013 Order (D.E. 87) directed a motion to re-plead within 20 days (*i.e.* by June 24, 2013), and Zcom had: (i) on June 14, 2013 sent an email to defense counsel seeking a stipulation that Zcom's time to re-plead occur after the determination of Zcom's  then-to be filed reconsideration motion - with Verizon taking no position and Verghese not responding; (ii) a timely call to Your Honor's Chambers on June 24, 2013 inquiring about delaying the re-plead motion until reconsideration-determination; and, (iii) writing to Your Honor on June 26, 2013, as instructed by Chambers, formally seeking an enlargement of time to seek to re-plead should same have proven necessary (*see* D.E. 95-1, 96-1).  Indeed, this November 20, 2013 Order chastised Zcom for allegedly *not* complying with Your Honor's  Individual Practice 1(C), when the June 26, 2013 letter plainly stated that Your Honor's June 4, 2013 Order "provided that Zcom may seek leave to further amend its complaint within 20 days[,]" and further termed Zcom's letter as allegedly "belated," as it was filed 2 days after June 24, 2013, even though the undersigned had timely contacted Chambers on June 24, 2013 and, as instructed, sent the June 26, 2013 letter - which stated that "on June 14th I made a written request, by e-mail, to defendants' counsel, seeking their consent..."; this Order went

on to cite the need for "excusable neglect" and Fed. R. Civ. P. 6(b)(1)(B) for "an out-of-time party seeking an extension," when Zcom had acted timely or alternatively, given the timely email to defense counsel on June 14, 2013, a timely reconsideration motion on June 18, 2013, a timely call to Chambers on the 20th day - June 24, 2013 with an inquiry - does the Judge need a separate letter to extend time to amend or is the prior reconsideration motion enough given one defense counsel's non-response to a proposed stip - upon being instructed to send a letter, a letter was sent on June 26, 2013, the 22nd day - equals excusable neglect *per se*, yet, the Court ignored same. This Order also did violence to the guidance given by the Second Circuit which argues that in instances like those at bar the matter ought be remanded to state court, with amendment permitted. *See Williams v. Citigroup Inc.*, 659 F.3d 208, n. 4 (2d Cir. 2011);

        c.      November 26, 2013, but docketed November 27, 2013 (D.E. 100)[1] (*over-*granting Verizon's after-hours November 26, 2013 bifurcated request, filed at 5:33pm, for additional time to answer Zcom's FAC (D.E. 98), with *more* time than requested by: (i) ignoring Verizon being in default since July 9, 2013 for 141 days - not a mere "2 days" for Zcom; (ii) ignoring Verizon, as "an out-of-time party seeking an extension" needing to show "excusable neglect," per Fed. R. Civ. P. Rule 6(b)(1)(B); (iii) ignoring Zcom's lightening fast opposition letter filed within 1 hour and 45 minutes on November 26, 2013 at 7:18pm, relying upon the reasoning stated in Your Honor's November 20, 2013 Order; (iv) ignoring Your Honor's own November 20, 2013 Order; and, (v) damaging Zcom's rights, pursuant to the adversarial system, for notice and opportunity to oppose before the Court makes a determination); and,

        d.      December 2, 2013 (D.E. 103) (glossing over the issues raised by Zcom's letter of November 27, 2013 (D.E. 101) while lumping the prior Zcom lightening fast letter of November 26, 2013 (D.E. 99) denied Zcom's requested relief, holding a motion for reconsideration and a timely telephone call to chambers and a follow-up letter requesting time to amend run after reconsideration is decided as "[it] would be a stark departure from precedent to hold that a party may appropriate to itself a stay of compliance with a judicial order by the unilateral act of filing a motion to reconsider[,]" while ignoring the Court's apparent violation of its own Individual Practices at 1(A) by its same-day grant of Verizon's after-hours request to *evade* default and seek additional time to answer, despite Zcom's lightening fast opposition, and win a judicial lottery of ignoring Verizon's 141-day default as well as the mandate of Fed. R. Civ. P. 6(b)(1)(B) that Verizon proffer even an ineligible excuse, let alone "excusable neglect." This Order, refers to the Court as being "generous" to Zcom, after inexplicably transferring Zcom's case to New Jersey, despite the admitted-by-Verizon that its first-filed case was "an anticipatory filing," and hence, "special circumstances" barred the transfer - but one that cost Zcom over 1 year and 1 month before Judge Sheridan transferred the case back on March 1, 2013 (D.E. 65), at enormous cost and prejudice to Zcom, while delaying dispute resolution).

