Philip R. Sellinger
David Jay
Todd L. Schleifstein
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10169
(212) 801-9200
Attorneys for Defendants
Cellco Partnership d/b/a Verizon Wireless,
Ryan Broomes and Jorge Velez

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN TOUCH CONCEPTS, INC., d/b/a ZCOM,                    :
                                                        :
                            Plaintiff,                  :   13 Civ. 1419 (PKC)
                                                        :
            - against -                                 :
                                                        :
CELLCO PARTNERSHIP d/b/a VERIZON                        :
WIRELESS, *et al.*,                                     :
                                                        :
                            Defendants.                 :
-------------------------------------------------------------X

## ANSWER AND AFFIRMATIVE
## DEFENSES OF DEFENDANT RYAN BROOMES

Defendant Ryan Broomes ("Broomes"), by and through his undersigned counsel,

Greenberg Traurig, LLP, as and for his Answer to the First Amended Complaint (the

"Complaint") of Plaintiff In Touch Concepts, Inc., d/b/a ZCom ("ZCom"), responds to

each numbered paragraph of the Complaint as follows.  In so doing, Broomes responds to

each allegation in the Complaint only as it relates to him.  Broomes denies knowledge or

information sufficient to form a belief as to the truth of each allegation in the Complaint

to the extent that it relates to any other defendant or non-party, unless expressly alleged

otherwise below.

**TABLE OF CONTENTS AND TABLE OF EXHIBITS**

1.   The allegations in paragraph 1 of the Complaint require no response.

**PRELIMINARY STATEMENT**

2.   Broomes denies the allegations in paragraph 2 of the Complaint, to the extent that such allegations require any response.

3.   The allegations in paragraph 3 of the Complaint do not require any response.

**ALLEGED FACTS**

4.   Broomes denies the allegations in paragraph 4 of the Complaint.

5.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, except admits that Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") deducted certain amounts from the regular compensation paid to ZCom under certain circumstances, and denies that he participated in any "plot," "plan," "revised plan," or "fraudulent scheme," as alleged in this paragraph.

10.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.   The allegations in paragraph 18 of the Complaint state a legal conclusion, to which no response is require.

19.   Broomes repeats and re-alleges his responses to paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, except denies that he participated in any "scheme," as alleged in this paragraph.

21.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, except denies that he participated in any "fraudulent prepaid activation scheme," as alleged in this paragraph.

22.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, except denies that he participated in any "fraudulent prepaid activation scheme," as alleged in this paragraph.

23.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, except denies that he "executed," "implemented" or otherwise participated in any "fraudulent prepaid activation scheme," as alleged in this paragraph.

24.   Broomes denies the allegations in paragraph 24 of the Complaint.

25.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, except denies that he participated in any "cover-up," as alleged in this paragraph.

26.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, except denies that he "executed," "implemented" or otherwise participated in any "cover-up," as alleged in this paragraph.

27.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, except denies that he participated in any "scheme," as alleged in this paragraph.

28.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, except denies that he

participated in any "scheme," as alleged in this paragraph.

29.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, except denies that he participated in any "scheme," as alleged in this paragraph.

30.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.   Broomes denies the allegations in paragraph 31 of the Complaint.

## PARTIES

32.   Broomes repeats and re-alleges his responses to paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, except admits that ZCom was a former authorized agent of Verizon Wireless for the sale of Verizon Wireless services, and that ZCom sold equipment compatible with such services.

34.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, except admits that ZCom was authorized to engage sub-agents, subject to approval by Verizon Wireless.

36.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.  Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39.  Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40.  Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41.  Broomes admits the allegations in paragraph 41 of the Complaint.

42.  Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43.  Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44.  Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45.  Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46.  Broomes admits the allegations in paragraph 46 of the Complaint.

47.  Broomes denies the allegations in paragraph 47 of the Complaint.

48.  Broomes admits the allegations in paragraph 48 of the Complaint.

49.  Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50.  Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51.  Broomes denies knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 51 of the Complaint.

52.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, except denies that he participated in any "prepaid activation scheme," as alleged in this paragraph.

53.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, except denies that he participated in any "prepaid activation scheme," as alleged in this paragraph.

54.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

56.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint, except admits that Thomas Varghese was a Verizon Wireless employee.

57.   Broomes admits the allegations in paragraph 57 of the Complaint.

58.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

60.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.   The allegations in paragraph 68 of the Complaint state a legal conclusion, to which no response is required.

69.   Broomes admits the allegations in paragraph 69 of the Complaint.

70.   Broomes denies the allegations in paragraph 70 of the Complaint.

71.   Broomes denies the allegations in paragraph 71 of the Complaint.

72.   Broomes denies the allegations in paragraph 72 of the Complaint.

73.   Broomes denies the allegations in paragraph 73 of the Complaint.

74.   Broomes denies the allegations in paragraph 74 of the Complaint.

75.   Broomes admits the allegations in paragraph 75 of the Complaint.

76.   The allegations in paragraph 76 of the Complaint state a legal conclusion, to which no response is required.

77.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint, except admits that Jorge Velez was a Verizon Wireless employee.

