Philip R. Sellinger
David Jay
Todd L. Schleifstein
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10169
(212) 801-9200
Attorneys for Defendants
Cellco Partnership d/b/a Verizon Wireless,
Ryan Broomes and Jorge Velez

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN TOUCH CONCEPTS, INC., d/b/a ZCOM,                        :
                                                            :
                        Plaintiff,                          :   13 Civ. 1419 (PKC)
                                                            :
            - against -                                     :
                                                            :
CELLCO PARTNERSHIP d/b/a VERIZON                            :
WIRELESS, *et al*.,                                         :
                                                            :
                        Defendants.                         :
------------------------------------------------------------X

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRLESS

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), by

and through its undersigned counsel, Greenberg Traurig, LLP, as and for its Answer to

the First Amended Complaint (the "Complaint") of Plaintiff In Touch Concepts, Inc.,

d/b/a ZCom ("ZCom"), responds to each numbered paragraph of the Complaint as

follows.  In so doing, Verizon Wireless responds to each allegation in the Complaint only

as it relates to it.  Verizon Wireless denies knowledge or information sufficient to form a

belief as to the truth of each allegation in the Complaint to the extent that it relates to any

other defendant or non-party, unless expressly alleged otherwise below.

**TABLE OF CONTENTS AND TABLE OF EXHIBITS**

1. The allegations in paragraph 1 of the Complaint require no response.

**PRELIMINARY STATEMENT**

2. Verizon Wireless denies the allegations in paragraph 2 of the Complaint, to the extent that such allegations require any response, except admits that it drafted the October 7, 2008 Agent Agreement (the "Agent Agreement") referenced in this paragraph.

3. The allegations in paragraph 3 of the Complaint do not require any response.

**ALLEGED FACTS**

4. Verizon Wireless denies the allegations in paragraph 4 of the Complaint.

5. Verizon Wireless denies the allegations in paragraph 5 of the Complaint, except admits that the parties renewed their contractual agency relationship by entering into the Agent Agreement.

6. Verizon Wireless denies the allegations in paragraph 6 of the Complaint, except admits that Shahid Mohammed, Thomas Varghese, Christian Malenda, and John Coyle were each terminated as Verizon Wireless employees on or about the respective dates referenced in this paragraph, and that Verizon Wireless terminated the Agent Agreement, effective January 31, 2012, by letter dated July 26, 2011, the contents of which speak for themselves.

7. Verizon Wireless denies the allegations in paragraph 7 of the Complaint.

8. Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Verizon Wireless denies the allegations in paragraph 9 of the Complaint, except admits that it deducted certain amounts from the regular compensation paid to

ZCom under certain circumstances, that Verizon Wireless investigators Anthony Fiocco and Bruno Pavlicek met with representatives of ZCom in connection with an investigation, that Shahid Mohammed, Thomas Varghese, Christian Malenda, and John Coyle were each terminated as Verizon Wireless employees, that Verizon Wireless approved the transfer of corporate control of ZCom referenced in this paragraph on or about September 10, 2010, that Verizon Wireless terminated the Agent Agreement, effective January 31, 2012, by letter dated July 26, 2011, the contents of which speak for themselves, and that Verizon Wireless drafted the Agent Agreement, the contents of which speak for themselves.

10.   Verizon Wireless admits receiving the January 19, 2012 e-mail referenced in paragraph 10 of the Complaint, the contents of which speak for themselves.

11.   Verizon Wireless admits receiving the letter referenced in paragraph 11 of the Complaint, the contents of which speak for themselves.

12.   Verizon Wireless admits the allegations in paragraph 12 of the Complaint.

13.   Verizon Wireless denies the allegations in paragraph 13 of the Complaint.

14.   Verizon Wireless admits the allegations in paragraph 14 of the Complaint.

15.   Verizon Wireless admits receiving the April 9, 2012 letter referenced in paragraph 15 of the Complaint, the contents of which speak for themselves.

16.   Verizon Wireless admits receiving the letter referenced in paragraph 16 of the Complaint, the contents of which speak for themselves.

17.   Verizon Wireless admits that its counsel in this action received the letter referenced in paragraph 17 of the Complaint, the contents of which speak for themselves.

18.   The allegations in paragraph 18 of the Complaint state a legal conclusion, to which no response is require.

19.   Verizon Wireless repeats and re-alleges its responses to paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20.   Verizon Wireless denies the allegations in paragraph 20 of the Complaint.

21.   Verizon Wireless denies the allegations in paragraph 21 of the Complaint.

22.   Verizon Wireless denies the allegations in paragraph 22 of the Complaint.

23.   Verizon Wireless denies the allegations in paragraph 23 of the Complaint.

24.   Verizon Wireless denies the allegations in paragraph 24 of the Complaint.

25.   Verizon Wireless denies the allegations in paragraph 25 of the Complaint.

26.   Verizon Wireless denies the allegations in paragraph 26 of the Complaint.

27.   Verizon Wireless denies the allegations in paragraph 27 of the Complaint.

28.   Verizon Wireless denies the allegations in paragraph 28 of the Complaint.

29.   Verizon Wireless denies the allegations in paragraph 29 of the Complaint.

30.   Verizon Wireless denies the allegations in paragraph 30 of the Complaint, except admits that co-op funding to ZCom was provided on an accrual basis before January 2009 and thereafter through upfront payments to ZCom, and refers to the documents referenced in this paragraph, the respective contents of which speak for themselves.

31.   Verizon Wireless denies the allegations in paragraph 31 of the Complaint.

## **PARTIES**

32.   Verizon Wireless repeats and re-alleges its responses to paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.    Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, except admits that ZCom was a former authorized agent of Verizon Wireless for the sale of Verizon Wireless services, and that ZCom sold equipment compatible with such services.

34.    Verizon Wireless denies the allegations in paragraph 34 of the Complaint, except admits that ZCom and its predecessors served as sales agents for Verizon Wireless and its predecessors since approximately 1990, and refers to the January 6, 2012 Affidavit of Patrick Devlin referenced in this paragraph for its contents, which speak for themselves.

35.    Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, except admits that ZCom was authorized to engage sub-agents, subject to approval by Verizon Wireless.

36.    Verizon Wireless admits the allegations in paragraph 36 of the Complaint.

37.    Verizon Wireless denies the allegations in paragraph 37 of the Complaint.

38.    Verizon Wireless admits the allegations in paragraph 38 of the Complaint, except refers to the document referenced in this paragraph for its contents, which speak for themselves.

39.    Verizon Wireless denies the allegations in paragraph 39 of the Complaint, except admits that it was initially formed as a joint venture between Verizon Communications Inc. ("VCI") and Vodaphone Group Plc ("Vodaphone").

40.    Verizon Wireless denies the allegations in paragraph 40 of the Complaint, except admits that VCI is its indirect parent company, two levels removed.

41.    Verizon Wireless admits the allegations in paragraph 41 of the Complaint.

42.   Verizon Wireless denies the allegations in paragraph 42 of the Complaint, and refers to the document referenced in this paragraph for its contents, which speak for themselves.

43.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and refers to the document referenced in this paragraph for its contents, which speak for themselves.

44.   Verizon Wireless denies the allegations in paragraph 44 of the Complaint, and refers to the document referenced in this paragraph for its contents, which speak for themselves.

45.   Verizon Wireless denies the allegations in paragraph 45 of the Complaint, except admits that VCI is its indirect parent company, two levels removed.

46.   Verizon Wireless admits the allegations in paragraph 46 of the Complaint.

47.   Verizon Wireless denies the allegations in paragraph 47 of the Complaint.

48.   Verizon Wireless admits the allegations in paragraph 48 of the Complaint.

49.   Verizon Wireless denies the allegations in paragraph 49 of the Complaint, and refers to the document referenced in this paragraph for its contents, which speak for themselves.

50.   Verizon Wireless denies the allegations in paragraph 50 of the Complaint, to the extent that such allegations require any response, and refers to the document referenced in this paragraph for its contents, which speak for themselves.

51.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.   Verizon Wireless denies the allegations in paragraph 52 of the Complaint.

