

**THE LAW FIRM
OF
RAVI BATRA**

| | |
|---|---|
| THE BATRA BUILDING<br>142 LEXINGTON AVE.<br>NEW YORK, NEW YORK 10016<br>212-545-1993 | RAVI@RAVIBATRALAW.COM<br>FAX: 212-545-0967 |

January 6, 2014

<u>Via ECF</u>
Hon. P. Kevin Castel
United States District Judge
United States District Court Southern District of New York
500 Pearl Street
New York, NY 10007-1312

  Re: *In Touch Concepts, Inc. v. Cellco Partnership, et al*, 13 Civ. 1419 (PKC)

Dear Respected Judge Castel:

  We represent Plaintiff In Touch Concepts, Inc. d/b/a Zcom and write in response to the utterly unnecessary, but highly provocative, correspondence from Philip Sellinger, Esq., lead counsel for Cellco Partnership d/b/a Verizon Wireless, filed electronically earlier today (D.E. 111).

  This would not be the first time that Verizon's attorneys have improperly referenced or suggested frivolity. To the contrary, Mr. Sellinger's letter was clearly an attempt to avoid the prohibition of public anticipatory reference to same inherent in Fed. R. Civ. P. 11(c)(2). Nevertheless, our proposed motion is in no way frivolous. To the contrary, by its pre-motion letter Zcom has identified an evidentiary basis for its proposed motion for recusal pursuant to 28 U.S.C. §455(a) upon the grounds that Zcom contends, most respectfully, that Your Honor's "impartiality might reasonably be questioned" - the very elements of § 455(c).

  Verizon cites to *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) for the proposition that recusal demands reliance upon some "extrajudicial conduct." However, that very decision makes clear that "an 'extrajudicial source' is a 'common basis, but <u>not</u> the exclusive one' for establishing bias or prejudice." *Id. quoting, Liteky v. United States*,

510 U.S. 540, 552 (1994) (emphasis added). This is not, as Verizon suggests, merely a case of Zcom seeking recusal "simply because [it] does not like [Your Honor's] rulings [.]" *Kashelkar v. Vill. of Spring Valley*, 2008 WL 4684260 (S.D.N.Y. Oct. 16, 2008). Rather, as Zcom made clear in its pre-motion letter, under the totality of the circumstances "for the judge's sake and the appearance of justice, an assignment to a different judge is salutary and in the public interest, especially as it minimizes even a suspicion of partiality.'" *United States v. Robin*, 553 F.2d 8, 9–10 (2d Cir.1977) (*en banc*).

    Finally, Zcom is in no way "Judge shopping" or seeking "endless re-litigation. . ." as asserted by Verizon - who defames Zcom by seeking to impute its own wrongful motives onto them. Rather, Verizon's improper anticipatory filing in the District of New Jersey which was the height of Judge and forum shopping - and then asking Your Honor, via a January 20, 2012 pre-motion letter, to transfer this case - despite Verizon's admission of "special circumstances" is *chutzpah per se*. That the ill-conceived and ill-advised transfer was rebuffed by Judge Sheridan, and accepted by Verizon, while salutary, was prejudicial to Zcom as it took more than one year to occur and wasted precious resources to undo clear error. Verizon, who led to the unnecessary, year-plus long, multi-district odyssey, is the last entity that should be heard to make such claims.

    We hope that Your Honor will rebuff Verizon's self-ingratiating efforts as damaging to the institutional interests of justice.

    Respectfully submitted,

Ravi Batra, Esq. (RB 4299)

cc (via ECF):
Philip R. Sellinger, Esq.

InTouchConcepts\010614SellingerRespltr