

Philip R. Sellinger
Tel (973) 360-7910
Fax (973) 301-8410
sellingerp@gtlaw.com

January 10, 2014

<u>VIA ECF</u>

The Honorable P. Kevin Castel
United States District Court for the
   Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    In Touch Concepts, Inc. v. Cellco P'ship
       13 Civ. 1419 (PKC)

Dear Judge Castel:

We write pursuant to Section 2(A)(1) of Your Honor's Individual Rules of Practice to respectfully request that Your Honor grant Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") permission to move for summary judgment on its Counterclaim against Plaintiff In Touch Concepts, Inc. d/b/a ZCom ("ZCom") seeking $1,138,065.13 for breach of contract.  The $1,138,065.13 in damages sought under Verizon Wireless's Counterclaim is almost five times the $250,000 in damages that ZCom seeks on its two remaining fraud claims, as narrowed by Your Honor's June 4, 2013 Opinion on Verizon Wireless's motion to dismiss.  Verizon Wireless's proposed motion for summary judgment on its Counterclaim thus has the potential to result in the resolution of the entire case.

The above damages (plus interest and costs) represent the amount currently due and owing to Verizon Wireless for multiple purchases of telecommunications equipment made by ZCom during the course of the parties' agency relationship.  ZCom's purchases totaled $4,196,589.99, and were each documented by invoices issued to ZCom, to which ZCom never objected.  On July 31, 2012, Verizon Wireless offset from this receivable some $3,058,524.86 in sales commissions due to ZCom, pursuant to the terms of the parties' Agent Agreement. Then, Verizon Wireless demanded payment of the $1,138,065.13 balance due by letter dated August 16, 2012, to which ZCom never responded.

Because ZCom never objected to any of the invoices, each of them has ripened into an "account stated" under New York law.  *White Diamond Co. v. Castco, Inc.*, 436

ALBANY

AMSTERDAM

ATLANTA

AUSTIN

BOSTON

CHICAGO

DALLAS

DELAWARE

DENVER

FORT LAUDERDALE

HOUSTON

LAS VEGAS

LONDON*

LOS ANGELES

MEXICO CITY+

MIAMI

MILAN**

NEW JERSEY

NEW YORK

ORANGE COUNTY

ORLANDO

PALM BEACH
COUNTY

PHILADELPHIA

PHOENIX

ROME**

SACRAMENTO

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

TALLAHASSEE

TAMPA

TYSONS CORNER

WASHINGTON, D.C.

WHITE PLAINS

*OPERATES AS GREENBERG
  TRAURIG MAHER LLP

+OPERATES AS GREENBERG
  TRAURIG, S.C.

**STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building, 200 Park Avenue ■ New York, New York 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

The Honorable P. Kevin Castel
January 10, 2014
Page 2

_____

F. Supp. 2d 615, 623-24 (S.D.N.Y. 2006).  A creditor satisfies its burden of establishing entitlement to summary judgment on a claim for an account stated by showing that the invoices were properly sent to and received by the debtor without objection within a reasonable time.  *Id*. at 624.  Such was the case with respect to every unpaid equipment invoice at issue with respect to Verizon Wireless's Counterclaim.

On January 9, 2014, Verizon Wireless produced to ZCom copies of all of the relevant invoices used to calculate the $4,196,589.99 unpaid equipment balance, as well as all of the commission statements used to calculate the $3,058,524.86 offset.  No further discovery is needed regarding Verizon Wireless's Counterclaim.

We respectfully request that Verizon Wireless be permitted to file its motion for summary judgment on its Counterclaim by January 27, 2014.  We would further propose that ZCom's opposition papers be filed by February 18, 2014 and that Verizon Wireless's reply papers be filed by March 4, 2014.  Verizon Wireless also respectfully requests oral argument on the motion at the Court's earliest convenience.

We thank the Court for its courtesies.

Respectfully submitted,

*/s/ Philip R. Sellinger*

PHILIP R. SELLINGER

cc:  All Counsel of Record (via ECF)