# THE LAW FIRM OF



# RAVI BATRA

---

**THE BATRA BUILDING**  
**142 LEXINGTON AVE.**  
**NEW YORK, NEW YORK 10016**  
212-545-1993

RAVI@RAVIBATRALAW.COM  
FAX: 212-545-0967

January 10, 2014

<u>Via ECF</u>  
Hon. P. Kevin Castel  
United States District Judge  
United States District Court Southern District of New York  
500 Pearl Street  
New York, NY 10007-1312

     Re:   *In Touch Concepts, Inc. v. Cellco Partnership, et al*, 13 Civ. 1419 (PKC)

Dear Respected Judge Castel:

     We represent Plaintiff In Touch Concepts, Inc. d/b/a Zcom and write in response to correspondence from Philip Sellinger, Esq., lead counsel for Cellco Partnership d/b/a Verizon Wireless, filed electronically earlier today (D.E. 114).

     Zcom has not even been afforded an opportunity to answer and/or move against Verizon's counterclaim - which was first interposed on January 2, 2014. Accordingly, the earliest such response would be due is twenty-one (21) days later, to wit: January 23, 2014. Fed. R. Civ. P. 12(B) - hence the pleadings are not set.

     Furthermore, Zcom has not been afforded a scintilla of discovery. Rather, as this Honorable Court is aware, after sending these matters to the District of New Jersey, Verizon secured a global stay of discovery - which Your Honor only recently lifted. Supreme Court precedent requires an "adequate time for discovery" before a motion for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Moreover, Fed. R. Civ. P. 56 surely contemplates disclosure having been had given that it calls for

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]

Fed. R. Civ. P. 56 (c)(1)(A).  Here, Verizon failed to interpose its counterclaim for nearly 7 months after Your Honor decided their motion to dismiss, and over Zcom's objection did not hold them to be in default for 141 days, has not afforded Zcom any opportunity to respond to its counterclaim, and despite its claims to the contrary - it has not provided Zcom with discovery other than "category-listings" for Rule 26 disclosures and some invoices our office just-received today via an overnight carrier.

Yet, today, January 10, 2014, Mr. Sellinger urges that "[o]n January 9, 2014, Verizon Wireless produced to ZCom copies of all of the relevant invoices . . . as well as all of the commission statements used to calculate [their claimed offset]."  Notably, to limit Zcom's testing of Verizon's claims and defenses in this consolidated case to a few-hours of facial view of some invoices does not discovery make - Zcom is entitled, at a bare minimum, to review same, serve additional document demands and depose witnesses before dispositive motions are ripe to be made.  Verizon's letter today requesting leave to file their Rule 56(a) summary judgment motion is continuing proof of its desire to engorge on what could reasonably be construed by a disinterested observer as the apparent benefits of partiality that they enjoy, along with being "sharp litigation" practice at its frivolous worst.  Furthermore, Zcom is most definitely entitled to explore, through discovery, the validity of the invoice claims, the validity of the commission offsets and their propriety, as well as Zcom's claims and defenses to Verizon's Declaratory Judgment action.

All along Verizon has stood in the way of addressing the merits of Zcom's claims, and now does not even want Zcom to have the opportunity to present and discover evidence related to its defenses.  Notably, given the stay of discovery that Verizon globally sought and fought to keep in place to prevent Zcom from attacking the falsity of their claims of having met pre-suit conditions precedent, to date there has not even been a discovery "meet and confer."  Your Honor has Ordered same to occur prior to January 17, 2014.  We will comply; obviously, Verizon wishes to do an end-run around same.

Furthermore, Verizon falsely represents to Your Honor that Zcom limited its damage claim to $250,000.  That is simply not so.  Rather, Zcom's initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) reasonably calculate damages at approximately $213,529,759.00.  Far more than Verizon reports, and well more than Verizon claims to be entitled to.

Given the recent history of Your Honor excusing Verizon's default of 141 days and our subsequent pre-motion letter seeking to file a 28 U.S.C. § 455(a) recusal motion, and Your Honor's gracious grant of leave to file same, we respectfully ask that the case be stayed until such time as the recusal motion is fully briefed and determined by Your Honor, or alternatively, that no dispositive motions be made by either party until the § 455(a) motion has been determined and full and fair discovery is completed.

Additionally, in any event, Verizon's application ought be denied as premature and in the interests of justice. Given the lack of any discovery, Zcom's yet to be filed answer to Verizon's counterclaims and Zcom's entitlement to the discovery it has been deprived of for more than a year and a half, discovery must go forward. Zcom has been "prejudiced in [its] efforts to accumulate needed evidence because [it] was denied the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94, 98 (2d Cir. 2000). Accordingly, the grant of leave to move for "summary judgment to [Verizon] [would therefore be] premature. *Id.. See also Krasner v. Episcopal Diocese of Long Island*, 431 F. Supp. 2d 320, 326 (E.D.N.Y. 2006). Verizon will in no way be prejudiced by simply being expected to comply with traditional litigation practice.

Accordingly, it is respectfully requested that Your Honor deny Verizon's application in its entirety and grant the relief sought herein by Zcom: stay the case until the §455(a) motion is decided, or alternatively, no dispositive motions be permitted until §455(a) is motion is decided and full and fair discovery is completed. Additionally, Verizon's application should be denied in the interests of justice.

Respectfully submitted,
/s/ *Ravi Batra*
Ravi Batra, Esq. (RB 4299)

cc (via ECF):
Philip R. Sellinger, Esq.

InTouchConcepts\011014SellingerRespSJMltr