

Philip R. Sellinger
Tel (973) 360-7910
Fax (973) 301-8410
sellingerp@gtlaw.com

January 13, 2014

**VIA ECF**

The Honorable P. Kevin Castel
United States District Court for the
  Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  In Touch Concepts, Inc. v. Cellco P'ship
     13 Civ. 1419 (PKC)

Dear Judge Castel:

We write in response to Plaintiff In Touch Concepts, Inc. ("ZCom")'s January 10, 2014 letter opposing Defendant Cellco Partnership ("Verizon Wireless")'s request to move for summary judgment on its Counterclaim. ZCom essentially argues that Verizon Wireless's motion is premature because ZCom's time to answer or move against the Counterclaim has not expired, and because it has not been given an opportunity for discovery. Neither argument is compelling.

First, while Rule 56(a) of the Federal Rules of Civil Procedure had at one time specifically disallowed a pre-answer summary judgment motion, that language was long ago removed from the Rule, and such motions are now fully permissible. *See Holtzman v. Richardson*, 361 F. Supp. 544, 548 (E.D.N.Y. 1973); C.A. Wright, A.R. Miller, M.K. Kane, R.L. Marcus & A.N. Steinman, Federal Practice & Procedure: Civil (3d ed. 2013 update) at § 2717. Second, Verizon Wireless has produced the relevant underlying documentary evidence and the burden is on ZCom to demonstrate how any additional discovery is needed to oppose the proposed summary judgment motion. Fed. R. Civ. P. 56(d)(2). Nonetheless, to avoid any claim by ZCom that it has not received discovery pertinent to the motion, we propose the following expedited discovery schedule, followed by Verizon Wireless's summary judgment motion:

January 16, 2014 – ZCom to identify any additional documents that it alleges to be pertinent to the motion but that have not yet been produced.

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY⁺
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS

*OPERATES AS GREENBERG TRAURIG MAHER LLP
⁺OPERATES AS GREENBERG TRAURIG, S.C.
**STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building, 200 Park Avenue ■ New York, New York 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

The Honorable P. Kevin Castel
January 13, 2014
Page 2

January 23, 2014 – Verizon Wireless to respond to ZCom document requests by producing responsive documents and/or asserting objections to particular requests.[1]

By February 6, 2014 – Verizon Wireless to make an organizational designee available for deposition on its Counterclaim.

February 13, 2014 – Verizon Wireless to file its motion for summary judgment on its Counterclaim.

February 27, 2014 – ZCom to file its opposition to the summary judgment motion.

March 6, 2014 – Verizon Wireless to file reply papers on the summary judgment motion.

This schedule provides the best opportunity for resolution of this entire matter. While ZCom still invokes a theoretical $213.5 million damage claim, those alleged damages relate to claims that the Court has dismissed. The only damages associated with ZCom's remaining fraud claims (which were significantly narrowed by the Court in its June 4, 2013 Order) relate to lost commissions and are, at most, $250,000.

Finally, neither the above schedule nor ZCom's forthcoming recusal motion warrants any stay of further proceedings in this case. As Your Honor has previously noted, this case was filed in December 2011 and must promptly proceed through discovery to dispositive motions, and if necessary, trial.

We thank the Court for its courtesies.

Respectfully submitted,

/s/ Philip R. Sellinger

PHILIP R. SELLINGER

cc: All Counsel of Record (via ECF)

---

[1] If the parties disagree as to whether Verizon Wireless has provided sufficient discovery, ZCom is free to oppose the summary judgment motion on that ground, pursuant to Fed. R. Civ. P. 56(d).

GREENBERG TRAURIG, LLP