

**LAW OFFICES OF RAVI BATRA**

**MEMO ENDORSED**

THE BATRA BUILDING  
142 LEXINGTON AVE.  
NEW YORK, NEW YORK 10016  
212-545-1993

RAVI@RAVIBATRALAW.COM  
FAX: 212-545-0967

January 13, 2014

**Via ECF**  
Hon. P. Kevin Castel  
United States District Judge  
United States District Court Southern District of New York  
500 Pearl Street  
New York, NY 10007-1312

USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #: _____  
DATE FILED: 1-14-14

Re:  *In Touch Concepts, Inc. v. Cellco Partnership, et al*, 13 Civ. 1419 (PKC)

Dear Respected Judge Castel:

    We represent Plaintiff In Touch Concepts, Inc. d/b/a Zcom and write in response to correspondence from Philip Sellinger, Esq., lead counsel for Cellco Partnership d/b/a Verizon Wireless, filed electronically earlier today (D.E. 116).

    Zcom opposes any motions for summary judgment at this time because they are unfair, impractical and ultimately inefficient. While Verizon has enjoyed the benefits of a discovery stay that it sought in the District of New Jersey, and successfully fought to keep in effect globally, now they seek to litigate the consolidated cases piecemeal. Unless Verizon is prepared to concede liability to Zcom on its remaining counts, then ongoing discovery will be required in any event. Moreover, while Verizon seeks to dictate what damages are ultimately due, without discovery regarding all the facts and circumstances surrounding the fraud claims, Verizon's position is simply a naked self-serving claim.

    The most efficient means of litigating these matters is through joint discovery on all issues, with as much cooperation as possible amongst counsel for the respective parties. However, the condensed disclosure schedule that Verizon now proposes (prior to a "meet and confer") is unworkable for Zcom's counsel - a small law firm, compared

to Verizon's retained firm exceeding 1500 attorneys in addition to their own in-house attorneys. Quite frankly, we are heavily and actually engaged, in numerous matters in short order, including:

      a.    dispositive motion practice in the Southern District of New York (*Sikhs For Justice, Inc., et. al. v. Indian National Congress Party, et. al.*, 10 Civ. 2940 (RWS)) and the Eastern District of New York (*Sikhs For Justice, Inc., et. al. v. Gandhi*, 13 Civ. 4920 (BMC));

      b.    complex motion practice in the Commercial Division of the New York State Supreme Court, Queens County (*R. Vig Properties, LLC v. The Grand Union Co., et. al.*, 18885/2007; *R. Vig Properties, LLC v. Cirino, et. al.*, 33887/2009; *R. Vig Properties, LLC, et. al. v. Rahimzada, et. al.*, 703252/2012);

      c.    post-judgment motion practice with a view towards vacating a jury verdict on the grounds of fraud and misrepresentation to the New York State Supreme Court, Richmond County (*Lacqua by Lacqua v. Silich*, 100275/2005); along with,

a heavy caseload of pre-trial and trial ready litigation in state and federal courts. Accordingly, while Verizon's now apparent concession that Zcom is entitled to discovery, the timetable they now propose at their own convenience is unworkable, after having delayed discovery for more than 18 months. It is Verizon who delayed discovery and must not now be permitted to use its stalling tactics to the ultimate prejudice of Zcom.

While Verizon takes the position that Zcom can oppose its proposed motion in accordance with Fed. R. Civ. P. 56(d), that promotes inefficiency at the outset. When disclosure is complete if then so advised Verizon can move for summary judgment - however piecemeal litigation is inconsistent with the letter and spirit of Fed. R. Civ. P. 1 which seeks to "secure the just, speedy, and inexpensive determination of every action and proceeding."

What Verizon has also failed to put forth to this Honorable Court is their again failing to comply with the pre-suit notice requirements contained at ¶¶ 14 - 14.2 of the agreement governing the relationship amongst the parties. Accordingly, Zcom is entitled to full discovery on Verizon having met its conditions precedent on both its just interposed counterclaim and its anticipatorily filed and now consolidated declaratory judgment action. While it is conceded that Verizon did plead compliance with such conditions precedent in its January 2, 2014 counterclaim, such allegations are themselves subject to attack, foreclosing summary disposition.

It is respectfully submitted that Verizon would suffer no prejudice by awaiting the completion of discovery in the normal course of litigation - as can hopefully be agreed to during this week's "meet and confer" - with a view towards agreeing to a proposed Case Management Order. Verizon delayed interposing its procedurally defective counterclaim for some 6 months post decision on its motion to dismiss and accordingly that delay is solely attributable to its own actions or failures to act.

Accordingly, Zcom reiterates its request, submitted most respectfully, that in the interests of justice and fairness Your Honor deny Verizon's application in its entirety and grant the relief sought by Zcom, to wit: stay the case until the §455(a) motion is decided, or alternatively, no dispositive motions be permitted until §455(a) is motion is decided and full and fair discovery is completed.

Respectfully submitted,
/s/ *Ravi Batra*
Ravi Batra, Esq. (RB 4299)


cc (via ECF):
Philip R. Sellinger, Esq.

*Application denied*
*SO ORDERED*
*[signature] USDJ*
*1-13-14*

InTouchConcepts\011314SellingerRespSJMltr