UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
IN TOUCH CONCEPTS, INC., d/b/a ZCOM,

         Plaintiff,

 - against -

CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESSS, *et al.*,

         Defendants.
---------------------------------------------------------------X

13 Civ. 1419 (PKC)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-21-14
```

## CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

  This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

  1. All parties **do not** consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

  2. Defendants submit that neither the fraud claims asserted by Plaintiff In Touch Concepts, Inc. d/b/a ZCom ("ZCom"), nor the counterclaim for breach of contract asserted by Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") are to be tried to a jury, pursuant to paragraph 15 of the October 7, 2008 Agent Agreement between Verizon Wireless and ZCom. ZCom reserves all rights to seek a jury trial based upon a present belief that the record evidence may carve out paragraph 15's applicability.

  3. Any motion by Defendants to amend their Answers or to join additional parties shall be filed within 30 days from the date of this Order.

4. The parties exchanged initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(l)(A), on December 4 and 5, 2013.

5. Pursuant to this Court's November 20, 2013 Order (DE 97), all fact discovery shall be completed by May 1, 2014.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

    a. Initial requests for production of documents to be served by January 31, 2014.

    b. Interrogatories to be served by January 31, 2014. .

    c. Depositions to be completed by May 1, 2014.

    d. Requests to Admit to be served no later than April 10, 2014.

7.

    a. Pursuant to this Court's November 20, 2013 Order (DE 97), all expert discovery shall be completed by June 13, 2014.

    b. No later than April 1, 2014, 30 days prior to the date in paragraph 5, *i.e.*, the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, the production of underlying documents and depositions, provided that (i) expert reports of the party with the burden of proof shall be due before those of the opposing party's experts; and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions *in limine* may be made

without a pre-motion conference on the schedule set forth in paragraph 11. Pursuant to this Court's January 2, 2014 Order (DE 110), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing by May 9, 2014.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within 14 days following the close of fact discovery.

10.

    a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed that the case can be scheduled for a settlement conference, and if additional information is desired, the parties will address such requests in good faith.

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanisms for this case: a settlement conference before a Magistrate Judge. ZCom submits that such a conference can be followed by the future use of a privately retained mediator, if mutually agreeable.

    c. Counsel for the parties recommend that the alternate dispute resolution designated in paragraph 10(b) be employed at the following point in the case: on or around the week of March 17, 2014.

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is July 13, 2014, 30 days following the close of fact and expert discovery (whichever is later). By the July 13, 2014, the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed after the close of discovery and <u>before</u> July 13, 2014, the Final Pretrial Submission Date, and the pre-motion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed *voir dire*, jury instructions and verdict form shall also be filed by July 13, 2014, the Final Pretrial Submission Date. Counsel are required to "meet and confer" on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after July 13, 2014, the Final Pretrial Submission Date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by July 13, 2014, the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: Defendants believe that trial will last approximately one week. ZCom believes that trial will last approximately three weeks.

13. – 14. Not applicable.

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

15. The next Case Management Conference is scheduled for May 16, 2014 at 2 pm.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1(C) of the Court's Individual Practices and shall be made no less than five days prior to the expiration of the date sought to be extended.

HON. P. KEVIN CASTEL
United States District Judge

Dated: New York, New York
January 17, 2014