THE LAW FIRM OF RAVI BATRA P.C.
The Batra Building
142 Lexington Avenue
New York, New York 10016
(212) 545-1993
(212) 545-0967 (fax)
Ravi Batra, Esq. (*RB4299*)
*Todd B. Sherman (TS 4031)*
*Attorneys for In Touch Concepts d/b/a Zcom*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN TOUCH CONCEPTS, INC., d/b/a ZCOM,

   *Plaintiff,*

-against-

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, et. al.,

   *Defendants*

**Docket No. 13 Civ. 1419 (PKC)**

---

### ANSWER TO COUNTERCLAIM WITH AFFIRMATIVE
### AND OTHER DEFENSES AND DEMAND FOR JURY TRIAL

Plaintiff, **IN TOUCH CONCEPTS, INC. d/b/a ZCOM WIRELESS** ("Zcom"), by and through its attorneys, **THE LAW FIRM OF RAVI BATRA, P.C.**, hereby incorporates the allegations contained within its Amended Complaint and answers the counterclaim of Defendant **CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS** ("Verizon Wireless"), first interposed on January 2, 2014, as follows:

1

1. Zcom denies knowledge and information sufficient to form a current belief as to the allegations contained in ¶ 1 of the counterclaim.

2. As and for a response to ¶ 2 of the counterclaim, Zcom admits only that it is a New York corporation with a principal place of business in New York. Zcom denies that it was able to actively remain "in the business of selling wireless service and goods, both directly and through a network of sub-agents, at approximately 140 retail stores in multiple states" through January 31, 2012, because prior to that January 31 date Verizon Wireless impaired Zcom's access to equipment and ability to activate. Moreover, as a result of Verizon Wireless's bad faith and unfair dealing directed towards Zcom and its "sub agents", Zcom's wireless activation business was thwarted leading to many of its "sub agents" having to close their doors. Furthermore, as a direct result of Verizon Wireless's bad faith and unfair dealing directed towards Zcom and its "sub agents," Zcom ceased operations and Verizon Wireless only allowed Zcom to transfer 10 of its stores, and the stores Zcom was not allowed to transfer, Verizon Wireless, in the worst of faith, then approved for direct agency - thereby destroying Zcom's, *inter alia,* value of goodwill such that it was zero.

3. Zcom denies knowledge and information sufficient to form a belief as to all of the allegations contained in ¶ 3 of the counterclaim. However, upon information and belief, prior to the interposition of the Counterclaim, an agreement was reached wherein Verizon Communications, Inc., a corporate entity whose principal place of business is in the State of New York, was to acquire 100 percent ownership of Verizon Wireless.

4. Zcom denies that a substantial number of event giving rise to Verizon Wireless's counterclaim occurred in the Southern District of New York as is alleged in ¶ 4 of the counterclaim.

5. Zcom admits only that as a New York corporation it is generally subject to personal jurisdiction in the State of New York, but denies that the grounds asserted by Verizon Wireless for personal jurisdiction, as alleged in ¶ 5 of the counterclaim, are properly stated.

6. Zcom denies the allegations in ¶ 6 of the counterclaim as they are stated. However, Zcom admits only that the agreement entered on or about October 7, 2008, represented a continuation of an ongoing business relationship spanning some 20 years, involving many amendments and modifications over time. These agreements, including as entered on October 7, 2008 were drafted solely by and on behalf of Verizon Wireless and authorized Zcom to market and sell Verizon Wireless branded products and services in several geographic areas.

7. As and for a response to ¶ 7 of the counterclaim, Zcom admits only that the agreements governing the relationship between Zcom and Verizon Wireless permitted Zcom to purchase certain equipment from Verizon Wireless. Zcom denies knowledge and information sufficient to form a belief as to Verizon Wireless's own internal billing practices. Zcom denies Verizon Wireless's characterization of the agreement and its self-serving allegations about its own performance under the agreement. Verizon Wireless is left to its proofs as regards the terms of the agreement, which are to be construed favorably toward Zcom and against Verizon Wireless as the drafter, even as it is a non-at-will agreement with the implied covenant of good faith and fair dealing specifically applicable due to, *inter alia*, ¶¶ 14 - 14.2 of the agreement.

