UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN TOUCH CONCEPTS, INC., d/b/a ZCOM,

Plaintiff,

- against -

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, *et al.*,

Defendants.

Civ. Act. No. 13 CV 1419 (PKC)

**MEMORANDUM OF LAW OF DEFENDANTS CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, RYAN BROOMES AND JORGE VELEZ IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECUSAL**

Philip R. Sellinger
Todd L. Schleifstein
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
(212) 801-9200

# TABLE OF CONTENTS


Page

PRELIMINARY STATEMENT ..... 1

ARGUMENT ..... 3

POINT I. ZCOM'S MOTION IS UNTIMELY ..... 4

POINT II. RECUSAL IS UNWARRANTED ON THE CURRENT RECORD ..... 5

A. Recusal on Partiality Grounds is Unwarranted When Based Solely On Rulings Made During the Case ..... 5

1. Transfer of Case to District of New Jersey ..... 6

2. Exercise of Subject Matter Jurisdiction ..... 6

3. Verizon Wireless's Rule 12(b)(6) Motion and ZCom's Motion for Reconsideration ..... 7

4. Rulings on Proposed Pleading Amendments and Extensions of Time to Answer ..... 8

5. Court's Rulings in the Aggregate ..... 10

B. There is No Evidence That the Court Expressed a High Degree of Favoritism to Verizon Wireless or Antagonism to ZCom ..... 10

C. None of ZCom's Authorities Supports Recusal on Partiality Grounds ..... 12

POINT III. ZCOM IS NOT ENTITLED TO A VACATUR OF ALL PRIOR ORDERS, A REMAND TO STATE COURT OR A LEAVE TO FURTHER AMEND ITS COMPLAINT ..... 13

CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alexander v. Primerica Holdings, Inc.*,
10 F.3d 155 (3d Cir. 1993) .......... 13

*Apple v. Jewish Hosp. & Med. Ctr.*,
829 F.2d 326 (2d Cir. 1987) .......... 1, 4

*Arena v. Village of Suffern*,
519 Fed. Appx. 61 (2d Cir. 2013) .......... 9

*Canino v. Barclays Bank, PLC*,
1998 WL 7219 (S.D.N.Y. Jan. 7, 1998) .......... 14

*Ellis v. Provident Life & Accident Ins. Co.*,
962 F. Supp. 445 (S.D.N.Y. 1997) .......... 5

*Grullon v. City of New Haven*,
720 F.3d 133 (2d Cir. 2013) .......... 9

*Holmes v. NBC/GE*,
925 F. Supp. 198 (S.D.N.Y. 1996) .......... 7, 9

*In re Basciano*,
542 F.3d 950 (2d Cir. 2008) .......... 3

*In re Cuyahoga Equip. Corp.*,
980 F.2d 110 (2d Cir. 1992) .......... 6

*In re Digital Music Antitrust Litig.*,
2007 WL 632762 (S.D.N.Y. Feb. 27, 2007) .......... 8

*In re Drexel Burnham Lambert Inc.*,
861 F.2d 1307 (2d Cir. 1988) .......... 3

*In re Murchison*,
349 U.S. 133 (1955) .......... 13

*In re Reassignment of Cases*,
736 F.3d 118 (2d Cir. 2013) .......... 13

*In Touch Concepts, Inc. v. Cellco P'ship*,
2013 WL 6182949 (S.D.N.Y. Nov. 18, 2013) .......... 8

*In Touch Concepts, Inc. v. Cellco P'ship*,
949 F. Supp. 2d 447 (S.D.N.Y. 2013) ....................3, 7, 8

*ISC Holding AG v. Nobel Biocare Fin. AG*,
688 F.3d 98 (2d Cir. 2012) ....................3

*Jones v. Hirschfeld*,
348 F. Supp. 2d 50 (S.D.N.Y. 2004) ....................12

*Liljeberg v. Health Servs. Acquisition Corp.*,
486 U.S. 847 (1988) ....................13

