```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-4-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN TOUCH CONCEPTS, INC.,

                      Plaintiff,                          13 Civ. 1419 (PKC)

     -against-

                                                             ORDER

CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESS, et al.,

                      Defendants.
-----------------------------------------------------------------x
CASTEL, District Judge:

          Plaintiff In Touch Concepts, Inc., referring to itself by the name by which it conducted business, "Zcom," moves to disqualify the undersigned, pursuant to 28 U.S.C. § 455(a), which provides in relevant part that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[1] Plaintiff states as follows: "At the outset, and in the best of faith, Zcom makes no allegation of actual misconduct, actual bias or actual partiality on behalf of Judge Castel." (P. Mem. at 1.) The principal focus of the motion is a series of rulings by the Court between November 18, 2013 and December 3, 2013, but the Court will consider the motion in the full context of the case, as plaintiff correctly urges it should.

---

[1] The disqualification issue was raised in a letter to the Court dated December 31, 2013 and, in an Order filed January 2, 2014, the Court set a schedule on the motion.

Standard on a Motion to Disqualify

The Supreme Court in Liteky v. United States, 510 U.S. 540, 555 (1994), reviewed the standards for disqualification not arising from the judge's acquisition of information from extra-judicial sources:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

A section 455(a) motion is "to be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance." Id. at 548 (emphasis in the original). The Court also noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion . . . ." Id. at 555. The Second Circuit, applying Liteky, has said that on a section 455(a) motion "[t]he question . . . is whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" ISC Holding AG v. Nobel Biocare Finance AG, 688 F.3d 98, 107 (2d Cir. 2012) (quoting United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008)) (alteration in original).


Procedural History:  How the Motions Came to Be Heard By This Court

An action was filed by Cellco Partnership, doing business as Verizon Wireless, against Zcom in the United States District Court for the District of New Jersey seeking a declaratory judgment that its termination of Zcom was lawful. Cellco Partnership v. In Touch

Concepts Inc., No. 11 Civ. 6493 (PGS) (TJB) (D.N.J. filed Nov. 4, 2011). On December 28, 2011, while that action was pending, Zcom commenced an action against Verizon Wireless and others in New York State Supreme Court, New York County, alleging, among other claims, class action claims against Verizon Wireless for (1) tortious interference; (2) fraud and deceit; and (3) misrepresentation. On January 3, 2012, Verizon and several other then-named defendants removed the action to this District, pursuant to CAFA, alleging minimal diversity of citizenship.

On January 24, 2012, the parties appeared before the undersigned for the one and only time during the life of this case. Zcom sought a temporary restraining order against a termination by Verizon Wireless effective January 31, 2012, which termination Zcom had been given written notice of six months earlier on July 25, 2012. (Tr. of Jan. 24, 2012 at 11.) After hearing the parties on the record, the Court denied the application for a temporary restraining order and transferred the action to the District of New Jersey where the first-filed action was pending. (Id. at 27-29) The bench ruling was followed by a written order. (Dkt No. 12; Jan. 24, 2012.)

With the action now pending in the District of New Jersey, Magistrate Judge Tonianne J. Bongiovanni set a schedule for a proposed motion for leave to file an amended complaint. The defendant ultimately consented to the amendment and on May 5, 2012, over four months after initiating suit in New York, Zcom filed a First Amended Complaint. The First Amended Complaint was 175 pages in length and contained 862 paragraphs. Eventually defendants moved to dismiss the First Amended Complaint and the court heard oral argument. Thereafter, on March 1, 2013, the United States District Court for the District of New Jersey transferred the action back to this Court with the pending motion to dismiss.