---

      [1]Either the handwritten date of November 26, 2013 is wrong and the Clerk docketed it on same-day, or the handwritten date is correct and the Clerk docketed it the next day, but then Your Honor violated your own Individual Practices at 1(A), which Zcom detrimentally relied upon to have an opportunity to file its opposition, a core right of the adversarial system, and did so within 1 hour and 45 minutes on November 26, 2013 at 7:18 pm. (D.E. 99), and to have such opposition considered by the Court before issuing an order - which was not done.

It is respectfully submitted, based upon Your Honor's own phrasing in its November 20, 2013 Order, that Your Honor misconstrued Zcom as some "sophisticated entity," when Zcom is, particularly in comparison to Verizon, an extremely small company that was for some time successful because it provided good service.  That said, any comparison between Zcom and the multi-billion dollar empire that is Verizon is akin, in size, to "David versus Goliath."  It is for this reason that Zcom, by its principal Vikas Dhall - a businessman and not a serial litigator - sought at every opportunity to resolve Zcom's differences with Verizon without resorting to judicial intervention.

The appearance of partiality, upon a re-look caused by recent orders, stems in the first instance from comments made by Your Honor during the January 24, 2012 argument that a reasonable observer could interpret as lacking impartiality.  At that time, Your Honor intimated views on the merits of a pending order to show cause case seeking injunctive relief sought to stave off Verizon's termination of its contract with Zcom, and at the same time transferred the case to the District of New Jersey pursuant to the first-filed doctrine, notwithstanding that it was an admitted fact that Verizon's admitted-to "special circumstances" and Zcom's factual predicate for "special circumstances" prevented its application, and seeking to have the case marked as "related" upon its return from New Jersey.

In retrospect, in light of Your Honor's recent orders, all of which benefit Verizon procedurally and on the merits, while prejudicing Zcom, Mr. Dhall, a turban wearing religious Sikh who was present in Court on January 24, 2012, is compelled to recall that he was, in essence, faulted by Your Honor on January 24, 2012 for not resorting to litigation sooner - this, notwithstanding that Zcom was, at that time, just completing what little bit of a sale of assets that Verizon would allow.  *See e.g.* Jan. 24, 2012 Tr.  pp. 11:6 - 14:16.  It was not until Zcom had exhausted all non-litigation means that it resorted to commencing an action, given the prior courtesy to Mr. Sellinger to delay litigation.  That said, Zcom properly chose its venue: New York State Supreme Court, New York County - a proper place to hear its state law based claims, on a contract that is governed by New York law.  Zcom did not bring a federal action.  Rather, it was Verizon who removed the case to federal court implicating the Class Action Fairness Act.  By its letter to Your Honor of January 20, 2012, Verizon announced that it anticipated making a motion to transfer venue to the District of New Jersey; however, in essence, Verizon conceded that its "first-filed" declaratory judgment action was an impermissible anticipatory filing, asserting that:

> On November 4, 2011, <u>after</u> Zcom indicated that it would challenge the validity of the without cause termination, Verizon Wireless filed the New Jersey Action for a declaration as to the propriety of the termination.