78.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint.

82.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint.

84.   The allegations in paragraph 84 of the Complaint state a legal conclusion, to which no response is required.

85.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint.

86.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint, except denies that he "created," was "involved" with, "implemented" or otherwise participated in any "prepaid activation scheme" or "cover up," as alleged in this paragraph.

87.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.

88.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint.

89.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint.

90.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint.

91.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint.

92.    The allegations in paragraph 92 of the Complaint state a legal conclusion, to which no response is required.

93.    The allegations in paragraph 93 of the Complaint state a legal conclusion, to which no response is required.

94.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.

95.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint, except denies that he "created," was "involved" with, "implemented" or otherwise participated in any "prepaid

activation scheme" or "cover up," as alleged in this paragraph.

96.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint.

97.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint.

98.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint.

99.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint.

100.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint.

101.   The allegations in paragraph 101 of the Complaint state a legal conclusion, to which no response is required.

102.   The allegations in paragraph 102 of the Complaint state a legal conclusion, to which no response is required.

103.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.

104.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.

105.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint.

106.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint.

107.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint.

108.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint.

109.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint.

110.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint.

111.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint.

112.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint.

113.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint.

114.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Complaint.

115.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Complaint.

116.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint.

117.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint.

118.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Complaint.

119.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint.

120.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Complaint.

121.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint.

122.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint.

123.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint.

124.   The allegations in paragraph 124 of the Complaint do not require a response.

125.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint.

## NON-PARTIES ALLEGEDLY "OF INTEREST"

126.   Broomes repeats and re-alleges his responses to paragraphs 1 through 125 of the Complaint as if fully set forth herein.

127.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Complaint.

128.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Complaint.

129.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Complaint.

130.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Complaint.

131.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the Complaint.

132.   Broomes denies the allegations in paragraph 132 of the Complaint.

133.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Complaint.

134.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 of the Complaint.

135.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Complaint.

136.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the Complaint.

137.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Complaint.

138.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Complaint.

139.   Broomes denies the allegations in paragraph 139 of the Complaint.

140.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Complaint.

141.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Complaint.

142.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Complaint.

143.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Complaint.

144.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint.

145.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Complaint.

146.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

147.   The allegations in paragraph 147 of the Complaint state a legal conclusion, to which no response is required.

148.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the Complaint.

149.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 of the Complaint.

150.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the Complaint.

151.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 of the Complaint.

152.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the Complaint.

153.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the Complaint.

154.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the Complaint.

155.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Complaint.

156.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

157.   The allegations in paragraph 157 of the Complaint state a legal conclusion, to which no response is required.

158.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 of the Complaint.

159.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 of the Complaint.

160.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 of the Complaint.

161.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 of the Complaint.

162.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the Complaint.

163.   There are no allegations in paragraph 163 of the Complaint.

164.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the Complaint.

165.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

166.   The allegations in paragraph 166 of the Complaint state a legal conclusion, to which no response is required.

167.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 of the Complaint.

168.   Broomes denies the allegations in paragraph 168 of the Complaint.

169.   There are no allegations in paragraph 169 of the Complaint.

170.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

171.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the Complaint.

172.   The allegations in paragraph 172 of the Complaint state a legal conclusion, to which no response is required.

173.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 of the Complaint, except admits that Patrick Devlin is an officer of Verizon Wireless.

174.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the Complaint, except denies that he was a party to an alleged "prepaid scheme" or "cover up."

175.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

176.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

177.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the Complaint.

178.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 of the Complaint.

179.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 of the Complaint.

180.   The allegations in paragraph 180 of the Complaint state a legal conclusion, to which no response is required.

181.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181 of the Complaint.

182.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 of the Complaint, except denies that he was a party to an alleged "prepaid scheme" or "cover up."

183.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

184.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 of the Complaint.

185.   The allegations in paragraph 185 of the Complaint state a legal conclusion, to which no response is required.

186.   The allegations in paragraph 186 of the Complaint state a legal conclusion, to which no response is required.

187.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187 of the Complaint, except admits that Shahid Mohammed was a former Verizon Wireless employee.

188.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

189.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

190.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

191.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 of the Complaint, except admits that Shahid

Mohammed worked in New York during his employment with Verizon Wireless.

192.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 of the Complaint, to the extent that a response is required.

193.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 of the Complaint.

194.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194 of the Complaint.

195.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 of the Complaint.

196.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 of the Complaint.

197.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 of the Complaint.

198.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

199.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

200.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 of the Complaint.

201.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201 of the Complaint.

202.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202 of the Complaint.