53.   Verizon Wireless denies the allegations in paragraph 53 of the Complaint.

54.   Verizon Wireless denies the allegations in paragraph 54 of the Complaint.

55.   Verizon Wireless denies the allegations in paragraph 55 of the Complaint.

56.   Verizon Wireless denies the allegations in paragraph 56 of the Complaint, except admits that Thomas Varghese was a Verizon Wireless employee.

57.   Verizon Wireless admits the allegations in paragraph 57 of the Complaint.

58.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

60.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint, except denies that it was a party to an alleged "prepaid activation scheme."

61.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint, except denies that it was a party to an alleged "prepaid activation scheme."

62.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint, except denies that it was a party to an alleged "prepaid activation scheme."

63.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64.   Verizon Wireless denies the allegations in paragraph 64 of the Complaint.

65.   Verizon Wireless denies the allegations in paragraph 65 of the Complaint.

66.   Verizon Wireless admits the allegations in paragraph 66 of the Complaint.

67.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.   The allegations in paragraph 68 of the Complaint state a legal conclusion, to which no response is required.

69.   Verizon Wireless admits the allegations in paragraph 69 of the Complaint.

70.   Verizon Wireless denies the allegations in paragraph 70 of the Complaint.

71.   Verizon Wireless denies the allegations in paragraph 71 of the Complaint.

72.   Verizon Wireless denies the allegations in paragraph 72 of the Complaint.

73.   Verizon Wireless denies the allegations in paragraph 73 of the Complaint.

74.   Verizon Wireless denies the allegations in paragraph 74 of the Complaint.

75.   Verizon Wireless admits the allegations in paragraph 75 of the Complaint.

76.   The allegations in paragraph 76 of the Complaint state a legal conclusion, to which no response is required.

77.   Verizon Wireless denies the allegations in paragraph 77 of the Complaint, except admits that Jorge Velez was a Verizon Wireless employee.

78.   Verizon Wireless denies the allegations in paragraph 78 of the Complaint.

79.   Verizon Wireless denies the allegations in paragraph 79 of the Complaint.

80.   Verizon Wireless denies the allegations in paragraph 80 of the Complaint.

81.   Verizon Wireless denies the allegations in paragraph 81 of the Complaint.

82.   Verizon Wireless denies the allegations in paragraph 82 of the Complaint.

83.   Verizon Wireless admits the allegations in paragraph 83 of the Complaint.

84.   The allegations in paragraph 84 of the Complaint state a legal conclusion, to which no response is required.

85.   Verizon Wireless admits the allegations in paragraph 85 of the Complaint.

86.   Verizon Wireless denies the allegations in paragraph 86 of the Complaint.

87.   Verizon Wireless denies the allegations in paragraph 87 of the Complaint.

88.   Verizon Wireless denies the allegations in paragraph 88 of the Complaint.

89.   Verizon Wireless denies the allegations in paragraph 89 of the Complaint, except admits that Anthony Fiocco conducted investigative activities for Verizon Wireless in New York.

90.   Verizon Wireless denies the allegations in paragraph 90 of the Complaint.

91.   Verizon Wireless admits the allegations in paragraph 91 of the Complaint.

92.   The allegations in paragraph 92 of the Complaint state a legal conclusion, to which no response is required.

93.   The allegations in paragraph 93 of the Complaint state a legal conclusion, to which no response is required.

94.   Verizon Wireless admits the allegations in paragraph 94 of the Complaint.

95.   Verizon Wireless denies the allegations in paragraph 95 of the Complaint.

96.   Verizon Wireless denies the allegations in paragraph 96 of the Complaint.

97.   Verizon Wireless denies the allegations in paragraph 97 of the Complaint.

98.   Verizon Wireless denies the allegations in paragraph 98 of the Complaint, except admits that Bruno Pavlicek conducted investigative activities for Verizon Wireless in New York.

99.   Verizon Wireless denies the allegations in paragraph 99 of the Complaint.

100.   Verizon Wireless admits the allegations in paragraph 100 of the Complaint.

101.   The allegations in paragraph 101 of the Complaint state a legal conclusion, to which no response is required.

102.   The allegations in paragraph 102 of the Complaint state a legal conclusion, to which no response is required.

103.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.

104.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.

105.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint, except denies that it acted in concert with Ajay Bhumitra.

106.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint.

107.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint.

108.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint, except denies that it collaborated with Shelly Bhumitra or Poonam Sawhney.

109.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint.

110.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint.

111.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint.

112.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint.

113.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint.

114.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Complaint.

115.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Complaint.

116.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint, except denies that it acted in concert with Shelly Bhumitra.

117.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint.

118.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Complaint, except denies that it was a party to an alleged "prepaid activation scam."

119.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint, except denies that it collaborated with Shelly Bhumitra.

120.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Complaint.

121.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint, except denies that it was a party to an alleged "prepaid activation scheme."

122.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint.

123.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint, except denies that it collaborated with Poonam Sawhney.

124.   The allegations in paragraph 124 of the Complaint do not require a response.

125.   Verizon Wireless denies the allegations in paragraph 125 of the Complaint.

### NON-PARTIES ALLEGEDLY "OF INTEREST"

126.   Verizon Wireless repeats and re-alleges its responses to paragraphs 1 through 125 of the Complaint as if fully set forth herein.

127.   Verizon Wireless admits the allegations in paragraph 127 of the Complaint.

128.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Complaint, and refers to the web page referenced in this paragraph for its contents, which speak for themselves.

129.   Verizon Wireless denies the allegations in paragraph 129 of the Complaint, and refers to the document referenced in this paragraph for its contents, which speak for themselves.

130.   Verizon Wireless denies the allegations in paragraph 130 of the Complaint, except admits that VCI is its indirect parent company, two levels removed.

131.   Verizon Wireless denies the allegations in paragraph 131 of the Complaint.

132.   Verizon Wireless denies the allegations in paragraph 132 of the Complaint.

133.   Verizon Wireless denies the allegations in paragraph 133 of the Complaint, and refers to the document referenced in this paragraph for its contents, which speak for themselves.

134.   Verizon Wireless denies the allegations in paragraph 134 of the Complaint, except admits that Daniel Mead is its President and Chief Executive Officer.

135.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Complaint, except admits that Vodaphone is a United Kingdom company.

136.   Verizon Wireless denies the allegations in paragraph 136 of the Complaint, except admits that Vodaphone is its indirect parent company, two levels removed.

137.   Verizon Wireless denies the allegations in paragraph 137 of the Complaint, except admits that Vodaphone is its indirect parent company, two levels removed.

138.   Verizon Wireless denies the allegations in paragraph 138 of the Complaint.

139.   Verizon Wireless denies the allegations in paragraph 139 of the Complaint.

140.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Complaint.

141.   Verizon Wireless denies the allegations in paragraph 141 of the Complaint, except admits that Ivan Seidenberg previously served as the Chairman of its Board of Representatives.

142.   Verizon Wireless admits the allegations in paragraph 142 of the Complaint.

143.   Verizon Wireless denies the allegations in paragraph 143 of the Complaint, except admits that Ivan Seidenberg is no longer Chairman of its Board of Representatives.

144.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint, except denies the allegations as they pertain to Verizon Wireless.

145.   Verizon Wireless denies the allegations in paragraph 145 of the Complaint.

146.   Verizon Wireless denies the allegations in paragraph 146 of the Complaint.

147.   The allegations in paragraph 147 of the Complaint state a legal conclusion, to which no response is required.

148.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the Complaint, except admits that Lowell McAdam was a former officer of Verizon Wireless.

149.   Verizon Wireless admits the allegations in paragraph 149 of the Complaint.

150.   Verizon Wireless admits the allegations in paragraph 150 of the Complaint.

151.   Verizon Wireless denies the allegations in paragraph 151 of the Complaint.

152.   Verizon Wireless admits the allegations in paragraph 152 of the Complaint.

153.   Verizon Wireless denies the allegations in paragraph 153 of the Complaint.

154.   Verizon Wireless admits the allegations in paragraph 154 of the Complaint.

155.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Complaint, except denies the allegations as they pertain to Verizon Wireless.