8. As and for a response to ¶ 8 of the counterclaim, Zcom admits only that the agent agreement provided that Zcom was to earn compensation, including commissions, including for the activation of new and upgrading existing accounts. Zcom denies Verizon Wireless's characterization of the agreement. Verizon Wireless is left to its proofs as regards the terms of the agreement, which are to be construed favorably toward Zcom and against Verizon Wireless as the drafter, even as it is a non-at-will agreement with the implied covenant of good faith and fair dealing specifically applicable due to, *inter alia*, ¶¶ 14 - 14.2 of the agreement.

9.      As and for a response to ¶ 9 of the counterclaim, Zcom denies Verizon Wireless's characterization of the agreement. Verizon Wireless is left to its proofs as regards the terms of the agreement, which are to be construed favorably toward Zcom and against Verizon Wireless as the drafter, even as it is a non-at-will agreement with the implied covenant of good faith and fair dealing specifically applicable due to, *inter alia*, ¶¶ 14 - 14.2 of the agreement.

10.     As and for a response to ¶ 10 of the counterclaim, Zcom admits only that Verizon Wireless sent an e-mail at approximately 3:18 p.m. on July 27, 2011 by Pino Salonna of Verizon Wireless to Zcom's Victor Singh with a termination letter bearing the date July 26, 2011, as well as sending a hard copy, which letter, in violation of the covenant of good faith and fair dealing, contained false allegations of "cause" and without a contractual right to elect, indicated that Verizon Wireless was terminating, without cause, the agreement which governed the relationship between Zcom and Verizon Wireless effective January 31, 2012. Zcom denies the substance and content of Verizon Wireless's July 26, 2011 letter. Subsequently, Verizon Wireless, as course of performance, via counsel, Philip Sellinger, Esq., sent a letter dated October 19, 2011 - asserting that Zcom's termination was "for cause." Verizon Wireless is left to its proofs as regards the terms of the July 26, 2011 letter, which is to be construed favorably toward Zcom and against Verizon Wireless as its drafter, even as it is a non-at-will agreement

with the implied covenant of good faith and fair dealing specifically applicable due to, *inter alia*, ¶¶ 14 - 14.2 of the agreement.

11. As and for a response to ¶ 11 of the counterclaim, Zcom denies Verizon Wireless's characterization and allegations as phrased. Zcom denies that under the circumstances in existence at the time that Verizon Wireless could properly terminate the agreement governing its business relationship with Zcom. Verizon Wireless is left to its proofs as regards the terms of the agreement, which are to be construed favorably toward Zcom and against Verizon Wireless as the drafter, even as it is a non-at-will agreement with the implied covenant of good faith and fair dealing specifically applicable due to, *inter alia*, ¶¶ 14 - 14.2 of the agreement.

12. As and for a response to ¶ 12 of the counterclaim, Zcom denies Verizon Wireless's allegations and characterizations as phrased. Zcom denies that Verizon Wireless has properly calculated "offsets" and instead has shortchanged Zcom on compensation payable and owing by Verizon Wireless to Zcom. Zcom denies owing Verizon Wireless $1,138,065.13. Zcom denies that Verizon Wireless, by Salonna or otherwise, properly demanded any amount actually due and owing from Zcom to Verizon Wireless. Verizon Wireless is left to its proofs as regards the terms of the referenced communication, which are to be construed favorably toward Zcom and against Verizon Wireless as the drafter, even as it is a non-at-will agreement with the implied covenant of

good faith and fair dealing specifically applicable due to, *inter alia*, ¶¶ 14 - 14.2 of the agreement.

13.     As and for a response to ¶ 13 of the counterclaim, Zcom denies Verizon Wireless's allegations and characterizations as phrased.  Verizon Wireless is left to its proofs as regards the terms of the referenced communication, which are to be construed favorably toward Zcom and against Verizon Wireless as the drafter.  Verizon Wireless, in bad faith, did not afford Zcom its contractual rights, pursuant to ¶¶ 14 - 14.2, to discuss and settle the contractual disputes between Zcom and Verizon Wireless.