*Liteky v. United States*,
510 U.S. 540 (1994) ....................*passim*

*Majorica, S.A. v. R.H. Macy & Co.*,
762 F.2d 7 (2d Cir. 1985) ....................11

*Mazzei v. Money Store*,
483 F. Supp. 2d 323 (S.D.N.Y. 2007) ....................5

*Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*,
332 F. Supp. 2d 667 (S.D.N.Y. 2004) ....................10

*New York v. Hendrickson Bros., Inc.*,
840 F.2d 1065 (2d Cir. 1988) ....................7

*Offutt v. United States*,
348 U.S. 11 (1954) ....................13

*Rosen v. Sugarman*,
357 F.2d 794 (2d Cir. 1966) ....................10

*Schiff v. United States*,
919 F.2d 830 (2d Cir. 1990) ....................1, 5

*SEC v. Roxford*,
2007 WL 2600854 (S.D.N.Y. Sept. 5, 2007) ....................5

*Southside Fair Hous. Comm. v. City of N.Y.*,
928 F.2d 1336 (2d Cir. 1991) ....................11

*Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.*,
17 F.3d 38 (2d Cir. 1994) ....................11

*United States v. Carlton*,
534 F.3d 97 (2d Cir. 2008) ....................3, 10

*United States v. El-Gabrowny*,
844 F. Supp. 955 (S.D.N.Y. 1994) .......... 2

*United States v. Robin*,
553 F.2d 8 (2d Cir. 1977) .......... 12

*United States v. Yonkers Bd. of Educ.*,
946 F.2d 180 (2d Cir. 1991) .......... 1, 4

**Statutes**

28 U.S.C. § 455 .......... 3

**Federal Rules**

Fed. R. Civ. P. 6 .......... 9

Fed. R. Civ. P. 12 .......... 9

Fed. R. Civ. P. 15 .......... 9

Defendant Cellco Partnership d/b/a Verizon Wireless, together with its present or former employees, Defendants Ryan Broomes and Jorge Velez (collectively, "Verizon Wireless"), respectfully submits this memorandum of law in opposition to the motion of Plaintiff In Touch Concepts, Inc. d/b/a ZCom ("ZCom"), pursuant to 28 U.S.C. § 455(a), for the Court's recusal.

## PRELIMINARY STATEMENT

In the guise of a recusal motion, ZCom attempts to go back to the case's inception and undo every ruling that the Court has made, as well as its own strategic decisions. But parties are not allowed to sit back, see how things play out, and then seek a "do-over." ZCom accuses the Court of being hostile to it during the parties' very first appearance in January 2012. Yet, ZCom did not seek recusal then, or even in March 2013, when the case was re-assigned to this Court upon re-transfer from the District of New Jersey. The Second Circuit made clear in *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180 (2d Cir. 1991), and *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326 (2d Cir. 1987), that recusal motions must be made upon the first evidence of grounds for that relief. The fact that ZCom waited ten months and for eight different Orders to issue before proceeding, standing alone, is enough to mandate the denial of its motion.

Moreover, the entire premise of ZCom's motion is that the Court has been unduly partial to Verizon Wireless, as evidenced by certain substantive and procedural rulings on a number of motions and applications. But the Second Circuit has consistently held that recusal is never warranted where, as here, it is based solely on allegations that a Judge has consistently ruled adversely to one of the parties, or that the case has not been administered "fairly" from one party's perspective. *See, e.g., Schiff v. United States*, 919 F.2d 830 (2d Cir. 1990). ZCom filed a 175-page, 862-paragraph Complaint asserting 11 claims, which the Court found to be prolix, entirely lacking in legal support and wholly inconsistent with the parties' contract. ZCom then

flouted and repeatedly challenged the Court's various case management orders and ignored Court-imposed deadlines. It is no surprise that the Court ruled as it did on each of the motions that ZCom raises here, and none of those rulings come close to evidencing partiality or bias.