3

Upon transfer, the action was reassigned to the undersigned.[2]

The Ruling on the Motion to Dismiss and the Order to Zcom to Amend its Prolix Pleading

On June 4, 2013, the undersigned ruled on the motion to dismiss the First Amended Complaint in a 60-page Memorandum and Order. (June 4 Mem. & Order.) This Court noted at the outset that under established authority, the plaintiff's complaint could properly be dismissed as a prolix pleading not in compliance with Rule 8(a)(2), Fed. R. Civ. P. (June 4 Mem. & Order at 1.) This Court upheld Zcom's fraud claims against Verizon Wireless (Counts II and III) (Id. at 50-55) but dismissed all other claims against Verizon Wireless.[3]

Because Zcom's amended complaint was not compliant with Rule 8(a)(2), the Court declined to require the remaining defendants to respond to the 862-paragraph pleading. It therefore ordered Zcom to move to amend, annexing a new pleading not to exceed 30 pages.

> Within twenty (20) days of this Memorandum and Order, Zcom must move for leave to replead and annex the proposed amended pleading. Again, the Court cautions Zcom to comply with the pleading requirements set out in Rule 8(a), Fed. R. Civ. P. Any proposed amended pleading may not exceed 30 pages.

(Id. at 60.) Additionally, because the Order was not exclusively for the benefit of Zcom, compliance was not conditioned upon Zcom's desire to replead any dismissed claims. The ruling ensured that the remaining defendants were served with a proper pleading. Of course, the Order did not foreclose Zcom from endeavoring to replead dismissed claims.

---

[2] Prior to the transfer to the District of New Jersey, the action had been assigned the following docket number: 12 Civ. 25. When the action was transferred back to this Court by the District of New Jersey, the Clerk of this Court assigned a new docket number: 13 Civ. 1419.

[3] As to co-defendants the Court ruled as follows: "As to Broomes and Velez the motion to dismiss (Docket No. 42) is granted except as to the claims for fraud (Counts II and III). As to Pavlicek and Fiocco, the motion to dismiss (Docket No. 42) is granted. Varghese's motion to dismiss (Docket No. 46) is granted. All claims asserted against Ajay Bhumitra, Shelly Bhumitra, and Poonam Sawnhey are severed from the Amended Complaint and remanded to the state court from which they were removed because the Court declines to exercise supplemental jurisdiction over such claims." (Id. at 60.)

Zcom filed no motion to amend. After the 20-day period for filing a motion to amend had expired, Zcom, by letter dated June 26, 2013, sought an extension of time to file a motion to amend which the Court declined to act upon.

Zcom did, however, timely move to reconsider the June 4 Memorandum and Order. After a full round of briefing, the Court denied the motion to reconsider in a 14-page Memorandum and Order. (Dkt. No. 93; Nov. 18, 2013.) The Court's ruling noted that Zcom could have attempted to replead the dismissed claims but did not do so. (Nov. 18 Mem. & Order at 11.)

On the heels of the denial of the motion to reconsider, Zcom, by letter dated November 19, 2013, sought until December 3, 2013 to file a motion to amend. In a written Order filed on November 20, 2013, the Court denied plaintiff's application, noting that the June 26 application had been made after the time for a motion to amend had expired and the plaintiff had not shown excusable neglect. (Dkt. No. 97; Nov. 20, 2013.) The Court wrote: "The plaintiff, In Touch Concepts, Inc., is a sophisticated entity represented by counsel presenting claims arising out of a soured commercial relationship. Neither the interests of justice nor the terms of Rule 6(b)(1)(B) counsel in favor of a further extension of the expired time period." (Id.) While the June 4 Order principally ensured that the answering parties did not need to respond to a pleading that violated Rule 8(a), the Court saw no further point prolonging the pleading stage of this nearly two-year old dispute.

Implicit in Zcom's present position is that it was unfair of the Court to deprive it of a stay of its time to file a motion to amend because the application was late by two days. But if a timely motion for a stay had been made, it would likely have been

5

denied on its merits. There is great efficiency in having a fully briefed motion to reconsider and a fully briefed motion to amend before the Court at the same time. The motion to reconsider would likely have informed the discussion of whether the proposed amendment was futile. The motion to amend may also have informed the motion to reconsider: if a claim were repled properly, it would obviate the need for the Court to rule on that portion of the motion to reconsider addressing the claim as pled in the First Amended Complaint. By improperly appropriating to itself a stay of its time to file the motion to amend, Zcom deprived the Court of this opportunity to foster judicial efficiency. A reasonable person fully informed of the facts would understand this point.