(Jan. 20, 2013 Sellinger Ltr. p. 2) (<u>emphasis added</u>).  Moreover, at oral argument on January 24, 2012, the undersigned explained to Your Honor that I had discussed with Verizon's counsel. Philip Sellinger, my expressed willingness to avoid commencing any litigation while he was laid up due to orthopaedic surgery. *Id.* at pp. 14:17-15:2.  Notwithstanding Verizon's anticipatory race to the Courthouse and without affording Zcom the opportunity to put in papers of its own, Your Honor instead disregarded the "anticipatory litigation" "special circumstances" exception to the "first-filed

doctrine" and wrongfully transferred Zcom's case to the District of New Jersey, where it need not have gone, and when it was bound to return, as it did.

While it is respectfully submitted that the decision to transfer the matter to New Jersey was itself error, that same decision, in light of the subsequent Orders issued by Your Honor in this case, give an appearance of partiality.  This is particularly so as Your Honor was aware of the anticipatory litigation and forum shopping exceptions to the "first-filed doctrine."  For instance, in *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 2010 WL 286634 (S.D.N.Y. Jan. 15, 2010) (Castel, J.) *aff'd sub nom.*, *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401 (2d Cir. 2010), Your Honor recognized that "[f]orum shopping is one of those special circumstances" that provides an exception to the first filed doctrine. *Id.* at * 3 citing, *Motion Picture Lab. Technicians Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986).  Moreover, in *Nat'l Union Fire Ins. Co.*, while dealing with litigation versus arbitration, Your Honor nevertheless further recognized that ignoring contractual dispute resolution obligations in a race to the Courthouse "is a form of forum shopping."  Id. at * 3.  Furthermore, in *The Rockefeller Univ. v. Ligand Pharm.*, 581 F. Supp. 2d 461 (S.D.N.Y. 2008) (Castel, J.), while finding that "special circumstances" did not exist in that case, Your Honor cited to *Employers Ins. of Wausau v. Fox Ent'mt Group, Inc.*, 522 F.3d 271, 274-76 (2d Cir.2008), wherein anticipatory litigation is noted to be another exception to the first filed doctrine.

It is respectfully submitted that the recusal sought by Zcom is in accord with the letter and spirit of §455(a), particularly given the Second Circuit's recent pronouncement that "[t]he goal of section 455(a) is to avoid not only partiality but also the appearance of partiality." *In re Reassignment of Cases*, 736 F.3d at 123 *citing*, *Liljeberg v. Health Servs. Acquisition Corp*., 486 U.S. 847, 860 (1988).  Moreover, the Second Circuit "sitting *en banc*, has stated that there exists 'unusual circumstances where both for the judge's sake and the appearance of justice, an assignment to a different judge is salutary and in the public interest, especially as it minimizes even a suspicion of partiality.'" *Id. quoting*, *United States v. Robin*, 553 F.2d 8, 9–10 (2d Cir.1977) (*en banc*).  It is respectfully submitted that this is such a circumstance.  Accordingly, recusal of Your Honor by way of disqualification pursuant to §455(a) is respectfully sought and warranted. Given some mootness, the prior Orders issued by Your Honor that ought be vacated are (i) January 24, 2012 "related case" directive to the court clerk to assign the case to Your Honor; (ii) June 4, 2013 Order that *inter alia*, split the supplemental jurisdiction by remanding ceratin claims to New York Supreme Court, in a case which only has New York law state claims, and instead remand to state court the entire case entitled *In Touch Concepts v. Cellco Partnership*, 13 Civ. 1419 (PKC); (iii) randomly reassign Verizon's anticipatory declaratory judgment action (*Cellco Partnership v. In Touch Concepts*, 13 Civ. 1418 (PKC)); (iv) November 18, 2013 (D.E. 93); (v) November 20, 2013- including its consolidation of the actions (D.E. 97); (vi) November 26, 2013-dated and entered November 27, 2013 (D.E. 100); and, (vii) December 2, 2013 (D.E.103).

                                      Respectfully submitted,
                                      /s/ *Ravi Batra*
                                      Ravi Batra, Esq. (RB 4299)

cc (via ECF):
Philip R. Sellinger, Esq.
InTouchConcepts\123113PreMotionLtr455(a)