203.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203 of the Complaint.

204.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 204 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

205.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

206.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206 of the Complaint.

207.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207 of the Complaint.

208.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208 of the Complaint.

209.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209 of the Complaint.

210.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

211.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

212.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212 of the Complaint.

213.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213 of the Complaint.

214.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 214 of the Complaint.

215.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215 of the Complaint.

216.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 216 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

217.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 217 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

218.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218 of the Complaint.

219.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 219 of the Complaint, except denies that he was involved in the "creation, orchestration, implementation and/or execution" of, or was otherwise a party to, an alleged "prepaid activation scheme."

220.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220 of the Complaint, except admits that Pino Salonna is a Verizon Wireless employee.

221.   The allegations in paragraph 221 of the Complaint do not require a response.

222.   The allegations in paragraph 222 of the Complaint state a legal conclusion, to which no response is required.

223.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223 of the Complaint to the extent that any response is required, except admits that Christian Malenda, John Coyle and Keith Allocco were each former employees of Verizon Wireless, who at various times worked in New York.

**ADDITIONAL ALLEGED FACTS**

224.   Broomes repeats and re-alleges his responses to paragraphs 1 through 223 of the Complaint as if fully set forth herein.

225.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225 of the Complaint.

226.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 226 of the Complaint.

227.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227 of the Complaint.

228.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228 of the Complaint, except admits that ZCom

engaged sub-agents.

229.   Broomes admits the allegations in paragraph 229 of the Complaint.

230.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230 of the Complaint, except admits that ZCom engaged sub-agents.

231.   Broomes admits the allegations in paragraph 231 of the Complaint.

232.   Broomes denies the allegations in paragraph 232 of the Complaint.

233.   Broomes admits the allegations in paragraph 233 of the Complaint.

234.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234 of the Complaint.

235.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 235 of the Complaint.

236.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236 of the Complaint, except admits that Verizon Wireless and ZCom were parties to a contractual agency agreement, and that ZCom was not a franchisee of Verizon Wireless.

237.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237 of the Complaint.

238.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 238 of the Complaint.

239.   Broomes denies the allegations in paragraph 239 of the Complaint, except admits that Verizon Wireless had paid compensation to ZCom under certain circumstances.

240.   Broomes denies the allegations in paragraph 240 of the Complaint, except admits that Verizon Wireless had paid compensation to ZCom under certain circumstances.

241.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 241 of the Complaint.

242.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242 of the Complaint.

243.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243 of the Complaint.

244.   Broomes denies the allegations in paragraph 244 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

245.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245 of the Complaint.

246.   Broomes denies the allegations in paragraph 246 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

247.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 247 of the Complaint, except admits that Verizon Wireless would not involve itself in compensation disputes between ZCom and ZCom's sub-agents.

248.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 248 of the Complaint.

249.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249 of the Complaint.

250.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250 of the Complaint.

251.   Broomes denies the allegations in paragraph 251 of the Complaint.

252.   Broomes denies the allegations in paragraph 252 of the Complaint.

253.   Broomes denies the allegations in paragraph 253 of the Complaint.

254.   Broomes denies the allegations in paragraph 254 of the Complaint.

255.   Broomes denies the allegations in paragraph 255 of the Complaint.

256.   Broomes denies the allegations in paragraph 256 of the Complaint.

257.   Broomes denies the allegations in paragraph 257 of the Complaint.

258.   Broomes denies the allegations in paragraph 258 of the Complaint.

259.   Broomes denies the allegations in paragraph 259 of the Complaint.

260.   Broomes denies the allegations in paragraph 260 of the Complaint.

261.   Broomes admits the allegations in paragraph 261 of the Complaint.

262.   Broomes denies the allegations in paragraph 262 of the Complaint, and refers to the e-mails identified in this paragraph, the contents of which speak for themselves.

263.   Broomes denies the allegations in paragraph 263 of the Complaint.

264.   Broomes denies the allegations in paragraph 264 of the Complaint.

265.   Broomes denies the allegations in paragraph 265 of the Complaint.

266.   Broomes denies the allegations in paragraph 266 of the Complaint.

267.   Broomes denies the allegations in paragraph 267 of the Complaint.

268.   Broomes denies the allegations in paragraph 268 of the Complaint, except admits that Verizon Wireless used an incentive device known as a "SPIFF" under certain circumstances, and refers to the terms of the contract between Verizon Wireless and ZCom, which speak for themselves.