156.   Verizon Wireless denies the allegations in paragraph 156 of the Complaint.

157.   The allegations in paragraph 157 of the Complaint state a legal conclusion, to which no response is required.

158.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 of the Complaint, except admits that Daniel Mead is an officer of Verizon Wireless.

159.   Verizon Wireless admits the allegations in paragraph 159 of the Complaint.

160.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 of the Complaint, except admits that Daniel Mead is an officer of Verizon Wireless.

161.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 of the Complaint, except admits that Daniel Mead is an officer of Verizon Wireless.

162.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the Complaint, except denies the allegations as they pertain to Verizon Wireless.

163.   There are no allegations in paragraph 163 of the Complaint.

164.   Verizon Wireless denies the allegations in paragraph 164 of the Complaint.

165.   Verizon Wireless denies the allegations in paragraph 165 of the Complaint.

166.   The allegations in paragraph 166 of the Complaint state a legal conclusion, to which no response is required.

167.   Verizon Wireless denies the allegations in paragraph 167 of the Complaint, except admits that Nancy Clark is an officer of Verizon Wireless.

168.   Verizon Wireless denies the allegations in paragraph 168 of the Complaint, except admits that Nancy Clark is an officer of Verizon Wireless.

169.   There are no allegations in paragraph 169 of the Complaint.

170.   Verizon Wireless denies the allegations in paragraph 170 of the Complaint.

171.   Verizon Wireless denies the allegations in paragraph 171 of the Complaint.

172.   The allegations in paragraph 172 of the Complaint state a legal conclusion, to which no response is required.

173.   Verizon Wireless denies the allegations in paragraph 173 of the Complaint, except admits that Patrick Devlin is an officer of Verizon Wireless.

174.   Verizon Wireless denies the allegations in paragraph 174 of the Complaint.

175.   Verizon Wireless denies the allegations in paragraph 175 of the Complaint.

176.   Verizon Wireless denies the allegations in paragraph 176 of the Complaint.

177.   Verizon Wireless denies the allegations in paragraph 177 of the Complaint.

178.   Verizon Wireless denies the allegations in paragraph 178 of the Complaint.

179.   Verizon Wireless denies the allegations in paragraph 179 of the Complaint.

180.   The allegations in paragraph 180 of the Complaint state a legal conclusion, to which no response is required.

181.   Verizon Wireless admits the allegations in paragraph 181 of the Complaint.

182.   Verizon Wireless denies the allegations in paragraph 182 of the Complaint.

183.   Verizon Wireless denies the allegations in paragraph 183 of the Complaint.

184.   Verizon Wireless denies the allegations in paragraph 184 of the Complaint.

185.   The allegations in paragraph 185 of the Complaint state a legal conclusion, to which no response is required.

186.   The allegations in paragraph 186 of the Complaint state a legal conclusion, to which no response is required.

187.   Verizon Wireless denies the allegations in paragraph 187 of the Complaint, except admits that Shahid Mohammed was a former Verizon Wireless employee.

188.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 of the Complaint, except denies that it was a party to an alleged "prepaid activation scheme."

189.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 of the Complaint, except denies that it was a party to an alleged "prepaid activation scheme."

190.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 of the Complaint, except denies that it was a party to an alleged "prepaid activation scheme."

191.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 of the Complaint, except admits that Shahid Mohammed worked in New York during his employment with Verizon Wireless.

192.   Verizon Wireless denies the allegations in paragraph 192 of the Complaint, to the extent that a response is required.

193.   Verizon Wireless admits the allegations in paragraph 193 of the Complaint.

194.   Verizon Wireless admits the allegations in paragraph 194 of the Complaint.

195.   Verizon Wireless denies the allegations in paragraph 195 of the Complaint.

196.   Verizon Wireless denies the allegations in paragraph 196 of the Complaint.

197.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 of the Complaint, except admits that Bell Atlantic Mobile Systems, Inc. ("BAM") is one of the partners of Verizon Wireless.

198.   Verizon Wireless denies the allegations in paragraph 198 of the Complaint.

199.   Verizon Wireless denies the allegations in paragraph 199 of the Complaint.

200.   Verizon Wireless admits the allegations in paragraph 200 of the Complaint.

201.   Verizon Wireless denies the allegations in paragraph 201 of the Complaint.

202.   Verizon Wireless denies the allegations in paragraph 202 of the Complaint.

203.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203 of the Complaint, except admits that GTE Wireless Incorporated ("GTE") is one of the partners of Verizon Wireless.

204.   Verizon Wireless denies the allegations in paragraph 204 of the Complaint.

205.   Verizon Wireless denies the allegations in paragraph 205 of the Complaint.

206.   Verizon Wireless admits the allegations in paragraph 206 of the Complaint.

207.   Verizon Wireless admits the allegations in paragraph 207 of the Complaint.

208.   Verizon Wireless denies the allegations in paragraph 208 of the Complaint.

209.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209 of the Complaint, except admits that PCS Nucleus, L.P. ("PCS") is one of the partners of Verizon Wireless.

210.   Verizon Wireless denies the allegations in paragraph 210 of the Complaint.

211.   Verizon Wireless denies the allegations in paragraph 211 of the Complaint.

212.   Verizon Wireless admits the allegations in paragraph 212 of the Complaint.

213.   Verizon Wireless admits the allegations in paragraph 213 of the Complaint.

214.   Verizon Wireless denies the allegations in paragraph 214 of the Complaint.

215.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215 of the Complaint, except admits that JV Partnerco, LLC ("JVP") is one of the partners of Verizon Wireless.

216.   Verizon Wireless denies the allegations in paragraph 216 of the Complaint.

217.   Verizon Wireless denies the allegations in paragraph 217 of the Complaint.

218.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218 of the Complaint, except admits that BAM, GTE, PCS, and JVC are the partners of Verizon Wireless.

219.   Verizon Wireless denies the allegations in paragraph 219 of the Complaint.

220.   Verizon Wireless denies the allegations in paragraph 220 of the Complaint, except admits that Pino Salonna is a Verizon Wireless employee, and that he signed the July 26, 2011 letter referenced in this paragraph, the contents of which speak for themselves.

221.   The allegations in paragraph 221 of the Complaint do not require a response.

222.   The allegations in paragraph 222 of the Complaint state a legal conclusion, to which no response is required.

223.   Verizon Wireless denies the allegations in paragraph 223 of the Complaint to the extent that any response is required, except admits that Christian Malenda, John Coyle and Keith Allocco were each former employees of Verizon Wireless, who at various times worked in New York.

## ADDITIONAL ALLEGED FACTS

224.   Verizon Wireless repeats and re-alleges its responses to paragraphs 1 through 223 of the Complaint as if fully set forth herein.

225.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225 of the Complaint.

226.   Verizon Wireless denies the allegations in paragraph 226 of the Complaint, and refers to the document referenced in this paragraph for its contents, which speak for themselves.

227.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227 of the Complaint.

228.   Verizon Wireless denies the allegations in paragraph 228 of the Complaint, except admits that ZCom engaged sub-agents, and that at one time, ZCom operated (either directly or through sub-agents) as many as 150 retail locations.

229.   Verizon Wireless admits the allegations in paragraph 229 of the Complaint.

230.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230 of the Complaint, except admits that ZCom engaged sub-agents, and that at one time, ZCom operated (either directly or through sub-agents) as many as 150 retail locations.

231.   Verizon Wireless admits the allegations in paragraph 231 of the Complaint.

232.   Verizon Wireless denies the allegations in paragraph 232 of the Complaint.

233.   Verizon Wireless admits the allegations in paragraph 233 of the Complaint.

234.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234 of the Complaint.

235.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 235 of the Complaint.

236.   Verizon Wireless denies the allegations in paragraph 236 of the Complaint, except admits that Verizon Wireless and ZCom were parties to the Agent Agreement, and that ZCom was not a franchisee of Verizon Wireless.

237.   Verizon Wireless denies the allegations in paragraph 237 of the Complaint, except admits that Verizon Wireless and ZCom were parties to the Agent Agreement.