14.     As and for a response to ¶ 14 of the counterclaim, Zcom denies Verizon Wireless's allegations and characterizations as phrased.  Zcom denies that Verizon Wireless has properly calculated "offsets" and instead has shortchanged Zcom on compensation payable and owing by Verizon Wireless to Zcom.  Zcom denies owing Verizon Wireless $1,138,065.13.

15.     As and for a response to ¶ 15 of the counterclaim, Zcom denies Verizon Wireless's allegations and characterizations as phrased.  Zcom admits that both itself and Verizon Wireless are represented by counsel.  Zcom contends that accordingly, its counsel, acting on its behalf, cannot directly "contact[] Mr. Salonna or anyone else at Verizon Wireless" as they are represented parties and to do so would constitute an ethical breach.  Zcom denies owing Verizon Wireless $1,138,065.13.  Zcom denies not seeking to negotiate with Verizon Wireless, as was Zcom's express right pursuant to ¶¶ 14-14.2 of

the agreement. To the contrary, Zcom has sought to negotiate with Verizon Wireless since June 2011, more than one year prior to the August 16, 2012 letter even being drafted by and/or on behalf of Mr. Salonna; however, it is Verizon Wireless, who in bad faith violation of contract, failed to negotiate or to act in good faith with regards to Zcom.

16. As and for a response to ¶ 16 of the counterclaim, Zcom admits only that the agreement governing the relationship between Verizon Wireless and Zcom was drafted by, or on behalf of Verizon Wireless, was one of adhesion and violated New York public policy that mandates the implied covenant of good faith and fair dealing in every non-at-will contract governed by New York law, such as the predicate agreement herein, and that as Verizon Wireless is the drafter of the agreement, any ambiguity shall be construed against Verizon Wireless and in favor of Zcom, even as it is a non-at-will agreement with the implied covenant of good faith and fair dealing specifically applicable due to, *inter alia*, ¶¶ 14 - 14.2 of the agreement. Also, in addition, the July 26, 2011 "without cause" termination letter issued in bad faith by Verizon Wireless was later, on October 19, 2011, by letter from Verizon Wireless's counsel Philip Sellinger, Esq., converted, *ab initio*, into a termination for cause.

17. Zcom denies the allegations in ¶ 17 of the counterclaim.

18. Zcom denies the allegations in ¶ 18 of the counterclaim.

19. Zcom denies the allegations in ¶ 19 of the counterclaim.

20.	Zcom denies the allegations in ¶ 20 of the counterclaim. Zcom denies that Verizon Wireless "fully complied with all conditions precedent to bringing this counterclaim, including without limitation, those set forth in paragraphs 14.1 and 14.2 of the Agent Agreement[.]" Zcom denies that Verizon Wireless complied with the conditions set forth in ¶¶ 14, 14.1 and 14.2 of the Agent Agreement.

**AS AND FOR ZCOM'S PARTICULARIZED DENIALS, PURSUANT TO FED. R. CIV. P. 9(c), OF VERIZON WIRELESS'S MERE "GENERAL," ALBEIT FALSE, ALLEGATIONS OF COMPLIANCE WITH CONDITIONS PRECEDENT TO INTERPOSING ITS COUNTERCLAIM**

21.	Zcom repeats and reiterates each and every foregoing response as if stated in full herein.

22.	In pertinent part, the agreement governing the relationship between Verizon Wireless and Zcom, as drafted by and/or on behalf of Verizon Wireless, provides that:

> 14.	DISPUTE RESOLUTION AND ESCALATION. Neither party may commence any court case against the other party without first providing written notice and an opportunity to negotiate with the other party.
>
> 14.1	The written notice required by this subsection shall specify the alleged claim or controversy, summarizing the factual basis for the claim or controversy and the contractual provisions, if any, at issue.
>
> 14.2	Within fifteen (15) days of such written notice, the parties shall meet in person or by telephone and <u>in good faith attempt to settle the alleged claim or controversy</u>. IF THE PARTY RECEIVING THE NOTICE REFUSES TO MEET, THIS PERIOD WILL BE DEEMED TO HAVE EXPIRED UPON THE SOONER OF FIFTEEN (15) DAYS OR THE DATE OF SUCH REFUSAL

(<u>emphasis added</u>) (the implied covenant of good faith and fair dealing was specifically

applicable to the entirety of the non-at-will contract, overruling the general clause at ¶ 10.2).