The Supreme Court held in *Liteky v. United States*, 510 U.S. 540, (1994), that in all but the most extreme circumstances, partiality warranting recusal requires some evidence of extrajudicial misconduct or favoritism to a party or its counsel. None is present here.

ZCom also seeks a variety of relief which it was not granted leave to pursue on this motion, including (1) the outright vacatur of every order entered by the Court, regardless of how carefully considered and researched they were, or how judiciously the Court decided case management issues, (2) the remand of the case to state court (although ZCom previously argued in ***favor*** of federal subject matter jurisdiction), or (3) in the alternative, permission for ZCom to file an amended Complaint of unlimited length and scope (although the Court had characterized the currently operative pleading as "prolix," "vague," "convoluted," and lacking in specificity). ZCom cites no authority supporting the vacatur of the above Orders (or any of this other relief) as an adjunct to a recusal motion.

In sum, ZCom's attempt to eliminate every ruling that it deems to be unfavorable cannot be cloaked in the "appearance of partiality." Rather, it is a full frontal assault on the Court's handling of the action, and a transparent attempt to steer the case to a new forum or Judge. As best stated by former Chief Judge Mukasey, "recusal motions should not be allowed to be used as strategic devices to judge shop." *United States v. El-Gabrowny*, 844 F. Supp. 955, 958-59

(S.D.N.Y. 1994) (internal quotation omitted). ZCom has failed to establish any basis for this Court's recusal, and ZCom's motion should be denied in its entirety.[1]

## ARGUMENT

ZCom seeks the Court's recusal pursuant to 28 U.S.C. § 455(a), which provides that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A district judge has discretion as to whether to recuse himself on these grounds, and should "carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his expected adverse decisions." *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008). Moreover, in exercising that discretion, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

Section 455(a) is to be objectively interpreted, "so that what matters is not the reality of bias or prejudice but its appearance." *Liteky*, 510 U.S. at 548. "The question . . . is whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 107 (2d Cir. 2012) (quoting *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008)). As discussed below, ZCom's motion is untimely and cannot meet this high standard of review.

---

[1] The Court is already well familiar with the case's facts and procedural history, most of which is set forth in detail in its opinion in *In Touch Concepts, Inc. v. Cellco P'ship*, 949 F. Supp. 2d 447, 453-61 (S.D.N.Y. 2013).

**POINT I**

**ZCOM'S MOTION IS UNTIMELY**

ZCom argues "that from that first appearance, on January 24, 2012, Judge Castel appeared openly hostile to bother with ZCom's claims" (Pl. Mem. at 9), and that the Court's rulings that day "gave, at the very least, an appearance of partiality against ZCom." (*Id.* at 10.) ZCom further argues that in light of those rulings, "a reasonable disinterested outside observer, steeped in the facts . . . could reasonably conclude that Judge Castel appeared partial to Verizon and hostile to ZCom" and that the Court had "punish[ed]" ZCom for filing an Order to Show Cause that morning. (*Id.* at 11.) Those admissions are fatal to ZCom's motion.

"A motion to disqualify must be made 'at the earliest possible moment' after obtaining information of possible bias. *Yonkers Bd. of Educ.*, 946 F.2d at 183 (quoting *Apple*, 829 F.2d at 333). This rule serves both "to prevent waste of judicial resources . . . and to ensure that a movant does not 'hedg[e] its bets against the eventual outcome' of a proceeding." *Id.* (quoting *Apple*, 829 F.2d at 334) (internal citation omitted). Had ZCom truly suspected that the Court was showing hostility to ZCom or partiality to Verizon Wireless from the outset, ZCom should have moved for recusal in January 2012, or at the very latest, in March 2013, when the case returned to this district and was re-assigned to this Court.

In fact, the case was initially assigned to Judge Sweet upon its re-transfer to this District. (DE 66.) At the direction of the Clerk's Office, Verizon Wireless wrote to Judge Sweet and requested that he re-assign the case to this Court, based on this Court's prior direction that the case should be sent back to him if it returned to this district. ZCom remained silent. Allowing ZCom to seek recusal only after this Court has issued eight subsequent rulings over the course of the following ten months runs afoul of both of the above policy concerns.