The Time for Verizon Wireless to Answer the First Amended Complaint

On November 26, 2013, counsel for defendant Verizon Wireless sought an extension of its time to answer the First Amended Complaint, which answer, it asserted, was due December 2, 2013. Zcom took the position in a letter also dated November 26 that because the Court had already determined that the motion to reconsider did not stay Zcom's time to file a motion to amend, so too did it not stay the time of Verizon Wireless to answer the complaint; hence, in Zcom's view, Verizon Wireless was in default no later than a date in July 2013. The Court extended the time of all defendants to answer until January 2, 2014, the first business day of the New Year. (Dkt 100; Nov. 27, 2013.) Looking at the sequence of events, it is quite possible that the Court was unaware of Zcom's November 26 letter when it granted the extension until January 2, 2014.[4]

---

[4] Zcom argues that the Court's failure to wait until the following day to address the letter from Verizon Wireless was in violation of the Court's Individual Rule of Practice I.A, which provides, in relevant part, "As a general matter, letters filed via ECF are reviewed by the Court on the business day after they have been filed. If your submission requires immediate attention . . . please fax the letter to Chambers." Individual Rules of Practice of Judge P. Kevin

6

In any event, Zcom's application for reconsideration allowed this Court to fully consider Zcom's position. In an Order of December 2, 2013, the Court explained why it viewed the applications of the two parties differently. The Court pointed out that the direction in the June 4 Memorandum and Order was more than an invitation to Zcom to replead dismissed claims. It was an unambiguous order to Zcom, which had filed a prolix pleading of 862 paragraphs and 175 pages, to file a motion to amend annexing a new pleading not to exceed 30 pages. (June 4 Mem. & Order at 60; ". . . Zcom must move for leave to replead and annex the proposed amended pleading;" emphasis added.) Zcom's disobedience of the Court's June 4 Order left Verizon Wireless in the position of having to answer a pleading that the Court never intended it to have to answer because of Zcom's non-compliance with Rule 8(a).

It was implicit in the grant of leave to file a further motion to amend that Verizon Wireless need not respond to the existing pleading. It would have been prudent for Verizon Wireless to have made a further application to the Court when Zcom failed to move to amend, but it did not.

On the present motion, Zcom describes the Court's approach in not extending Zcom's time to file a motion to amend and granting the application of Verizon Wireless to extend its time to answer as "wildly disparate." (Reply Mem. at 7.) But there is an important difference between the positions of Zcom and Verizon Wireless. Zcom's fraud claims against Verizon Wireless, asserted in a pleading that had already been amended once, have withstood a motion to dismiss. As a result, Zcom's claims will be adjudicated on the merits. The impact, in so far as Zcom is concerned, is that it will not have further attempt to amend a pleading that it

Castel, amended Nov. 5, 2013, http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=910. This rule informs litigants of the general time in which letters are addressed and does not create a right for any party.

7

amended once, four months after commencing the action. In sharp contrast, holding Verizon Wireless in default would have meant that a judgment would be entered against it with no adjudication of the merits. Cf. Brien v. Kullman Industries, Inc., 71 F.3d 1073, 1077 (2d Cir. 1995) ( ". . . our preference [is] for resolving disputes on the merits."). A reasonable person fully informed of the facts would see this important distinction.

Zcom's counsel does not appear to assert that the Court displayed any animosity towards him. He appeared before the undersigned in this action only one time, at the temporary restraining order application, on January 24, 2012. Indeed, he states, in overly generously terms, that in his only prior case before the undersigned, "the litigation was amicably resolved with Judge Castel's learned and wise guidance." (Batra Decl. ¶ 4.)

Conclusion

Taken together and viewed as a totality, an objective, disinterested observer fully informed of the underlying facts would not entertain significant doubt that justice would be done in this action absent recusal of the undersigned. The motion is DENIED.

SO ORDERED.

Dated: New York, New York
       March 4, 2014

P. Kevin Castel
United States District Judge