269.   Broomes denies the allegations in paragraph 269 of the Complaint.

270.   Broomes denies the allegations in paragraph 270 of the Complaint.

271.   Broomes denies the allegations in paragraph 271 of the Complaint.

272.   Broomes denies the allegations in paragraph 272 of the Complaint.

273.   Broomes denies the allegations in paragraph 273 of the Complaint.

274.   Broomes denies the allegations in paragraph 274 of the Complaint.

275.   Broomes denies the allegations in paragraph 275 of the Complaint.

276.   Broomes denies the allegations in paragraph 276 of the Complaint.

277.   Broomes denies the allegations in paragraph 277 of the Complaint.

278.   Broomes denies the allegations in paragraph 278 of the Complaint.

279.   Broomes denies the allegations in paragraph 279 of the Complaint, except admits that Verizon Wireless deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

280.   Broomes denies the allegations in paragraph 280 of the Complaint.

281.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 281 of the Complaint.

282.   Broomes denies the allegations in paragraph 282 of the Complaint.

283.   Broomes denies the allegations in paragraph 283 of the Complaint.

284.   Broomes denies the allegations in paragraph 284 of the Complaint.

285.   Broomes admits that Verizon Wireless paid ZCom certain commissions and "SPIFF" incentive payments in connection with certain pre-paid activations made by or on behalf of ZCom.

286.   Broomes denies the allegations in paragraph 286 of the Complaint, except admits that Verizon Wireless deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

287.   Broomes denies the allegations in paragraph 287 of the Complaint.

288.   Broomes denies the allegations in paragraph 288 of the Complaint.

289.   Broomes denies the allegations in paragraph 289 of the Complaint.

290.   Broomes denies the allegations in paragraph 290 of the Complaint.

291.   Broomes denies the allegations in paragraph 291 of the Complaint.

292.   Broomes denies the allegations in paragraph 292 of the Complaint.

293.   Broomes denies the allegations in paragraph 293 of the Complaint.

294.   Broomes denies the allegations in paragraph 294 of the Complaint.

295.   Broomes denies the allegations in paragraph 295 of the Complaint.

296.   Broomes denies the allegations in paragraph 296 of the Complaint.

297.   Broomes denies the allegations in paragraph 297 of the Complaint.

298.   Broomes denies the allegations in paragraph 298 of the Complaint.

299.   Broomes denies the allegations in paragraph 299 of the Complaint.

300.   Broomes denies the allegations in paragraph 300 of the Complaint.

301.   Broomes denies the allegations in paragraph 301 of the Complaint.

302.   Broomes denies the allegations in paragraph 302 of the Complaint.

303.   Broomes denies the allegations in paragraph 303 of the Complaint.

304.  Broomes denies the allegations in paragraph 304 of the Complaint.

305.  Broomes denies the allegations in paragraph 305 of the Complaint.

306.  Broomes denies the allegations in paragraph 306 of the Complaint.

307.  Broomes denies the allegations in paragraph 307 of the Complaint.

308.  Broomes denies the allegations in paragraph 308 of the Complaint.

309.  Broomes denies the allegations in paragraph 309 of the Complaint.

310.  Broomes denies the allegations in paragraph 310 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

311.  Broomes denies the allegations in paragraph 311 of the Complaint.

312.  Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 312 of the Complaint, except denies that he was a party to an alleged "pre-paid fraudulent scheme."

313.  Broomes denies the allegations in paragraph 313 of the Complaint.

314.  Broomes denies the allegations in paragraph 314 of the Complaint.

315.  Broomes denies the allegations in paragraph 315 of the Complaint.

316.  Broomes denies the allegations in paragraph 316 of the Complaint.

317.  Broomes denies the allegations in paragraph 317 of the Complaint.

318.  Broomes denies the allegations in paragraph 318 of the Complaint.

319.  Broomes denies the allegations in paragraph 319 of the Complaint.

320.  Broomes denies the allegations in paragraph 320 of the Complaint.

321.  Broomes denies the allegations in paragraph 321 of the Complaint.

322.  Broomes denies the allegations in paragraph 322 of the Complaint.

323.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 323 of the Complaint, except denies that he was a party to an alleged "prepaid activation scheme."

324.   The allegations in paragraph 324 of the Complaint state a legal conclusion, to which no response is required.

325.   Broomes denies the allegations in paragraph 325 of the Complaint.

326.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 326 of the Complaint.

327.   Broomes denies the allegations in paragraph 327 of the Complaint.

328.   Broomes denies the allegations in paragraph 328 of the Complaint.

329.   Broomes denies the allegations in paragraph 329 of the Complaint.

330.   Broomes denies the allegations in paragraph 330 of the Complaint.

331.   Broomes denies the allegations in paragraph 331 of the Complaint.

332.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 332 of the Complaint, except denies that he engaged in an inappropriate level of "direct contact" with ZCom sub-agents.

333.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 333 of the Complaint to the extent that a response is required.

334.   Broomes denies the allegations in paragraph 334 of the Complaint.

335.   Broomes denies the allegations in paragraph 335 of the Complaint.

336.   Broomes denies the allegations in paragraph 336 of the Complaint, and refers to the e-mails referenced in this paragraph, the contents of which speak for

themselves.