238.   Verizon Wireless denies the allegations in paragraph 238 of the Complaint, and refers to the terms of the Agent Agreement, which speak for themselves.

239.   Verizon Wireless denies the allegations in paragraph 239 of the Complaint, except admits that it had paid compensation to ZCom under certain circumstances, and refers to the terms of the Agent Agreement, which speak for themselves.

240.   Verizon Wireless denies the allegations in paragraph 240 of the Complaint, except admits that it had paid compensation to ZCom under certain circumstances, and refers to the terms of the Agent Agreement, which speak for themselves.

241.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 241 of the Complaint, except admits that it had paid compensation to ZCom under certain circumstances, and denies that there had been "continued renewal" of any particular agreement between Verizon Wireless and ZCom.

242.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242 of the Complaint.

243.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243 of the Complaint, except denies that Patrick Devlin represented that "the relationship between ZCom and [Verizon Wireless] would be generational."

244.   Verizon Wireless denies the allegations in paragraph 244 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

245.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245 of the Complaint.

246.   Verizon Wireless denies the allegations in paragraph 246 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

247.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 247 of the Complaint, except admits that Verizon Wireless would not involve itself in compensation disputes between ZCom and ZCom's sub-agents.

248.   Verizon Wireless denies the allegations in paragraph 248 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

249.   Verizon Wireless denies the allegations in paragraph 249 of the Complaint, and refers to the terms of the Agent Agreement, which speak for themselves.

250.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250 of the Complaint.

251.   Verizon Wireless denies the allegations in paragraph 251 of the Complaint.

252.   Verizon Wireless denies the allegations in paragraph 252 of the Complaint.

253.   Verizon Wireless denies the allegations in paragraph 253 of the Complaint.

254.   Verizon Wireless denies the allegations in paragraph 254 of the Complaint.

255.   Verizon Wireless denies the allegations in paragraph 255 of the Complaint.

256.   Verizon Wireless denies the allegations in paragraph 256 of the Complaint.

257.   Verizon Wireless denies the allegations in paragraph 257 of the Complaint.

258.   Verizon Wireless denies the allegations in paragraph 258 of the Complaint.

259.   Verizon Wireless denies the allegations in paragraph 259 of the Complaint.

260.   Verizon Wireless denies the allegations in paragraph 260 of the Complaint.

261.   Verizon Wireless admits the allegations in paragraph 261 of the Complaint.

262.   Verizon Wireless denies the allegations in paragraph 262 of the Complaint, and refers to the e-mails identified in this paragraph, the contents of which speak for themselves.

263.   Verizon Wireless denies the allegations in paragraph 263 of the Complaint.

264.   Verizon Wireless denies the allegations in paragraph 264 of the Complaint.

265.   Verizon Wireless denies the allegations in paragraph 265 of the Complaint.

266.   Verizon Wireless denies the allegations in paragraph 266 of the Complaint.

267.   Verizon Wireless denies the allegations in paragraph 267 of the Complaint.

268.   Verizon Wireless denies the allegations in paragraph 268 of the Complaint, except admits that it used an incentive device known as a "SPIFF" under certain circumstances, and refers to the terms of the Agent Agreement, which speak for themselves.

269.   Verizon Wireless denies the allegations in paragraph 269 of the Complaint.

270.   Verizon Wireless denies the allegations in paragraph 270 of the Complaint.

271.   Verizon Wireless denies the allegations in paragraph 271 of the Complaint.

272.   Verizon Wireless denies the allegations in paragraph 272 of the Complaint.

273.   Verizon Wireless denies the allegations in paragraph 273 of the Complaint.

274.   Verizon Wireless denies the allegations in paragraph 274 of the Complaint.

275.   Verizon Wireless denies the allegations in paragraph 275 of the Complaint.

276.   Verizon Wireless denies the allegations in paragraph 276 of the Complaint.

277.   Verizon Wireless denies the allegations in paragraph 277 of the Complaint.

278.   Verizon Wireless denies the allegations in paragraph 278 of the Complaint.

279.   Verizon Wireless denies the allegations in paragraph 279 of the Complaint, except admits that it deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

280.   Verizon Wireless denies the allegations in paragraph 280 of the Complaint.

281.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 281 of the Complaint.

282.   Verizon Wireless denies the allegations in paragraph 282 of the Complaint.

283.   Verizon Wireless denies the allegations in paragraph 283 of the Complaint.

284.   Verizon Wireless denies the allegations in paragraph 284 of the Complaint.

285.   Verizon Wireless admits that it paid ZCom certain commissions and "SPIFF" incentive payments in connection with certain pre-paid activations made by or on behalf of ZCom.

286.   Verizon Wireless denies the allegations in paragraph 286 of the Complaint, except admits that it deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

287.   Verizon Wireless denies the allegations in paragraph 287 of the Complaint.

288.   Verizon Wireless denies the allegations in paragraph 288 of the Complaint.

289.   Verizon Wireless denies the allegations in paragraph 289 of the Complaint.

290.   Verizon Wireless denies the allegations in paragraph 290 of the Complaint.

291.   Verizon Wireless denies the allegations in paragraph 291 of the Complaint.

292.   Verizon Wireless denies the allegations in paragraph 292 of the Complaint.

293.   Verizon Wireless denies the allegations in paragraph 293 of the Complaint.

294.   Verizon Wireless denies the allegations in paragraph 294 of the Complaint.

295.   Verizon Wireless denies the allegations in paragraph 295 of the Complaint.

296.   Verizon Wireless denies the allegations in paragraph 296 of the Complaint.

297.   Verizon Wireless denies the allegations in paragraph 297 of the Complaint.

298.   Verizon Wireless denies the allegations in paragraph 298 of the Complaint.

299.   Verizon Wireless denies the allegations in paragraph 299 of the Complaint.

300.   Verizon Wireless denies the allegations in paragraph 300 of the Complaint.

301.   Verizon Wireless denies the allegations in paragraph 301 of the Complaint.

302.   Verizon Wireless denies the allegations in paragraph 302 of the Complaint.

303.   Verizon Wireless denies the allegations in paragraph 303 of the Complaint.

304.   Verizon Wireless denies the allegations in paragraph 304 of the Complaint.

305.   Verizon Wireless denies the allegations in paragraph 305 of the Complaint.

306.   Verizon Wireless denies the allegations in paragraph 306 of the Complaint.

307.   Verizon Wireless denies the allegations in paragraph 307 of the Complaint.

308.   Verizon Wireless denies the allegations in paragraph 308 of the Complaint.

309.   Verizon Wireless denies the allegations in paragraph 309 of the Complaint.

310.   Verizon Wireless denies the allegations in paragraph 310 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

311.   Verizon Wireless denies the allegations in paragraph 311 of the Complaint.

312.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 312 of the Complaint, except denies that it was a party to an alleged "pre-paid fraudulent scheme."

313.   Verizon Wireless denies the allegations in paragraph 313 of the Complaint.

314.   Verizon Wireless denies the allegations in paragraph 314 of the Complaint.

315.   Verizon Wireless denies the allegations in paragraph 315 of the Complaint.

316.   Verizon Wireless denies the allegations in paragraph 316 of the Complaint.

317.   Verizon Wireless denies the allegations in paragraph 317 of the Complaint.

318.   Verizon Wireless denies the allegations in paragraph 318 of the Complaint.

319.   Verizon Wireless denies the allegations in paragraph 319 of the Complaint.

320.   Verizon Wireless denies the allegations in paragraph 320 of the Complaint.

321.   Verizon Wireless denies the allegations in paragraph 321 of the Complaint.

322.   Verizon Wireless denies the allegations in paragraph 322 of the Complaint.

323.   Verizon Wireless denies the allegations in paragraph 323 of the Complaint.

324.    The allegations in paragraph 324 of the Complaint state a legal conclusion, to which no response is required.

26

325.   Verizon Wireless denies the allegations in paragraph 325 of the Complaint.

326.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 326 of the Complaint.