23. Verizon Wireless's counterclaims is a "court case" within the meaning of section 14 of the agreement.

24. Verizon Wireless interposed the subject counterclaim on or about January 2, 2014.

25. Prior to commencing the instant "court case" on or about January 2, 2014, Verizon Wireless did not provide Zcom with the "written notice and an opportunity to negotiate" as contemplated and required by §§ 14 and 14.1 of the agreement governing the relationship between Verizon Wireless and Zcom.

26. Prior to commencing the instant "court case" on or about January 2, 2014, Verizon Wireless did not provide Zcom with a "written notice" which "specif[ied] the alleged claim or controversy," as required by and pursuant to § 14.1 of the agreement governing the relationship between Verizon Wireless and Zcom.

27. Prior to commencing the instant "court case" on or about January 2, 2014, Verizon Wireless did not provide Zcom with a "written notice" which "summariz[ed] the factual basis for the claim or controversy," as required by and pursuant to § 14.1 of the agreement governing the relationship between Verizon Wireless and Zcom.

28. Prior to commencing the instant "court case" on or about January 2, 2014, Verizon Wireless did not "meet' with Zcom "in person or by telephone and in good faith attempt to settle the alleged claim or controversy,"as required by and pursuant to § 14.2 of the agreement governing the relationship between Verizon Wireless and Zcom.

29. The August 16, 2012 letter relied upon by Verizon Wireless **does not**

    a. satisfy the pre-suit **notice** requirements of §§ 14 - 14.2 of the agreement governing the relationship between Verzon Wireless and Zcom;

    b. satisfy the pre-suit **meeting** requirements of §§14 - 14.2 of the agreement governing the relationship between Verizon Wireless and Zcom;

    c. satisfy the pre-suit **negotiation** requirements of §§14 - 14.2 of the agreement governing the relationship between Verizon Wireless and Zcom;

    d. satisfy **any** of the requirements of §§14 - 14.2 of the agreement governing the relationship between Verizon Wireless and Zcom;

30. Compliance with §§14 - 14.2 of the agreement governing the relationship between Verizon Wireless and Zcom, as drafted by and/or on behalf of Verizon Wireless, was a condition precedent to Verizon Wireless commencing the instant "court case" against Zcom, by way of counterclaim interposed on January 2, 2014.

31. At no time prior to Verizon Wireless commencing the instant "court case" by way of interposing a counterclaim on or about January 2, 2014, did Verizon Wireless meet the conditions precedent to commencing a "court case" against Zcom as delineated

11

within §§14 - 14.2 of the agreement governing the relationship between Verizon Wireless and Zcom, as drafted by and/or on behalf of Verizon Wireless.

32. Verizon Wireless's representations that it had "fully complied with all conditions precedent to bringing this counterclaim" were false.

33. Verizon Wireless's representations that it had "fully complied with all conditions precedent to bringing this counterclaim" were not made in good faith.

34. As and for a response to the "wherefore clause" of the counterclaim interposed on January 2, 2014, Zcom repeats and reiterates each and every foregoing response as if stated in full herein. Furthermore, Zcom denies that Verizon Wireless is entitled to any of the relief it seeks.

34(a). As and for a response to subparagraph (a) of the "wherefore clause" of the counterclaim, Zcom denies that Verizon Wireless is entitled to dismissal of Zcom's amended complaint.