## POINT II

## RECUSAL IS UNWARRANTED ON THE CURRENT RECORD

### A. Recusal on Partiality Grounds is Unwarranted When Based Solely on Rulings Made During the Case.

The Second Circuit has held that "[p]rior adverse rulings without more do not provide a reasonable basis for questioning a judge's impartiality." *Schiff*, 919 F.2d at 834 (internal quotation omitted). This Court has reached the same conclusion. *See SEC v. Roxford*, 2007 WL 2600854 *2 (S.D.N.Y. Sept. 5, 2007) (denying recusal motion premised on alleged bias against *pro se* party; "To the extent that [defendant's] assertion relies on rulings of this Court in this case, those rulings may not form the basis for disqualification.") (citing *Liteky*, 510 U.S. at 555). The same is true of a court's procedural and case management rulings in the ordinary course. *Mazzei v. Money Store*, 483 F. Supp. 2d 323, 326 (S.D.N.Y. 2007). In other words, partiality does not exist where the Judge "has no interest in the outcome of th[e] case other than the interest of every judicial officer that the truth be discovered and the law correctly applied . . . ." *Ellis v. Provident Life & Accident Ins. Co.*, 962 F. Supp. 445, 446 (S.D.N.Y. 1997).

There are sound policy reasons behind these holdings. Most importantly, prohibiting recusal based solely on how the Judge has ruled on past motions and disputes over case administration serves to prevent judge shopping. *See Id.* ("The Courts when faced with similar groundless § 455 motions such as this one have regularly cautioned against permitting judge shopping by litigants as inconsistent with the end of justice, going so far as to indicate a duty to sit in the face of scurrilous and unworthy attacks for ulterior ends by some counsel.").

None of the evidence of partiality offered by ZCom relates to anything other than the wholly appropriate manner in which this Court has administered the case and ruled on motions and applications submitted by the parties. ZCom's examples of alleged bias amount to nothing

more than Court rulings that ZCom dislikes. Each of these rulings was entirely proper, and ZCom merely disagrees with the Court's reasoning and ultimate disposition.

**1. Transfer of Case to District of New Jersey**

ZCom first challenges the Court's *sua sponte* transfer of the case to the District of New Jersey, based on Verizon Wireless's January 20, 2012 letter noting that an earlier-filed action between ZCom and Verizon Wireless was pending there. (Pl. Mem. at 10-12.) The Court's determination that transfer of this action to the forum where the original action was filed was perfectly appropriate under the first-to-file doctrine. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (decision to transfer case on first-to-file grounds is well within district court's discretion). Had ZCom believed that this ruling was instead the product of partiality, it should have made its recusal motion then (or, at the very latest, upon the case's initial re-assignment to this Court in March 2013).

**2. Exercise of Subject Matter Jurisdiction**

ZCom next challenges the Court's continued exercise of subject matter jurisdiction over its claims against Verizon Wireless. (Pl. Mem. at 13-14.) This argument is naked evidence of forum and judge shopping in light of ZCom's 180-degree change in its long-held position.

Content to remain in federal court, ZCom did not move to remand the case to state court in May 2012, when it filed an Amended Complaint that eliminated diversity jurisdiction based on the Class Action Fairness Act of 2005 (DE 37), or at any time thereafter. Rather, the issue did not arise until this Court issued an Order to Show Cause, dated March 20, 2013, asking the parties to demonstrate why the case should not be remanded after it had lost its character as a putative class action. (DE 72.) And, at that time, ZCom submitted a letter brief arguing in ***favor*** of the Court retaining supplemental jurisdiction over the case. (DE 84.) Verizon Wireless made

similar arguments in favor of federal jurisdiction. (DE 83.) In a well-reasoned decision, the Court agreed with both parties that subject matter jurisdiction existed and should continue to be exercised. *In Touch Concepts*, 949 F. Supp. 2d at 461-64.[2]