337.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 337 of the Complaint.

338.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 338 of the Complaint.

339.   Broomes denies the allegations in paragraph 339 of the Complaint.

340.   Broomes denies the allegations in paragraph 340 of the Complaint, and refers to the May 2, 2010 e-mail referenced in this paragraph, the contents of which speak for themselves.

341.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 341 of the Complaint.

342.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 342 of the Complaint.

343.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 343 of the Complaint.

344.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 344 of the Complaint.

345.   Broomes denies the allegations in paragraph 345 of the Complaint, except admits that new ZCom and ZCom sub-agent locations were subject to approval by Verizon Wireless.

346.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 346 of the Complaint.

347.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 347 of the Complaint, except denies that he was a party to an alleged "scam."

348.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 348 of the Complaint, except denies that he collaborated with Shelly Bhumitra or Poonam Sawhney.

349.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 349 of the Complaint.

350.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 350 of the Complaint.

351.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 351 of the Complaint.

352.   Broomes denies the allegations in paragraph 352 of the Complaint.

353.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 353 of the Complaint.

354.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 354 of the Complaint.

355.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 354 of the Complaint.

356.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 356 of the Complaint.

357.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 357 of the Complaint.

358.   Broomes denies the allegations in paragraph 358 of the Complaint.

359.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 359 of the Complaint.

360.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 360 of the Complaint.

361.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 361 of the Complaint, except denies that he was a party to an alleged "prepaid scam."

362.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 362 of the Complaint.

363.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 363 of the Complaint.

364.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 364 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

365.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 365 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

366.   Broomes denies the allegations in paragraph 366 of the Complaint, and refers to the April 3, 2010 e-mail referenced in this paragraph, the contents of which speak for themselves.

367.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 367 of the Complaint.

368.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 368 of the Complaint.

369.   Broomes denies the allegations in paragraph 369 of the Complaint.

370.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 370 of the Complaint.

371.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 371 of the Complaint.

372.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 372 of the Complaint, except denies that he engaged in any "misconduct" or participated in any "fraudulent pre-paid scheme."

373.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 373 of the Complaint.

374.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 374 of the Complaint, except denies that he engaged in any "wrongdoing" or participated in any "fraudulent pre-paid activation scheme."

375.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 375 of the Complaint.

376.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 376 of the Complaint, except denies that he participated in any "fraudulent prepaid activation scheme."

377.   Broomes denies the allegations in paragraph 377 of the Complaint.

378.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 378 of the Complaint, except denies that he participated in any "prepaid activation scam."

379.   Broomes denies the allegations in paragraph 379 of the Complaint.

380.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 380 of the Complaint.

381.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 381 of the Complaint.

382.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 382 of the Complaint.

383.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 383 of the Complaint.

384.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 384 of the Complaint.

385.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 385 of the Complaint.

386.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 386 of the Complaint.

387.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 387 of the Complaint.

388.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 388 of the Complaint.

389.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 389 of the Complaint.

390.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 390 of the Complaint.

391.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 391 of the Complaint.

392.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 392 of the Complaint.

393.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 393 of the Complaint.

394.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 394 of the Complaint.

395.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 395 of the Complaint.

396.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 396 of the Complaint.

397.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 397 of the Complaint.

398.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 398 of the Complaint.

399.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 399 of the Complaint.

400.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 400 of the Complaint.

401.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 401 of the Complaint.

402.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 402 of the Complaint.

403.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 403 of the Complaint.

404.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 404 of the Complaint.

405.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 405 of the Complaint.

406.   Broomes denies the allegations in paragraph 406 of the Complaint, except admits that ZCom's status as an authorized Verizon Wireless sales agent terminated on January 31, 2012.

407.   Broomes denies the allegations in paragraph 407 of the Complaint, except admits that ZCom's status as an authorized Verizon Wireless sales agent terminated on January 31, 2012.

408.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 408 of the Complaint, except denies that he participated in any "prepaid activation scheme."

409.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 409 of the Complaint.

410.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 410 of the Complaint.

411.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 411 of the Complaint.

412.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 412 of the Complaint.

413.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 413 of the Complaint, except denies that he engaged in any "misconduct."

414.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 414 of the Complaint, except denies that he engaged in any "misconduct."

415.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 415 of the Complaint.

416.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 416 of the Complaint.

417.    The allegations in paragraph 417 of the Complaint state a legal conclusion, to which no response is required.

418.    The allegations in paragraph 418 of the Complaint state a legal conclusion, to which no response is required.

419.    The allegations in paragraph 419 of the Complaint state a legal conclusion, to which no response is required.

420.   The allegations in paragraph 420 of the Complaint state a legal conclusion, to which no response is required.

421.   The allegations in paragraph 421 of the Complaint state a legal conclusion, to which no response is required.

422.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 422 of the Complaint.

423.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 423 of the Complaint.