327.   Verizon Wireless denies the allegations in paragraph 327 of the Complaint.

328.   Verizon Wireless denies the allegations in paragraph 328 of the Complaint.

329.   Verizon Wireless denies the allegations in paragraph 329 of the Complaint.

330.   Verizon Wireless denies the allegations in paragraph 330 of the Complaint.

331.   Verizon Wireless denies the allegations in paragraph 331 of the Complaint.

332.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 332 of the Complaint, except denies that Verizon Wireless engaged in an inappropriate level of "direct contact" with ZCom sub-agents.

333.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 333 of the Complaint to the extent that a response is required, and refers to the Agent Agreement, the terms of which speak for themselves.

334.   Verizon Wireless denies the allegations in paragraph 334 of the Complaint.

335.   Verizon Wireless denies the allegations in paragraph 335 of the Complaint.

336.   Verizon Wireless denies the allegations in paragraph 336 of the Complaint, and refers to the e-mails referenced in this paragraph, the contents of which speak for themselves.

337.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 337 of the Complaint.

338.   Verizon Wireless denies the allegations in paragraph 338 of the Complaint, except admits receiving the November 29, 2009 e-mail referenced in this paragraph, the contents of which speak for themselves.

339.   Verizon Wireless denies the allegations in paragraph 339 of the Complaint.

340.   Verizon Wireless denies the allegations in paragraph 340 of the Complaint, and refers to the May 2, 2010 e-mail referenced in this paragraph, the contents of which speak for themselves.

341.   Verizon Wireless denies the allegations in paragraph 341 of the Complaint, except admits that it approved new ZCom and ZCom sub-agent locations at various times.

342.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 342 of the Complaint, except denies that any "illegal freeze out" of ZCom took place.

343.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 343 of the Complaint.

344.   Verizon Wireless denies the allegations in paragraph 344 of the Complaint.

345.   Verizon Wireless denies the allegations in paragraph 345 of the Complaint, except admits that new ZCom and ZCom sub-agent locations were subject to approval by Verizon Wireless.

346.   Verizon Wireless denies the allegations in paragraph 346 of the Complaint.

347.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 347 of the Complaint, except denies that it was a party to an alleged "scam."

348.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 348 of the Complaint, except admits that its investigation uncovered evidence of fictitious prepaid accounts activated by or on behalf of ZCom, and denies that it collaborated with Shelly Bhumitra or Poonam Sawhney.

349.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 349 of the Complaint.

350.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 350 of the Complaint.

351.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 351 of the Complaint.

352.   Verizon Wireless denies the allegations in paragraph 352 of the Complaint.

353.   Verizon Wireless denies the allegations in paragraph 353 of the Complaint.

354.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 354 of the Complaint.

355.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 354 of the Complaint, except admits that at one time, ZCom operated (either directly or through sub-agents) as many as 150 retail locations.

356.   Verizon Wireless denies the allegations in paragraph 356 of the Complaint.

357.   Verizon Wireless denies the allegations in paragraph 357 of the Complaint.

358.   Verizon Wireless denies the allegations in paragraph 358 of the Complaint.

359.   Verizon Wireless denies the allegations in paragraph 359 of the Complaint.

360.   Verizon Wireless denies the allegations in paragraph 360 of the Complaint.

361.   Verizon Wireless denies the allegations in paragraph 361 of the Complaint.

362.   Verizon Wireless denies the allegations in paragraph 362 of the Complaint.

363.   Verizon Wireless denies the allegations in paragraph 363 of the Complaint.

364.   Verizon Wireless denies the allegations in paragraph 364 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

365.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 365 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances, and denies that any such deductions were made pursuant to any premeditated plan by Verizon Wireless.

366.   Verizon Wireless denies the allegations in paragraph 366 of the Complaint, and refers to the April 3, 2010 e-mail referenced in this paragraph, the contents of which speak for themselves.

367.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 367 of the Complaint.

368.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 368 of the Complaint, except denies that it "wrongfully terminated" ZCom.

369.   Verizon Wireless denies the allegations in paragraph 369 of the Complaint.

370.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 370 of the Complaint, except admits

that ZCom cancelled a previously scheduled meeting with Verizon Wireless investigator Bruno Pavlicek.

371.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 371 of the Complaint, except denies that Bruno Pavlicek of Verizon Wireless was collaborating with Shelly Bhumitra.

372.   Verizon Wireless denies the allegations in paragraph 372 of the Complaint, except admits that it terminated the employment of Thomas Varghese, John Coyle, Christian Malenda, and Shahid Mohammed.

373.   Verizon Wireless denies the allegations in paragraph 373 of the Complaint, except admits that it conducted investigations into suspected fraudulent activity in connection with the sale of pre-paid wireless services by several Verizon Wireless sales agents, including ZCom.

374.   Verizon Wireless denies the allegations in paragraph 374 of the Complaint.

375.   Verizon Wireless denies the allegations in paragraph 375 of the Complaint.

376.   Verizon Wireless denies the allegations in paragraph 376 of the Complaint.

377.   Verizon Wireless denies the allegations in paragraph 377 of the Complaint, except admits that it conducted investigations into suspected fraudulent activity in connection with the sale of pre-paid wireless services by several Verizon Wireless sales agents, including ZCom.

378.   Verizon Wireless denies the allegations in paragraph 378 of the Complaint.

379.   Verizon Wireless denies the allegations in paragraph 379 of the Complaint.

380.   Verizon Wireless admits that its investigators, Anthony Fiocco and Bruno Pavlicek, each met with ZCom in connection with Verizon Wireless's investigations into

suspected fraudulent activity in connection with the sale of pre-paid wireless services by several Verizon Wireless sales agents, including ZCom.

381.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 381 of the Complaint.

382.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 382 of the Complaint.

383.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 383 of the Complaint.

384.   Verizon Wireless admits that Bruno Pavlicek accurately advised Charu Sodhi of ZCom of the purpose of Verizon Wireless's investigation.

385.   Verizon Wireless denies the allegations in paragraph 385 of the Complaint.

386.   Verizon Wireless denies the allegations in paragraph 386 of the Complaint.

387.   Verizon Wireless denies the allegations in paragraph 387 of the Complaint, except admits that ZCom shared various materials with Bruno Pavlicek during the course of Verizon Wireless's investigation.

388.   Verizon Wireless denies the allegations in paragraph 388 of the Complaint, except admits that ZCom may have made certain comments about its pre-paid activation sales during the course of Verizon Wireless's investigation.

389.   Verizon Wireless denies the allegations in paragraph 389 of the Complaint, except admits that, during the course of Verizon Wireless's investigation, ZCom representatives may have made certain statements to Bruno Pavlicek about potential forms of fraud that could be employed by Verizon Wireless agents in the activation of pre-paid accounts.

390.   Verizon Wireless denies the allegations in paragraph 390 of the Complaint.

391.   Verizon Wireless admits the allegations in paragraph 391 of the Complaint.

392.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 392 of the Complaint.

393.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 393 of the Complaint, except admits that Pino Salonna suggested to Charu Sodhi that she discuss any interest in becoming a Verizon Wireless agent with Thomas Varghese.

394.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 394 of the Complaint, except denies that Pino Salonna "instructed" Charu Sodhi to call Thomas Varghese.

395.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 395 of the Complaint.

396.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 396 of the Complaint.

397.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 397 of the Complaint.

398.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 398 of the Complaint.

399.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 399 of the Complaint.

400.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 400 of the Complaint.

401.   Verizon Wireless denies the allegations in paragraph 401 of the Complaint, except admits that Bruno Pavlicek met with Charu Sodhi in or around February 2011 in connection with an ongoing Verizon Wireless investigation.

402.   Verizon Wireless admits that Bruno Pavlicek received a written statement from Charu Sodhi, and refers to that statement for its contents, which speak for themselves.

403.   Verizon Wireless denies the allegations in paragraph 403 of the Complaint.

404.   Verizon Wireless admits the allegations in paragraph 404 of the Complaint, and refers to the July 26, 2011 letter referenced in this paragraph, the contents of which speak for themselves.

405.   Verizon Wireless denies the allegations in paragraph 405 of the Complaint, and refers to the August 24, 2011 letter and September 16, 2011 e-mail for their respective contents, which speak for themselves.