34(b). As and for a response to subparagraph (b) of the "wherefore clause" of the counterclaim, Zcom denies that Verizon Wireless is entitled to any relief from Zcom. Zcom denies that Verizon Wireless is entitled to compensatory damages. Zcom denies that Verizon Wireless is entitled to $1,138,065.13. Zcom denies that Verizon Wireless is entitled to interest. Zcom denies that Verizon Wireless is entitled to costs.

34(c).   As and for a response to subparagraph (c) of the "wherefore clause" of the counterclaim, Zcom denies that Verizon Wireless is entitled to any attorney's fees. Moreover, Verizon Wireless has compounded the need for attorney's fees by virtue of its actions and posture since June 2011, including, falsely cloaking itself, in bad faith, under the temporal umbrella provided by Fed. R. Civ. P. 9(c)'s general pleading authority.

34(d).   As and for a response to subparagraph (d) of the "wherefore clause" of the counterclaim, Zcom denies that Verizon Wireless is entitled to any relief, or that equity would permit Verizon Wireless, with its unclean hands, to prevail on any claim.

## AFFIRMATIVE AND OTHER DEFENSES

35.   Zcom repeats and reiterates each and every foregoing response as if stated in full herein.

36.   Zcom asserts the following defenses against Verizon Wireless's counterclaim first interposed on January 2, 2014 and reserves the right to further amend its responses pending the completion of its discovery and investigation or otherwise, as may be appropriate.

37.   Zcom adopts and incorporates herein all affirmative defenses available pursuant to Fed. R. Civ. P. 8, or any applicable statute or regulation, to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available.  No affirmative defense is waived.

38.     By imposition of any or all defenses, affirmative or otherwise, Zcom does not shift the burden of proof for any facts or conditions that Verizon Wireless must prove.

## FIRST DEFENSE

39.     Verizon Wireless failed to comply with contractual conditions precedent to interposing its counterclaim.

40.     Compliance with §§ 14 - 14.2 of the agreement governing the relationship between Verizon Wireless and Zcom, as drafted by and/or on behalf of Verizon Wireless, was individually and collectively a condition precedent to Verizon Wireless commencing the instant "court case," by way of interposing its January 2, 2014 counterclaim against Zcom.

41.     At no time prior to Verizon Wireless commencing the instant "court case," by way of interposing its counterclaim on or about January 2, 2014, did Verizon Wireless meet the three (3) conditions precedent to commencing a "court case" against Zcom as delineated within §§ 14 - 14.2 of the agreement governing the relationship between Verizon Wireless and Zcom, as drafted by and/or on behalf of Verizon Wireless, to wit: notice of intention to commence a "court case," the "reasons" for the court case, and an "opportunity to negotiate" in a "good faith attempt to settle the alleged claim or controversy."

## SECOND DEFENSE

42.     The Court lacks subject matter jurisdiction to hear this action.

43.     Upon information and belief, based upon published reports, at the time that Verizon Wireless interposed its counterclaim on January 2, 2014 it was no longer owned by the same consortium of partners that previously owned same.

44.     Upon information and belief, based upon published reports, Verizon Communications, Inc., a corporation with its principal place of business in the State of New York within the Southern District of New York, is to control 100% of the ownership of Verizon Wireless.

45.     Upon information and belief, the parties are not diverse and therefore the federal District Court lacks subject matter jurisdiction over Verizon Wireless's allegations contained within its January 2, 2014 counterclaim.

## THIRD DEFENSE

46.     Verizon Wireless's January 2, 2014 counterclaim fails to state a claim against Zcom upon which relief can be granted.

## FOURTH DEFENSE

47.     Any wrongdoing complained of by Verizon Wireless was as a result of its own actions, omissions, culpable conduct and want of care.

### FIFTH DEFENSE

48. By failing to fully comply with its obligations under its agreement with Zcom, Verizon Wireless is estopped from seeking relief from or against Zcom.

### SIXTH DEFENSE

49. Verizon Wireless is equitably estopped from seeking relief against Zcom.

### SEVENTH DEFENSE

50. Zcom is entitled to judgment as a matter of law on Verizon Wireless's counterclaim first interposed on January 2, 2014.