**3. Verizon Wireless's Rule 12(b)(6) Motion and ZCom's Motion for Reconsideration**

ZCom also challenges the Court's determination of Verizon Wireless's June 22, 2012 motion to dismiss several claims in the First Amended Complaint, and its subsequent denial of ZCom's motion for reconsideration of that ruling. (Pl. Mem. at 14-18). The Court dismissed ZCom's contract-based, tortious interference and defamation claims, but let stand two independent claims sounding in fraud (one premised on alleged affirmative representations and the other on alleged omissions).

That decision was issued after full briefing by the parties and careful consideration by the Court, which included its review of the transcript of a lengthy oral argument before the district court in New Jersey. *In Touch Concepts*, 949 F. Supp. 2d at 461. The decision was supported by a well-reasoned, extensive legal analysis, *id.* at 461-86, which followed a comprehensive summary of the relevant facts. *Id.* at 453-60. The prevailing theme of the decision was that most of ZCom's claims were expressly precluded by the terms of the parties' contract. *See, e.g., Id.* at 470 ("Here, the Agency Agreement unambiguously permits Verizon to unconditionally terminate the agency relationship *without* cause, provided written notice is given to the agent at six months

---

[2] ZCom further argues that the Court exhibited bias by endorsing a related proposal made only by Verizon Wireless that it sever and remand the claims that ZCom had asserted against three other defendants who had no corporate or employment relationship with Verizon Wireless. (Pl. Mem. at 13.) But this decision was eminently reasonable in light of the Court's recognition that these defendants were already parties to an identical New York state court action which was at a more advanced procedural stage. *In Touch Concepts*, 949 F. Supp. 2d at 464-65. As with transfer determinations, the decision whether to sever parties or claims from a case lies well within the Court's discretion. *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988). Nor does such a decision evidence partiality warranting recusal. *See Holmes v. NBC/GE*, 925 F. Supp. 198, 201 n.7 (S.D.N.Y. 1996) (denying recusal motion premised in part on ruling in which court "severed certain of plaintiff's claims").

in advance.") (emphasis in original) (citing, *inter alia*, *Triton Partners LLC v. Prudential Sec. Inc.*, 752 N.Y.S.2d 870 (N.Y. App. Div. 2003)).

Not satisfied with the Court's ruling, ZCom moved for reconsideration. Although ZCom did "little more than reassert allegations in the Amended Complaint and arguments pressed in opposition to the motions to dismiss," *In Touch Concepts, Inc. v. Cellco P'ship*, 2013 WL 6182949 *2 (S.D.N.Y. Nov. 18, 2013), the Court gave full consideration to ZCom's motion and carefully addressed each of ZCom's arguments in another lengthy written opinion. *Id.* at *2-*7. If ZCom wishes to further challenge the Court's reasoned rulings, the proper procedure is to seek leave to file an interlocutory appeal – not to move for recusal. *See In re Digital Music Antitrust Litig.*, 2007 WL 632762 *11 (S.D.N.Y. Feb. 27, 2007) (denying recusal motion; Chief Judge Preska could not "exclude the possibility that Plaintiffs were dissatisfied with" her decision on Rule 12(b)(6) motion "and now seek a second bite at the apple before a different judge").

### 4. Rulings on Proposed Pleading Amendments and Extensions of Time to Answer

ZCom additionally challenges a number of rulings in which the Court refused to grant ZCom leave to further amend its Complaint. (Pl. Mem. at 18-22.) But not only had the Court originally given ZCom leave to move to re-plead, *In Touch Concepts*, 949 F. Supp. 2d at 486, it directed ZCom to re-plead its two remaining claims because it found them to be "prolix," lacking in specificity and violative of Fed. R. Civ. P. 8(a)(2)'s requirement for a short and plain statement of a claim showing entitlement to relief. *In Touch Concepts*, 949 F. Supp. 2d at 452, 481.