424.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 424 of the Complaint.

425.   The allegations in paragraph 425 of the Complaint state a legal conclusion, to which no response is required.

426.   The allegations in paragraph 426 of the Complaint state a legal conclusion, to which no response is required.

427.   The allegations in paragraph 427 of the Complaint state a legal conclusion, to which no response is required.

428.   The allegations in paragraph 428 of the Complaint state a legal conclusion, to which no response is required.

429.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 429 of the Complaint, except denies that he engaged in any "misconduct."

430.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 430 of the Complaint, except denies that he

engaged in any "misconduct."

431.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 431 of the Complaint, except denies that he engaged in any "misconduct."

432.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 432 of the Complaint, except denies that he engaged in any "misconduct."

433.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 433 of the Complaint.

434.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 434 of the Complaint, except denies that he engaged in any "misconduct."

435.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 435 of the Complaint, except denies that he engaged in any "misconduct."

436.   Broomes denies the allegations in paragraph 436 of the Complaint.

437.   Broomes denies the allegations in paragraph 437 of the Complaint.

438.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 438 of the Complaint.

439.   Broomes denies the allegations in paragraph 439 of the Complaint.

440.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 440 of the Complaint, except denies issuing any "instructions" to ZCom.

441.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 441 of the Complaint.

442.    Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 442 of the Complaint.

443.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 443 of the Complaint.

444.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 444 of the Complaint.

445.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 445 of the Complaint.

446.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 446 of the Complaint.

447.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 447 of the Complaint.

448.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 448 of the Complaint.

449.   Broomes denies the allegations in paragraph 449 of the Complaint.

450.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 450 of the Complaint.

451.   Broomes denies the allegations in paragraph 451 of the Complaint.

452.   Broomes denies the allegations in paragraph 452 of the Complaint.

453.   Broomes denies the allegations in paragraph 453 of the Complaint.

454.   Broomes denies the allegations in paragraph 454 of the Complaint.

455.   Broomes denies the allegations in paragraph 455 of the Complaint.

456.   Broomes denies the allegations in paragraph 456 of the Complaint.

457.   Broomes denies the allegations in paragraph 457 of the Complaint, except admits that after February 1, 2012, certain former ZCom sub-agents became direct sales agents of Verizon Wireless.

458.   Broomes repeats and re-alleges his responses to paragraphs 1 through 457 of the Complaint as if fully set forth herein.

459.   Broomes denies the allegations in paragraph 459 of the Complaint.

460.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 460 of the Complaint.

461.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 461 of the Complaint.

462.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 462 of the Complaint.

463.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 463 of the Complaint.

464.   Broomes denies the allegations in paragraph 464 of the Complaint, except admits that Verizon Wireless had paid compensation to ZCom under certain circumstances.

465.   Broomes admits the allegations in paragraph 465 of the Complaint.

466.   Broomes denies the allegations in paragraph 466 of the Complaint.

467.   Broomes denies the allegations in paragraph 467 of the Complaint, except admits that pre-paid activations were not considered in determining whether ZCom had

met certain minimum activation levels set forth in its agency agreement with Verizon Wireless.

468.   Broomes admits the allegations in paragraph 468 of the Complaint.

## JURISDICTION AND VENUE

469.   Broomes repeats and re-alleges his responses to paragraphs 1 through 468 of the Complaint as if fully set forth herein.

470.   The allegations in paragraph 470 of the Complaint do not require a response.

471.   Broomes denies the allegations in paragraph 471 of the Complaint, except admits that venue is proper in this judicial district.

472.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 472 of the Complaint, except admits that venue is proper in this judicial district.

473.   The allegations in paragraph 473 of the Complaint do not require a response.

474.   The allegations in paragraph 474 of the Complaint do not require a response, except Broomes notes that venue does not "currently rest in the District of New Jersey."

475.   The allegations in paragraph 475 of the Complaint do not require a response.

476.   The allegations in paragraph 476 of the Complaint do not require a response.

## FIRST CAUSE OF ACTION FOR TORTIOUS
## <u>INTERFERENCE WITH CONTRACTUAL RELATIONS</u>

477. – 570.   The allegations in paragraphs 477 through 570 of the Complaint

require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this

Court.

## <u>SECOND CAUSE OF ACTION FOR FRAUD AND DECEIT</u>

571.   Broomes repeats and re-alleges his responses to paragraphs 1 through 476

of the Complaint as if fully set forth herein.

572.   Broomes denies the allegations in paragraph 572 of the Complaint.

573.   Broomes denies the allegations in paragraph 573 of the Complaint.

574.   Broomes denies the allegations in paragraph 574 of the Complaint.

575.   Broomes denies the allegations in paragraph 575 of the Complaint.

576.   Broomes denies the allegations in paragraph 576 of the Complaint.

577.   Broomes denies the allegations in paragraph 466 of the Complaint, except

admits that Verizon Wireless deducted certain amounts from the regular compensation

paid to ZCom under certain circumstances.