406.   Verizon Wireless denies the allegations in paragraph 406 of the Complaint, except admits that ZCom's status as an authorized Verizon Wireless sales agent terminated on January 31, 2012 with the termination of the Agent Agreement.

407.   Verizon Wireless denies the allegations in paragraph 407 of the Complaint, except admits that ZCom's status as an authorized Verizon Wireless sales agent terminated on January 31, 2012 with the termination of the Agent Agreement.

408.   Verizon Wireless denies the allegations in paragraph 408 of the Complaint.

409.   Verizon Wireless denies the allegations in paragraph 409 of the Complaint, and refers to the July 26, 2011 letter referenced in this paragraph, the contents of which speak for themselves.

410.   Verizon Wireless denies the allegations in paragraph 410 of the Complaint.

411.   Verizon Wireless denies the allegations in paragraph 411 of the Complaint.

412.   Verizon Wireless denies the allegations in paragraph 412 of the Complaint.

413.   Verizon Wireless denies the allegations in paragraph 413 of the Complaint.

414.   Verizon Wireless denies the allegations in paragraph 414 of the Complaint.

415.   Verizon Wireless admits the allegations in paragraph 415 of the Complaint.

416.   Verizon Wireless refers to the Agent Agreement for its terms, which speak for themselves.

417.   The allegations in paragraph 417 of the Complaint state a legal conclusion, to which no response is required.

418.   The allegations in paragraph 418 of the Complaint state a legal conclusion, to which no response is required.

419.   The allegations in paragraph 419 of the Complaint state a legal conclusion, to which no response is required.

420.   The allegations in paragraph 420 of the Complaint state a legal conclusion, to which no response is required.

421.   The allegations in paragraph 421 of the Complaint state a legal conclusion, to which no response is required.

422.   Verizon Wireless admits that it drafted the Agent Agreement, and refers to the Agent Agreement for its terms, which speak for themselves.

423.   Verizon Wireless denies the allegations in paragraph 423 of the Complaint.

424.   Verizon Wireless denies the allegations in paragraph 424 of the Complaint.

425.   The allegations in paragraph 425 of the Complaint state a legal conclusion, to which no response is required.

426.   The allegations in paragraph 426 of the Complaint state a legal conclusion, to which no response is required.

427.   The allegations in paragraph 427 of the Complaint state a legal conclusion, to which no response is required.

428.   The allegations in paragraph 428 of the Complaint state a legal conclusion, to which no response is required.

429.   Verizon Wireless denies the allegations in paragraph 429 of the Complaint.

430.   Verizon Wireless denies the allegations in paragraph 430 of the Complaint.

431.   Verizon Wireless denies the allegations in paragraph 431 of the Complaint.

432.   Verizon Wireless denies the allegations in paragraph 432 of the Complaint.

433.   Verizon Wireless denies the allegations in paragraph 433 of the Complaint, except admits receipt of the August 18, 2011 letter referenced in this paragraph, the contents of which speak for themselves, and refers to the August 24, 2011 letter referenced in this paragraph, the contents of which speak for themselves.

434.   Verizon Wireless denies the allegations in paragraph 434 of the Complaint.

435.   Verizon Wireless denies the allegations in paragraph 435 of the Complaint.

436.   Verizon Wireless denies the allegations in paragraph 436 of the Complaint.

437.   Verizon Wireless denies the allegations in paragraph 437 of the Complaint.

438.   Verizon Wireless denies the allegations in paragraph 438 of the Complaint, except admits receipt of the August 30, 2011 e-mail referenced in this paragraph, the contents of which speak for themselves, and refers to the September 16, 2011 e-mail

referenced in this paragraph, the contents of which speak for themselves.

439.   Verizon Wireless denies the allegations in paragraph 439 of the Complaint.

440.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 440 of the Complaint, except denies issuing any "instructions" to ZCom.

441.   Verizon Wireless denies the allegations in paragraph 441 of the Complaint, except admits that ZCom proposed a sale of certain of ZCom's locations to another Verizon Wireless agent, United Telecom USA, Inc., in late 2011.

442.   Verizon Wireless admits the allegations in paragraph 442 of the Complaint.

443.   Verizon Wireless admits the allegations in paragraph 443 of the Complaint.

444.   Verizon Wireless admits the allegations in paragraph 444 of the Complaint.

445.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 445 of the Complaint.

446.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 446 of the Complaint.

447.   Verizon Wireless denies the allegations in paragraph 447 of the Complaint.

448.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 448 of the Complaint, except admits receipt of and refers to the October 10, 2011, October 12, 2011, October 14, 2011, November 4, 2011 and November 10, 2011 e-mails referenced in this paragraph, the respective contents of which speak for themselves.

449.   Verizon Wireless denies the allegations in paragraph 449 of the Complaint.

450.   Verizon Wireless denies the allegations in paragraph 450 of the Complaint, and refers to the e-mails referenced in this paragraph, the respective contents of which speak for themselves.

451.   Verizon Wireless denies the allegations in paragraph 451 of the Complaint.

452.   Verizon Wireless denies the allegations in paragraph 452 of the Complaint, except admits receipt of and refers to each of the e-mails referenced in this paragraph, the respective contents of which speak for themselves.

453.   Verizon Wireless denies the allegations in paragraph 453 of the Complaint.

454.   Verizon Wireless denies the allegations in paragraph 454 of the Complaint.

455.   Verizon Wireless denies the allegations in paragraph 455 of the Complaint.

456.   Verizon Wireless denies the allegations in paragraph 456 of the Complaint.

457.   Verizon Wireless denies the allegations in paragraph 457 of the Complaint, except admits that after February 1, 2012, certain former ZCom sub-agents became direct sales agents of Verizon Wireless.

458.   Verizon Wireless repeats and re-alleges its responses to paragraphs 1 through 457 of the Complaint as if fully set forth herein.

459.   Verizon Wireless denies the allegations in paragraph 459 of the Complaint.

460.   Verizon Wireless denies the allegations in paragraph 461 of the Complaint.

461.   Verizon Wireless denies the allegations in paragraph 461 of the Complaint.

462.   Verizon Wireless refers to the alleged transcribed telephone conversation between Jorge Velez and Sandeep Girhotra, and the Affidavit of Sandeep Girhotra, referenced in this paragraph for their respective contents, which speak for themselves.

463.   Verizon Wireless denies the allegations in paragraph 463 of the Complaint.

464.   Verizon Wireless denies the allegations in paragraph 464 of the Complaint, except admits that it had paid compensation to ZCom under certain circumstances.

465.   Verizon Wireless admits the allegations in paragraph 465 of the Complaint.

466.   Verizon Wireless denies the allegations in paragraph 466 of the Complaint.

467.   Verizon Wireless denies the allegations in paragraph 467 of the Complaint, except admits that pre-paid activations were not considered in determining whether ZCom had met the minimum activation levels set forth in the Agent Agreement.

468.   Verizon Wireless admits the allegations in paragraph 468 of the Complaint.

## JURISDICTION AND VENUE

469.   Verizon Wireless repeats and re-alleges its responses to paragraphs 1 through 468 of the Complaint as if fully set forth herein.

470.   The allegations in paragraph 470 of the Complaint do not require a response.

471.   Verizon Wireless denies the allegations in paragraph 471 of the Complaint, except admits that venue is proper in this judicial district.

472.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 472 of the Complaint, except admits that venue is proper in this judicial district.

473.   The allegations in paragraph 473 of the Complaint do not require a response.

474.   The allegations in paragraph 474 of the Complaint do not require a response, except Verizon Wireless notes that venue does not "currently rest in the District of New Jersey."

475.   The allegations in paragraph 475 of the Complaint do not require a response.

476.   The allegations in paragraph 476 of the Complaint do not require a response.

## FIRST CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

477. – 570.   The allegations in paragraphs 477 through 570 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## SECOND CAUSE OF ACTION FOR FRAUD AND DECEIT

571.   Verizon Wireless repeats and re-alleges its responses to paragraphs 1 through 476 of the Complaint as if fully set forth herein.