### EIGHTH DEFENSE

51. Verizon Wireless's claims are barred by the mend-the-hold doctrine.[1]

### NINTH DEFENSE

52. Verizon Wireless's claims are barred by the doctrine of waiver.

### TENTH DEFENSE

53. Verizon Wireless's claims are barred by its unclean hands.

---

[1] "Where a party gives a reason for his conduct and decision touching any thing involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold. He is estopped from doing it by a settled principle of law." *Ohio & M.R. Co. v. McCarthy*, 96 U.S. 258, 267-268 (1877).

## ELEVENTH DEFENSE

54. Verizon Wireless is procedurally barred from having commenced this action by virtue of the agreement governing the relationship between Zcom and Verizon Wireless, and its pre-suit notice and negotiation requirements that were not met by Verizon Wireless.

## TWELFTH DEFENSE

55. Verizon Wireless's January 2, 2014 counterclaim is unintelligible and uncertain.

## THIRTEENTH DEFENSE

56. Verizon Wireless failed to mitigate its alleged damages.

## FOURTEENTH DEFENSE

57. Verizon Wireless took steps to compound its alleged damages.

## FIFTEENTH DEFENSE

58. Verizon Wireless is barred from any recovery by virtue of the applicable Statute of Frauds.

## SIXTEENTH DEFENSE

59. Verizon Wireless is barred from any relief by virtue of the doctrine of laches.

## SEVENTEENTH DEFENSE

60. Verizon Wireless is barred from any recovery because of its failure to comply with its obligations pursuant to the agency agreement, thereby extinguishing and terminating the duties allegedly owed by Zcom, and/or reducing or abating the amount of damages to which Verizon Wireless is entitled, if any.

## EIGHTEENTH DEFENSE

61. Verizon Wireless is barred from any recovery because of its violations of and failure to comply with the covenant of good faith and fair dealing in its interactions with Zcom, in this non-at-will agreement, which Verizon Wireless terminated for cause, in bad faith, as confirmed by Verizon Wireless's counsel's letter of October 19, 2011, asserting a "for cause" termination, thereby extinguishing and terminating the duties allegedly owed by Zcom, and/or reducing or abating the amount of damages to which Verizon Wireless is entitled, if any.

## NINETEENTH DEFENSE

62. Verizon Wireless has failed to state a claim upon which attorney's fees can be awarded.

## TWENTIETH DEFENSE

63. Verizon Wireless is barred from asserting any causes of action by virtue of its consent to the alleged acts or conditions.

## TWENTY-FIRST DEFENSE

64.     Verizon Wireless is barred from any recovery because it failed to perform its obligations under the agreement governing the relationship between itself and Zcom.

## TWENTY-SECOND DEFENSE

65.     Verizon Wireless is barred from any relief, based on fraud and deceit by Verizon Wireless, its principals, employees, servants and agents, as was specified by Zcom in its amended complaint and prior allegations in this answer to Verizon Wireless's counterclaim.

**WHEREFORE**, Zcom respectfully requests judgment:

(a)     in its favor as sought in its amended complaint;

(b)     dismissing the counterclaim with prejudice; and,

(c)     such other and further relief favorable to Zcom as may to this Court be deemed just, proper and equitable.

Dated: New York, New York
        January 23, 2014

Respectfully submitted,
THE LAW FIRM OF RAVI BATRA P.C.
*Attorneys for In Touch Concepts, Inc. d/b/a Zcom*

Ravi Batra, Esq. (RB 4299)
The Batra Building
142 Lexington Avenue
New York, New York 10016
(212) 545-1993
E-mail: ravi@ravibatralaw.com

19

To:

Clerk of the Court (Via ECF)
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Hon. P. Kevin Castel (Courtesy Copy)
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Philip R. Sellinger, Esq. (Via ECF)
Greenberg Traurig, LLP
200 Park Avenue
P.O. Box 677
Florham Park, NJ 07932
(973) 360-7900; Fax: (973) 301-8410

ITC\012314Counterclaimanswer

20