ZCom, however, flouted the June 24, 2013 deadline set by the Court for doing so. The Court had previously made clear that it had placed this deadline on ZCom's time to submit an amended complaint because the action was almost two years old, and it denied ZCom a further extension because ZCom is a sophisticated business entity that had failed to show excusable

neglect, as required by Fed. R. Civ. P. 6(b)(1)(B). (DE 97 at 2-3.) How ***ZCom's*** willful and unexcused failure to comply with Court-imposed deadlines provides a basis for recusal is a complete mystery. Likewise, ZCom complains that the Court allowed Verizon Wireless extra time to answer its vexatious, 175-page, 862-paragraph Complaint. (Pl. Mem. at 20-21.) ZCom contends that Verizon Wireless was in default at the time of this ruling. (*Id.* at 21-22.) But, as the Court correctly recognized, Verizon Wireless's time to answer had been extended pursuant to Fed. R. Civ. P. 12(a)(4)(A), as the Court's June 4, 2013 Order had "set[] a different time" for Verizon Wireless to respond to the then-operative pleading. (DE 103 at 2.)

Each of these determinations fall well within the Court's exercise of its discretion in determining whether and under what circumstances to (a) permit an amendment to a pleading, (b) extend a pleading-related deadline, or (c) permit an otherwise untimely pleading. *See* Fed. R. Civ. P. 6(b)(1)(A), (B); Fed. R. Civ. P. 15(a)(2); *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013); *Arena v. Village of Suffern*, 519 Fed. Appx. 61, 62 (2d Cir. 2013). Moreover, at least one district court has considered – and rejected – the concept that rulings of this nature may form the basis for a recusal motion premised on the Court's alleged partiality.

In *Holmes*, plaintiff alleged that Judge Motley had showed undue partiality because, among other procedural rulings, she had "permitted [defendants] to delay in filing their answer in this case," and "denied plaintiff the right to amend her complaint." *Holmes*, 925 F. Supp. at 201 n.7. The court denied the motion, holding that "plaintiff has set forth no arguably adequate basis for this court to order its own disqualification. Rather each of plaintiff's arguments complain of either 'judicial rulings' or 'routine trial administration efforts' which '[a]ll occurred in the course of judicial proceedings.'" *Id.* at 202 (quoting *Liteky*, 510 U.S. at 556).

**5. Court's Rulings in the Aggregate**

ZCom next suggests that the sheer number of occasions on which the Court has rejected its arguments and case management proposals, or otherwise ruled unfavorably to it, evidence partiality, as they demonstrate an "aggregate of . . . disparate treatment of ZCom by Judge Castel in these proceedings." (Pl. Mem. at 22-23.) This argument, however, has similarly been rejected by both the Second Circuit and by courts in this district. *See, e.g., Rosen v. Sugarman,* 357 F.2d 794, 798 (2d Cir. 1966) ("A judge is not to be faulted as biased or prejudiced because he has considered that the effective discharge of his responsibility over proceedings before him . . . has demanded the consistent rejection of an attorney's contentions or strong measures to prevent what he regards as inexcusable waste of time."); *Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) ("A trial judge must be free to make rulings on the merits without the apprehension that if he makes a disproportionate number in favor of one litigant, he may create the [appearance] of bias.").

**B. There is No Evidence That the Court Expressed a High Degree of Favoritism to Verizon Wireless or Antagonism to ZCom.**

As discussed above, the scope of Section 455(a) "is commonly limited to those circumstances in which the alleged partiality stems from an extrajudicial source." *Carlton*, 534 F.3d at 100. ZCom cites no such extrajudicial acts on the Court's part that it contends warrant recusal. Instead, ZCom alleges that a number of comments made by the Court in a prior hearing evidence undue hostility to ZCom or favoritism to Verizon Wireless. These allegations likewise have no factual basis.