578.   Broomes denies the allegations in paragraph 578 of the Complaint.

579.   Broomes denies the allegations in paragraph 579 of the Complaint.

580.   Broomes denies the allegations in paragraph 580 of the Complaint.

581.   Broomes denies the allegations in paragraph 581 of the Complaint.

582.   Broomes denies the allegations in paragraph 582 of the Complaint.

583.   Broomes denies the allegations in paragraph 583 of the Complaint.

584.   Broomes denies the allegations in paragraph 584 of the Complaint.

585.   Broomes denies the allegations in paragraph 585 of the Complaint.

586.   Broomes denies the allegations in paragraph 586 of the Complaint, except admits that Verizon Wireless had paid compensation to ZCom under certain circumstances.

587.   Broomes denies the allegations in paragraph 587 of the Complaint.

588.   Broomes denies the allegations in paragraph 588 of the Complaint.

589.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 589 of the Complaint, except denies that he "conveyed" any "prepaid activation program marketing instructions" to ZCom or ZCom sub-agents.

590.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 590 of the Complaint, except admits that pre-paid accounts activated by or on behalf of ZCom were recorded by Verizon Wireless as new activations.

591.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 591 of the Complaint.

592.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 592 of the Complaint, except admits that Verizon Wireless deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

593.   Broomes denies the allegations in paragraph 593 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

594.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 594 of the Complaint, except admits that Verizon Wireless deducted certain amounts from the regular compensation paid to ZCom under certain circumstances, and denies that he "directed" ZCom to make any pre-paid activations.

595.   Broomes denies the allegations in paragraph 595 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

596.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 596 of the Complaint.

597.   Broomes denies the allegations in paragraph 597 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

598.   Broomes denies the allegations in paragraph 598 of the Complaint.

599.   Broomes denies the allegations in paragraph 599 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

600.   Broomes denies the allegations in paragraph 600 of the Complaint.

601.   Broomes denies the allegations in paragraph 601 of the Complaint.

602.   Broomes denies the allegations in paragraph 602 of the Complaint.

603.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 603 of the Complaint, except admits that Verizon Wireless deducted certain amounts from the regular compensation paid to ZCom under

certain circumstances, and denies that he "directed" ZCom to make any pre-paid

activations, and denies that any such accounts were "fraudulently activated" at his

"direction and insistence."

604.   Broomes denies the allegations in paragraph 604 of the Complaint, except

admits that Verizon Wireless has deducted certain amounts from the regular

compensation paid to ZCom under certain circumstances.

605.   Broomes denies the allegations in paragraph 605 of the Complaint.

606.   Broomes denies the allegations in paragraph 606 of the Complaint.

607.   Broomes denies the allegations in paragraph 607 of the Complaint.

608.   Broomes denies the allegations in paragraph 608 of the Complaint.

609.   Broomes denies the allegations in paragraph 609 of the Complaint.

610.   Broomes denies the allegations in paragraph 610 of the Complaint.

611.   Broomes denies the allegations in paragraph 611 of the Complaint.

612.   Broomes denies the allegations in paragraph 612 of the Complaint.

613.   Broomes denies the allegations in paragraph 613 of the Complaint.

614.   Broomes denies the allegations in paragraph 614 of the Complaint.

### THIRD CAUSE OF ACTION FOR MISREPRESENTATION

615.   Broomes repeats and re-alleges his responses to paragraphs 1 through 476

and 572 to 614 of the Complaint as if fully set forth herein.

616.   Broomes denies the allegations in paragraph 616 of the Complaint.

617.   Broomes denies the allegations in paragraph 617 of the Complaint.

618.   Broomes denies the allegations in paragraph 618 of the Complaint.

619.   Broomes denies the allegations in paragraph 619 of the Complaint, except admits that ZCom would receive commissions for valid pre-paid accounts activated by or on behalf of ZCom according to the terms of its contract with Verizon Wireless, which speak for themselves.

620.   Broomes denies the allegations in paragraph 620 of the Complaint.

621.   Broomes denies the allegations in paragraph 621 of the Complaint.

622.   Broomes denies the allegations in paragraph 622 of the Complaint.

623.   Broomes denies the allegations in paragraph 623 of the Complaint.

624.   Broomes denies the allegations in paragraph 624 of the Complaint, except admits that that Verizon Wireless had paid compensation to ZCom under certain circumstances.

625.   Broomes denies the allegations in paragraph 625 of the Complaint.

626.   Broomes denies the allegations in paragraph 626 of the Complaint.

627.   Broomes denies the allegations in paragraph 627 of the Complaint.

628.   Broomes denies the allegations in paragraph 628 of the Complaint.

629.   Broomes denies the allegations in paragraph 629 of the Complaint.

630.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 630 of the Complaint, except denies that he "instructed" ZCom to make any pre-paid activations.