572.   Verizon Wireless denies the allegations in paragraph 572 of the Complaint.

573.   Verizon Wireless denies the allegations in paragraph 573 of the Complaint.

574.   Verizon Wireless denies the allegations in paragraph 574 of the Complaint.

575.   Verizon Wireless denies the allegations in paragraph 575 of the Complaint.

576.   Verizon Wireless denies the allegations in paragraph 576 of the Complaint.

577.   Verizon Wireless denies the allegations in paragraph 466 of the Complaint, except admits that it deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

578.   Verizon Wireless denies the allegations in paragraph 578 of the Complaint.

579.   Verizon Wireless denies the allegations in paragraph 579 of the Complaint.

580.   Verizon Wireless denies the allegations in paragraph 580 of the Complaint.

581.   Verizon Wireless denies the allegations in paragraph 581 of the Complaint.

582.   Verizon Wireless denies the allegations in paragraph 582 of the Complaint.

583.   Verizon Wireless denies the allegations in paragraph 583 of the Complaint.

584.   Verizon Wireless denies the allegations in paragraph 584 of the Complaint.

585.   Verizon Wireless denies the allegations in paragraph 585 of the Complaint.

586.   Verizon Wireless denies the allegations in paragraph 586 of the Complaint, except admits that it had paid compensation to ZCom under certain circumstances.

587.   Verizon Wireless denies the allegations in paragraph 587 of the Complaint.

588.   Verizon Wireless denies the allegations in paragraph 588 of the Complaint.

589.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 589 of the Complaint, except denies that it "conveyed" any "prepaid activation program marketing instructions" to ZCom or ZCom sub-agents.

590.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 590 of the Complaint, except admits that pre-paid accounts activated by or on behalf of ZCom were recorded by Verizon Wireless as new activations.

591.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 591 of the Complaint.

592.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 592 of the Complaint, except admits that it deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

593.   Verizon Wireless denies the allegations in paragraph 593 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

594.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 594 of the Complaint, except admits that it deducted certain amounts from the regular compensation paid to ZCom under certain circumstances, and denies that it "directed" ZCom to make any pre-paid activations.

595.   Verizon Wireless denies the allegations in paragraph 595 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

596.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 596 of the Complaint.

597.   Verizon Wireless denies the allegations in paragraph 597 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

598.   Verizon Wireless denies the allegations in paragraph 598 of the Complaint.

599.   Verizon Wireless denies the allegations in paragraph 599 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

600.   Verizon Wireless denies the allegations in paragraph 600 of the Complaint.

601.   Verizon Wireless denies the allegations in paragraph 601 of the Complaint.

602.   Verizon Wireless denies the allegations in paragraph 602 of the Complaint.

603.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 603 of the Complaint, except admits that it deducted certain amounts from the regular compensation paid to ZCom under certain circumstances, and denies that it "directed" ZCom to make any pre-paid activations, and denies that any such accounts were "fraudulently activated" at Verizon Wireless's "direction and insistence."

604.   Verizon Wireless denies the allegations in paragraph 604 of the Complaint, except admits that Verizon Wireless has deducted certain amounts from the regular compensation paid to ZCom under certain circumstances.

605.   Verizon Wireless denies the allegations in paragraph 605 of the Complaint.

606.   Verizon Wireless denies the allegations in paragraph 606 of the Complaint.

607.   Verizon Wireless denies the allegations in paragraph 607 of the Complaint.

608.   Verizon Wireless denies the allegations in paragraph 608 of the Complaint.

609.   Verizon Wireless denies the allegations in paragraph 609 of the Complaint.

610.   Verizon Wireless denies the allegations in paragraph 610 of the Complaint.

611.   Verizon Wireless denies the allegations in paragraph 611 of the Complaint.

612.   Verizon Wireless denies the allegations in paragraph 612 of the Complaint.

613.   Verizon Wireless denies the allegations in paragraph 613 of the Complaint.

614.   Verizon Wireless denies the allegations in paragraph 614 of the Complaint.

**THIRD CAUSE OF ACTION FOR MISREPRESENTATION**

615.   Verizon Wireless repeats and re-alleges its responses to paragraphs 1 through 476 and 572 to 614 of the Complaint as if fully set forth herein.

616.   Verizon Wireless denies the allegations in paragraph 616 of the Complaint.

617.   Verizon Wireless denies the allegations in paragraph 617 of the Complaint.

618.   Verizon Wireless denies the allegations in paragraph 618 of the Complaint.

619.   Verizon Wireless denies the allegations in paragraph 619 of the Complaint, except admits that ZCom would receive commissions for valid pre-paid accounts activated by or on behalf of ZCom according to the terms of the Agent Agreement, which speak for themselves.

620.   Verizon Wireless denies the allegations in paragraph 620 of the Complaint.

621.   Verizon Wireless denies the allegations in paragraph 621 of the Complaint.

622.   Verizon Wireless denies the allegations in paragraph 622 of the Complaint.

623.   Verizon Wireless denies the allegations in paragraph 623 of the Complaint.

624.   Verizon Wireless denies the allegations in paragraph 624 of the Complaint, except admits that that it had paid compensation to ZCom under certain circumstances.

625.   Verizon Wireless denies the allegations in paragraph 625 of the Complaint.

626.   Verizon Wireless denies the allegations in paragraph 626 of the Complaint.

627.   Verizon Wireless denies the allegations in paragraph 627 of the Complaint.

628.   Verizon Wireless denies the allegations in paragraph 628 of the Complaint.

629.   Verizon Wireless denies the allegations in paragraph 629 of the Complaint.

630.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 630 of the Complaint, except denies that it "instructed" ZCom to make any pre-paid activations.

631.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 631 of the Complaint, except denies that Verizon Wireless was a party to a "scheme" associated with pre-paid activations.

632.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 632 of the Complaint.

633.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 633 of the Complaint, except denies that Verizon Wireless was a party to a "scheme" associated with pre-paid activations.

634.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 634 of the Complaint, except denies that Verizon Wireless was a party to a "prepaid marketing scheme" associated with pre-paid activations.

635.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 635 of the Complaint, except denies that Verizon Wireless did not intend to pay commissions to ZCom.

636.   Verizon Wireless denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 636 of the Complaint, except denies that Verizon Wireless intended to "charge back" commissions paid to ZCom.

637.   Verizon Wireless denies the allegations in paragraph 637 of the Complaint.

638.   Verizon Wireless denies the allegations in paragraph 638 of the Complaint.

639.   Verizon Wireless denies the allegations in paragraph 639 of the Complaint.

640.   Verizon Wireless denies the allegations in paragraph 640 of the Complaint.

641.   Verizon Wireless denies the allegations in paragraph 641 of the Complaint.

642.   Verizon Wireless denies the allegations in paragraph 642 of the Complaint.

643.   Verizon Wireless denies the allegations in paragraph 643 of the Complaint.

644.   Verizon Wireless denies the allegations in paragraph 644 of the Complaint.

645.   Verizon Wireless denies the allegations in paragraph 645 of the Complaint.

646.   Verizon Wireless denies the allegations in paragraph 646 of the Complaint.

647.   Verizon Wireless denies the allegations in paragraph 647 of the Complaint.

## FOURTH CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

648. – 685.   The allegations in paragraphs 648 through 685 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## FIFTH CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

686. – 713.   The allegations in paragraphs 686 through 713 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## SIXTH CAUSE OF ACTION FOR INJURIOUS FALSEHOOD

714. – 746.   The allegations in paragraphs 714 through 746 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## SEVENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

747. – 760.   The allegations in paragraphs 747 through 760 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## EIGHTH CAUSE OF ACTION FOR BREACH OF CONTRACT

761. – 782.   The allegations in paragraphs 761 through 782 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this

Court.

## NINTH CAUSE OF ACTION FOR BREACH OF CONTRACT

783. – 815.   The allegations in paragraphs 783 through 815 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## TENTH CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

816. – 845.   The allegations in paragraphs 816 through 845 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## ELEVENTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT

846. – 862.   The allegations in paragraphs 846 through 862 of the Complaint require no response, as this claim was dismissed pursuant to a June 4, 2013 Order of this Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Verizon Wireless upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims in the Complaint are barred by the doctrines of estoppel and waiver.