When opinions have been formed by a judge solely during the course of the proceedings, those views:

> do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky,* 510 U.S. at 555 (emphasis in original).

ZCom complains that "Judge Castel appeared openly hostile" to it during the January 24, 2012 argument of its motion for a temporary restraining order and preliminary injunction seeking to enjoin the upcoming January 31, 2012 effective date of the termination of its agency, as supposedly evidenced by "the tenor and tone directed only at ZCom." (Pl. Mem. at 9.) In particular, ZCom notes that the Court "castigat[ed]" its counsel and "expressed displeasure" at ZCom "for not resorting to litigation sooner." (*Id.*)

The Court's concern with the timeliness of ZCom's motion was directly related to the well-established standards for obtaining temporary restraints. "Laches is an equitable defense which bars injunctive relief where a plaintiff unreasonably delays in commencing an action." *Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.*, 17 F.3d 38, 44 (2d Cir. 1994). The Second Circuit has routinely reversed grants of preliminary injunctive relief, and affirmed the denial of such relief, under the laches doctrine where a movant has engaged in the sort of delay that the Court found had been evidenced by ZCom. *See, e.g., Southside Fair Hous. Comm. v. City of N.Y.*, 928 F.2d 1336, 1355 (2d Cir. 1991) (affirming denial of injunction seeking to block City's sale of land to Hasidic community; plaintiff waited several months after groundbreaking on property to seek injunction); *Majorica, S.A. v. R.H. Macy & Co.*, 762 F.2d 7, 8 (2d Cir. 1985)

(vacating preliminary injunction in trademark infringement action in light of plaintiff's seven-month delay in seeking injunction).[3]

In any event, neither the Court's comments nor the tone employed with ZCom's counsel "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555. As best stated by Judge Leisure:

> the Court is not constrained to mere gentle chiding in the face of deleterious conduct by the parties or their lawyers during a litigation. "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" do not establish bias or partiality. "A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune."

*Jones v. Hirschfeld*, 348 F. Supp. 2d 50, 57 (S.D.N.Y. 2004) (quoting *Liteky*, 510 U.S. at 555-56) (internal citations omitted). If "expressions of impatience, dissatisfaction, annoyance, and even anger" directed at a party do not evidence partiality warranting recusal, then certainly none of the innocuous comments cited by ZCom qualify either.

**C. <u>None of ZCom's Authorities Supports Recusal on Partiality Grounds</u>.**

ZCom cites cases for the proposition that "in a few instances there may be unusual circumstances where 'both for the judge's sake and the appearance of justice,' an assignment to a different judge 'is salutary and in the public interest, especially as it minimizes even a suspicion of partiality.'" (Pl. Mem. at 24.) This quote originates from *United States v. Robin*, 553 F.2d 8, 9-10 (2d Cir. 1977). *Robin* is wholly inapposite, as the opinion merely sets forth a set of guidelines created by the Second Circuit (sitting *en banc*) for determining when, following the

---

[3] ZCom alleges that its principal, Victor Singh, is "a turbaned religious Sikh, with 'genuinely held' religious beliefs" that "include avoiding controversy and promoting amicability for a peaceful life." (Pl. Mem. at 2, 10, n.1.) ZCom's counsel should have advised his client of the requirements for obtaining preliminary injunctive relief, rather than making excuses for his inaction two years after the fact.

vacatur of a criminal conviction on appeal, a case should be re-assigned to a different judge for a new trial.

The Second Circuit again used the above quote in *In re Reassignment of Cases*, 736 F.3d 118, 123-24 (2d Cir. 2013). But in those cases, in which African-American and Latino residents of New York City had challenged the constitutionality of the NYPD's "stop and frisk" policy, the district judge had made statements to the media while a decision on the merits of the suits was pending and public interest in the outcome of the litigation was high. *Id.* at 124. As discussed above, no similar extrajudicial conduct is alleged here.