631.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 631 of the Complaint, except denies that he was a party to a "scheme" associated with pre-paid activations.

632.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 632 of the Complaint.

633.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 633 of the Complaint, except denies that he was a party to a "scheme" associated with pre-paid activations.

634.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 634 of the Complaint, except denies that he was a party to a "prepaid marketing scheme" associated with pre-paid activations.

635.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 635 of the Complaint, except denies that Verizon Wireless did not intend to pay commissions to ZCom.

636.   Broomes denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 636 of the Complaint, except denies that Verizon Wireless intended to "charge back" commissions paid to ZCom.

637.   Broomes denies the allegations in paragraph 637 of the Complaint.

638.   Broomes denies the allegations in paragraph 638 of the Complaint.

639.   Broomes denies the allegations in paragraph 639 of the Complaint.

640.   Broomes denies the allegations in paragraph 640 of the Complaint.

641.   Broomes denies the allegations in paragraph 641 of the Complaint.

642.   Broomes denies the allegations in paragraph 642 of the Complaint.

643.   Broomes denies the allegations in paragraph 643 of the Complaint.

644.   Broomes denies the allegations in paragraph 644 of the Complaint.

645.   Broomes denies the allegations in paragraph 645 of the Complaint.

646.   Broomes denies the allegations in paragraph 646 of the Complaint.

647.   Broomes denies the allegations in paragraph 647 of the Complaint.

## FOURTH CAUSE OF ACTION FOR TORTIOUS
## INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

648. – 685.   The allegations in paragraphs 648 through 685 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## FIFTH CAUSE OF ACTION FOR TORTIOUS
## INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

686. – 713.   The allegations in paragraphs 686 through 713 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## SIXTH CAUSE OF ACTION FOR INJURIOUS FALSEHOOD

714. – 746.   The allegations in paragraphs 714 through 746 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## SEVENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

747. – 760.   The allegations in paragraphs 747 through 760 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## EIGHTH CAUSE OF ACTION FOR BREACH OF CONTRACT

761. – 782.   The allegations in paragraphs 761 through 782 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## NINTH CAUSE OF ACTION FOR BREACH OF CONTRACT

783. – 815.   The allegations in paragraphs 783 through 815 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## TENTH CAUSE OF ACTION FOR BREACH OF THE
## IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

816. – 845.   The allegations in paragraphs 816 through 845 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## ELEVENTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT

846. – 862.   The allegations in paragraphs 846 through 862 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Broomes upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims in the Complaint are barred by the doctrines of estoppel and waiver.

### THIRD AFFIRMATIVE DEFENSE

The claims in the Complaint are barred by the doctrine of *in pari delicto*, or any recovery should be reduced, to the extent of ZCom's own culpable conduct, including its own contributory or comparative negligence.

FOURTH AFFIRMATIVE DEFENSE

The injuries alleged in the Complaint were not caused by the incidents alleged therein.

FIFTH AFFIRMATIVE DEFENSE

ZCom has not suffered any damages, or in the alternative, any damages that ZCom may have suffered were caused by its own conduct.

SIXTH AFFIRMATIVE DEFENSE

ZCom lacks standing to assert the claims in the Complaint to the extent that such claims are based on alleged misrepresentations or omissions allegedly made to sub-agents of ZCom.

SEVENTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred because ZCom failed to mitigate its alleged damages.

EIGHTH AFFIRMATIVE DEFENSE

Third parties over whom Broomes exercised no control, rather than Broomes, are liable for all or a portion of ZCom's alleged injuries.

NINTH AFFIRMATIVE DEFENSE

The claims of ZCom are barred by the limitations of liability and limitation of remedies provisions in its agency agreement with Verizon Wireless.

TENTH AFFIRMATIVE DEFENSE

The claims of ZCom are barred by the disclaimers of representations and warranties set forth in its agency agreement with Verizon Wireless.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

To the extent that ZCom claims exemplary or punitive damages, such awards are prohibited under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

To the extent that ZCom claims exemplary or punitive damages, it fails to allege claims sufficient to entitle it to such an award.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Broomes intends to rely on any additional affirmative defenses which become available or apparent during discovery, and thus reserves the right to amend this Answer to assert such additional defenses.

WHEREFORE, Broomes demands judgment:

(a)  Dismissing the Complaint with prejudice; and

(b)  Granting him such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
          January 2, 2014

GREENBERG TRAURIG, LLP


By:*/s/ Philip R. Sellinger*
    Philip R. Sellinger

200 Park Avenue
New York, New York 10166
(212) 801-9200

Attorneys for Defendants
  Cellco Partnership d/b/a Verizon Wireless,
  Ryan Broomes and Jorge Velez