### THIRD AFFIRMATIVE DEFENSE

The claims in the Complaint are barred by the doctrine of *in pari delicto*, or any recovery should be reduced, to the extent of ZCom's own culpable conduct, including its own contributory or comparative negligence.

## FOURTH AFFIRMATIVE DEFENSE

The injuries alleged in the Complaint were not caused by the incidents alleged therein.

## FIFTH AFFIRMATIVE DEFENSE

ZCom has not suffered any damages, or in the alternative, any damages that ZCom may have suffered were caused by its own conduct.

## SIXTH AFFIRMATIVE DEFENSE

ZCom lacks standing to assert the claims in the Complaint to the extent that such claims are based on alleged misrepresentations or omissions allegedly made to sub-agents of ZCom.

## SEVENTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred because ZCom failed to mitigate its alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

Third parties over whom Verizon Wireless exercised no control, rather than Verizon Wireless, are liable for all or a portion of ZCom's alleged injuries.

## NINTH AFFIRMATIVE DEFENSE

The claims of ZCom are barred by the limitations of liability and limitation of remedies provisions in the Agent Agreement.

## TENTH AFFIRMATIVE DEFENSE

The claims of ZCom are barred by the disclaimers of representations and warranties set forth in the Agent Agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that ZCom claims exemplary or punitive damages, such awards are prohibited under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that ZCom claims exemplary or punitive damages, it fails to allege claims sufficient to entitle it to such an award.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that ZCom assert claims against Verizon Wireless based upon the acts or omissions of third parties pursuant to the doctrine of *respondeat superior*, all such claims are barred because the third parties acted beyond the scope of their employment by Verizon Wireless and in their own personal and selfish interests.

## FOURTEENTH AFFIRMATIVE DEFENSE

Verizon Wireless intends to rely on any additional affirmative defenses which become available or apparent during discovery, and thus reserves the right to amend this Answer to assert such additional defenses.

## **COUNTERCLAIM FOR BREACH OF CONTRACT**

1.   Defendant-Counterclaim Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") is a Delaware general partnership with its principal place of business at One Verizon Way, Basking Ridge, New Jersey.  Verizon Wireless a wireless communications service provider, selling wireless service, handsets and accessories directly through stores that it owns and operates, as well as through third-party agents and retailers that it selects and approves.

2.   Upon information and belief, Plaintiff-Counterclaim Defendant In Touch Concepts, Inc., d/b/a ZCom ("ZCom") is a New York corporation with its principal place of business at 100 West Nicholai Street, Hicksville, New York.  Until January 31, 2012, ZCom was in the business of selling wireless service and goods, both directly and through a network of sub-agents, at approximately 140 retail stores in multiple states.

3.   This Court has jurisdiction over Verizon Wireless's counterclaim pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

4.   Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (c), as a substantial number of the events giving rise to ZCom's claims and Verizon Wireless's counterclaim occurred in this judicial district, and because ZCom is subject to personal jurisdiction in this judicial district.

5.   This Court has personal jurisdiction over ZCom, which has transacted business in the State of New York in connection with the matters at issue.

6.   On or about October 7, 2008, Verizon Wireless entered into an Agent Agreement with ZCom regarding the sale of Verizon Wireless service in several geographic areas, including the entire State of New York (the "Agent Agreement").  The parties amended the Agent Agreement on 34 separate occasions to authorize ZCom to sell Verizon Wireless service in additional areas.

7.   Paragraph 4.3 of and Exhibit H to the Agent Agreement permitted ZCom to purchase certain telecommunications equipment directly from Verizon Wireless in connection with the operation of its agency.  Verizon Wireless would invoice ZCom for

such purchases on a regular basis, typically within three business days of shipment of each piece of equipment purchased by ZCom.

8.   Pursuant to paragraph 5.1 of and Exhibit B to the Agent Agreement, ZCom would earn compensation, including commissions, based upon new customer accounts activated or upgraded by ZCom, or by ZCom sub-agents acting on ZCom's behalf. Paragraph 9 of the Agent Agreement further provided, however, that such commission payments were subject to certain offsets by Verizon Wireless, including without limitation, for amounts due to Verizon Wireless for equipment purchased by ZCom.

9.   Paragraph 10.11 of the Agent Agreement expressly provides that all obligations of the parties shall survive the expiration or termination of the Agent Agreement, and that each party's respective obligations to perform shall continue in full force and effect after and notwithstanding the expiration or termination of the Agent Agreement, until satisfied in full.

10.  By letter dated July 26, 2011, Verizon Wireless provided notice to ZCom that the parties' agency relationship would terminate in six months, effective January 31, 2012.

11.  Following ZCom's unsuccessful attempt to enjoin the termination of the parties' agency relationship from taking place, the parties' agency relationship in fact terminated on January 31, 2012.

12.  By letter dated August 16, 2012 from Pino Salonna, a Director for Indirect Operations at Verizon Wireless to Victor Singh, the President and sole owner of ZCom, Verizon Wireless advised ZCom that ZCom currently owed $1,138,065.13 to Verizon Wireless in connection with unpaid invoices for equipment purchases made by ZCom

during the term of the parties' agency relationship.  Mr. Salonna specifically advised Mr. Singh that these invoices totaled $4,196,589.99.  Because Verizon Wireless had determined that ZCom was then owed a total of $3,058,524.86 in commissions earned by ZCom, net of certain offsets, it credited this amount against the amount due for the above-described equipment, leaving a balance due to Verizon Wireless of $1,138,065.13. Mr. Salonna demanded that ZCom make payment of this amount by September 30, 2012.

13.   Mr. Salonna further advised Mr. Singh in his August 16, 2012 letter that if payment was not made by September 30, 2012, Verizon Wireless would take all necessary steps to protect its legal rights to recover this amount from ZCom.  Mr. Salonna invited Mr. Singh to call him to discuss the issue.

14.   To date, Verizon Wireless has not made any payment on the outstanding $1,138,065.13 balance for unpaid equipment purchases.

15.   To date, neither Mr. Singh, nor anyone else purporting to act on ZCom's behalf, responded in any manner to Mr. Salonna's August 16, 2012 letter.  Nor has Mr. Singh, nor anyone else purporting to act on ZCom's behalf, contacted Mr. Salonna or anyone else at Verizon Wireless to discuss Mr. Salonna's August 16, 2012 letter or to attempt to negotiate with respect to ZCom's outstanding $1,138,065.13 balance for unpaid equipment purchases.

16.   The Agent Agreement was a valid and binding contract between Verizon Wireless and ZCom.

17.   Verizon Wireless fully performed all of its obligations to ZCom under the Agent Agreement.

18.   By failing to pay Verizon Wireless the outstanding $1,138,065.13 balance for unpaid equipment purchases, ZCom breached the Agent Agreement.

19.   As a direct and consequential result of ZCom's breach of the Agent Agreement, Verizon Wireless has been damaged in the amount of $1,138,065.13, plus interest.

20.   Verizon Wireless has fully complied with all conditions precedent to bringing this counterclaim, including without limitation, those set forth in paragraphs 14.1 and 14.2 of the Agent Agreement (to the extent that these provisions are deemed conditions precedent).

WHEREFORE, Verizon Wireless demands judgment:

(a)  Dismissing the Complaint with prejudice;

(b)  Pursuant to its counterclaim, awarding it the amount of $1,138,065.13, plus interest and costs, in compensatory damages;

(c)  Awarding it the reasonable attorneys' fees and costs that it has incurred and will incur in connection with this action; and

(d)  Granting it such other and further relief as this Court may deem just and

proper.

Dated:   New York, New York
        January 2, 2014

                                       GREENBERG TRAURIG, LLP


                                    By:*/s/ Philip R. Sellinger*
                                       Philip R. Sellinger

                                    200 Park Avenue
                                    New York, New York 10166
                                    (212) 801-9200

                                    Attorneys for Defendants
                                       Cellco Partnership d/b/a Verizon Wireless,
                                       Ryan Broomes and Jorge Velez