The remainder of the authorities cited by ZCom are likewise off point, as they involve either extrajudicial conduct, *see Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988) (judge was trustee of university with interest in litigation), comments unrelated to pending disputed matters, *see Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155 (3d Cir. 1993) (judge accused plaintiff's witnesses of committing perjury and acting in bad faith without evidence, and wrote letter to counsel commenting on pending *mandamus* petition, which was not submitted to Third Circuit), or Due Process concerns in criminal proceedings. *See In re Murchison*, 349 U.S. 133 (1955) (holding that same judge may not preside over both grand jury hearing and later contempt hearing arising out of grand jury proceedings); *Offutt v. United States*, 348 U.S. 11, 17 (1954) (judge became "personally embroiled" with criminal defense counsel during trial).

## POINT III

## ZCOM IS NOT ENTITLED TO A VACATUR OF ALL PRIOR ORDERS, A REMAND TO STATE COURT OR LEAVE TO FURTHER AMEND ITS COMPLAINT

In addition to recusal, ZCom also seeks the vacatur of the Court's June 4, 2013, November 18, 2013, November 20, 2013, November 27, 2013, December 2, 2013, and

December 3, 2013 Orders (DE 87, 93, 97, 100, 103, 104), vacatur of "the discovery provisions" of its January 2, 2014 Order (DE 110), and the remand of the action to the Supreme Court of the State of New York for New York County. (DE 124 at pp. 1-2.) If the case is not remanded, ZCom alternatively requests that it be granted leave to amend its Complaint a second time, without any limitations on either the claims that it may assert or the length of its pleading. (*Id.* at p. 2.) ZCom is not entitled to any of this ancillary relief.

As an initial matter, the Court's Individual Rules of Practice require a pre-motion letter seeking leave to file motions of this nature. While ZCom availed itself of this procedure and obtained leave to move for recusal by Order, dated January 2, 2014 (DE 110), that Order did ***not*** grant ZCom leave to move to (a) vacate any of the Court's prior Orders, (b) remand the case to state court or (c) seek further relief from the Court's earlier Orders denying ZCom leave to further amend its Complaint. Accordingly, none of these requests are properly before the Court.

Even if properly sought, none of this requested relief is warranted. ZCom cites no authority in which a district court provided a litigant seeking the court's recusal with the "bonus" of undoing all of its prior orders. In fact, at least one court in this district refused to grant such relief, even though the judge to whom the action was initially assigned had recused herself after her husband's law firm was retained to represent the defendant in an unrelated matter. *See Canino v. Barclays Bank, PLC*, 1998 WL 7219 *4 (S.D.N.Y. Jan. 7, 1998) ("Judge Cedarbaum's decision to recuse herself was a matter of prudence and discretion. Such a recusal does not call into question the validity of her" earlier rulings on defendant's summary judgment motion). There is simply no reason to turn the clock back to the outset of the suit, and permit the parties to re-litigate the viability of the claims originally asserted by ZCom, the appropriateness of exercising subject matter jurisdiction (to which ZCom consented), whether ZCom should be

allowed to further amend its Complaint, the timeliness of Defendants' Answers to the Complaint, or the timing and conduct of discovery.

## CONCLUSION

The Second Circuit has made clear that it is as important for a district court to deny a meritless recusal request as it is for the court to step aside when its ability to preside fairly is legitimately in question. To act otherwise would invite losing litigants – and especially the most prolix among them – to reflexively cry "bias" and throw a "Hail Mary" in the hope that a different judge will essentially grant a motion for re-re-consideration of arguments they have lost. No better example of the need to remain steadfast in the face of baseless accusations could be found than ZCom's motion here. The Court should therefore deny ZCom's motion in its entirety.

Dated: New York, New York
January 31, 2014

Respectfully submitted,

By: /s/ Philip R. Sellinger
Philip R. Sellinger
Todd L. Schleifstein

GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
(212) 801-9200

Attorneys for Defendants
Cellco Partnership d/b/a Verizon Wireless,
Ryan Broomes and Jorge Velez