THE LAW FIRM OF RAVI BATRA, P.C.
The Batra Building
142 Lexington Avenue
New York, New York 10016
(212) 545-1993
(212) 545-0967 (fax)
Ravi Batra (RB 4299)
*Attorneys for In Touch Concepts, Inc. d/b/a Zcom*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN TOUCH CONCEPTS, INC., d/b/a ZCOM,

*Plaintiff,*

-against-

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, et. al.,

*Defendants*

Docket No. 13 Civ. 1419 (PKC)

---

# MEMORANDUM OF LAW IN SUPPORT OF IN TOUCH CONCEPTS d/b/a ZCOM'S MOTION FOR RECONSIDERATION PURSUANT TO L. CIV. R. 6.3

Dated: March 17, 2014
        New York, New York

Respectfully submitted,
The Law Firm of Ravi Batra, P.C.
*Attorneys for Plaintiff*

Ravi Batra (RB 4299)

...

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

Preliminary Statement: Apparent Deep-seated Antagonism
Against Zcom Makes 28 USC 455(a) Disqualification Unavoidable
and Ethically-Required to Restore both the Appearance of Doing Justice
and Public Confidence in the Judiciary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    Point I:    The Deep-seated Antagonism against Zcom, and
Deep-seated favoritism in favor of Verizon, apparently
enhanced by the latest March 4, 2014 Order, Requires this
Scholarly Court to undo its Violence to Due Process Rights
of Zcom by Ignoring Individual Practice 1(A), Vacate all
Prior Tainted Orders, and Restore the Necessary Public
Confidence in the Judiciary's Impartiality . . . . . . . . . . . . . . . . . . . . . . . 5

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Preliminary Statement: Apparent Deep-seated Antagonism Against Zcom Makes 28 USC 455(a) Disqualification Unavoidable and Ethically-Required to Restore both the Appearance of Doing Justice and Public Confidence in the Judiciary**

The instant motion for reconsideration is made not to merely re-argue what already was and failed, for that is a waste of time, but because it is apparent that this Scholarly Court has misconstrued the prior 28 USC 455(a) motion - on the law and the facts - to a point of switching Zcom's "an Apples" (Fed. R. Civ. P. (b)(1)(A))" Request to an "Oranges" (Fed. R. Civ. P. 6(b)(1)(B) Request[1], and vice versa, by intentionally mislabeling same due to apparent deep-seated antagonism towards Zcom, while Verizon's "Oranges" request was treated as an "Apples" Request, and sometimes going so far as to ignoring the facts and the law of the case by adding a new "rabbit under the hat," (Court now incredulously wishes in DE133 p.6 of the Order

---

[1] Zcom's "Apple" Fed. R. Civ. P. 6(b)(1)(A) Requests, due to deep-seated antagonism, treated as an "Orange" Fed. R. Civ. P. 6(b)(1)(B) Request and denied: Zcom asked for additional time to move for leave to replead timely on June 24, 2013 contact with chambers. Then, as directed by Chambers, wrote a letter on June 26, 2013. The Court, displaying its deep seated antagonism towards Zcom, ignored the timeliness of the initial oral request, as well as the written request, and repeatedly stated, with obvious joy, in its November 18, 2013 Order denying reconsideration, that the time to replead is over. This was wrong, and appeared to be a product of deep-seated antagonism. A further request by Zcom, reminding the Court that a request to enlarge the time had been timely made and not ruled upon, resulted in a stinging denial on p.3 of December 2, 2013 (DE 103), well beyond the November 20, 013 denial, that can only be comprehended as more apparent proof of deep-seated animosity and divorced from the facts and law as the Court used the inapplicable standard of Fed. R. Civ. P. 6(b)(1)(B).

Strangely, Verizon, who had gone into default of answering Zcom's operative complaint in July 2013, made an "Orange" Fed. R. Civ. P. 6(b)(1)(B) Request, and just like the mis-labeled "for cause" termination of Zcom, mislabeled it as an "Apple" Fed. R. Civ. P. 6(b)(1(A) Request, and did so after-hours on November 26, 2013. In a lightening fast objection-response by Zcom, also that same night within 1 hour and 45 minutes, Zcom stated that Zcom was in-default, and that Fed. R. Civ. P. 6(b)(1)(B) required some proffer of excusable neglect, of which there was none, and it must be denied.

Shockingly, and in the best scenario for the Court, the Court granted Verizon's request with a hand-date of November 26th, while ECF-entered on November 27, 2013. Again, Zcom has no evidence of an illegal back-dating retaliation by this court of its granted-Order. What is beyond dispute is that the Court violated its own Individual Practices Rule 1A - which absent an emergency, states that "generally" it will look at requests the day after they are made/filed - as part of Due Process' requirements of notice and opportunity to be heard. Now, in its current Order of March 4, 2014, the Court disregards core and elementary due process rights, and says - essentially, eh, it need not bother observe its own Individual Practice rules as they afford no rights on litigants. *See* Footnote 4 p.6 of Order (DE 133). Due Process is a constitutional right, which the Court has admitted to breaching.

that Zcom should have moved to reconsider <u>and</u> moved for leave to re-plead at the same time for efficiency-sake), when the prior stinging denial on December 2, 2013 (DE 103 at p. 3) was that Zcom had *sua sponte* ignored a court order and cannot by mere filing of a reconsideration motion get additional time, as continued justification of what would appear clearly unjustifiable to a disinterested reasonable person aware of all the facts - as its obvious that Zcom did not disobey the Court's June 4, 2013 Order's requirement for leave to replead, as it reached out on June 14, 2013 by email to defense counsel, and to Chambers timely on June 24, 2013 to request additional time. That this Court chooses to forget those facts speak to an unbecoming desire, on a repeat basis, to not confront the incongruent record-facts, but continue to rule in a vacuum such that injustice is reasonably apparent as is the deep-seated antagonism towards a genuinely religious turbaned American Sikh-owned Zcom.

      Indeed, a disinterested reasonable person, aware of all the facts, would be more likely to conclude the need for disqualification, given the March 4, 2014 Order's (DE133) apparent sleight of hand as to law and facts - especially, after admitting that the Court did violate its own Individual Practice Rules to over-favor and over-grant defaulted-Verizon defendants' out-of-time request for additional time to answer, without even offering an excuse (let alone a reasonable one for the delay), as apparent proof of its deep-seated antagonism against Zcom, owned by a turbaned American Sikh with genuine religious beliefs favoring amicable resolution to excessive litigiousness - well satisfies the standard in *Liteky v United States*, 510 U.S. 540, 555 (1994). Indeed, a look-back, which the Court agreed was the correct thing to do (DE 133 at 1), would expose that deep-seated animus towards Zcom from the very first appearance on January 24, 2012.

It was on that day, that this Scholarly Court, well aware of the "special circumstances" bar to the applicability of the first-filed doctrine, and with admission-against-interest by Verizon defendants' counsel Sellinger's letter of January 20, 2012 that its New Jersey Declaratory Judgment action was anticipatory knowing the natural plaintiff, Zcom was going to sue Verizon, and during the January 24, 2012 argument the factual predicate was spread on the record by Zcom's counsel, the undersigned: on October 26, 2011 informing Verizon's Sellinger that Zcom was going to sue Verizon and upon learning that Sellinger was in the hospital for double knee surgery extended the professional courtesies of "holding back" the filing of Zcom's lawsuit.

This Court, ignoring its documented prior knowledge of the "special circumstances" bar to the First-Filed doctrine, feigned ignorance of the meaning of Verizon's admission-against-interest and the factual record to support same, and unjustly and with apparent deep-seated antagonism towards Zcom's turbaned American Sikh, thrust Zcom to fight the first-filed doctrine fight it didn't need to and which was a foregone conclusion Zcom would win on the law and facts. Judge Sheridan so ruled in his draft order and which Verizon accepted. The prejudice to Zcom of this long and wasteful journey imposed by J. Castel on Zcom, in apparent violation of the *Liteky* standard, was 1 year and 1 month lost and heavy consumption of scarce financial and emotional resources of a litigant without an income stream. A near-death sentence to Zcom.

The June 4, 2013 Dismissal Order had a stated assumption, which was wrong and admitted by the Court in its reconsideration Order as being wrong. That Dismissal Order, contrary to fair play, did not remand the entirety of Zcom's case, as all of Zcom's counts were state law-claims, but instead as apparent proof of deep-seated antagonism, split Zcom's defendants by remanding some to NYS Supreme Court, where Zcom had started its lawsuit.

3

Indeed, the refusal to remand the entirety of Zcom's case violated the Second Circuit's guidance in *Williams v. Citigroup Inc.*, 659 F.3d 208 (2d Cir. 2011), given the liberal pleading standards in New York courts as opposed to *Iqbal*. Of course, the outright refusal of J. Castel to grant Zcom the right to re-plead in the dismissal order also violated *Williams, supra*, as well as Fed. R. Civ. P. 15's liberality - for Rule 15 isn't the "eye of the needle" standard. That this Court imposed an arbitrary 30-page limit, while seeking leave to replead speaks apparent volumes of the deep-seated antagonism towards Zcom.

That in its November 18, 2013 Order (DE 93) denying reconsideration of the Dismissal Order, it swept under the footnote rug the critical Sellinger admission-against-interest of October 19, 2011 that Zcom was fired "for cause," in denying Zcom's contractual demand for indemnification of the September 2011 subagents' lawsuit against Zcom, when it confirmed the validity of Zcom's breach of contract counts and Verizon's breach of the applicable Implied Covenant (IC), as the "no cause" termination power was not bilateral, but merely unilateral to Verizon, there was no bar to the IC. What was a "novel issue" of New York law for J. Sheridan in New Jersey was swept away in into a "bland" footnote as a result of this Court's deep-seated antagonism and refusal to honor Verizon's critical admissions-against-interest: be they of "special circumstances" bar to the First-Filed doctrine, or inter alia, admission that Zcom's pleading were correct and admitted to by Verizon, despite its artful dodges in its motion to dismiss - which could not withstand real scrutiny by a neutral and impartial Court seeking to do justice, and insuring that it also appeared to do justice. A disinterested reasonable person aware of all the facts would easily decide that this Court, in this non-jury case, with Verizon asserting the contract clause, was not, and is not, so capable.

4

What is remarkable is the disparity that the undersigned has witnessed in a prior case, where this Court's wisdom and guidance honored the late great Holmes' "trembling hope," while in this case, from January 24, 2012 and onwards, it has incrementally demolished the appearance of doing justice, and continuing to add to the stack of orders in dire need of appellate review.

## Argument

### Point I

**The Deep-seated Antagonism against Zcom, and Deep-seated favoritism in favor of Verizon, apparently enhanced by the latest March 4, 2014 Order, Requires this Scholarly Court to undo its Violence to Due Process Rights of Zcom by Ignoring Individual Practice 1(A), Vacate all Prior Tainted Orders, and Restore the Necessary Public Confidence in the Judiciary's Impartiality**

The Court deserves credit for focusing on the *Liteky* standard. The Court's March 4, 2014 Order ignores the near-entirety of critical judicial lapses. This is unbecoming, and the failure to confront the substantial issues raised only adds fuel to the apparent bonfire of deep-seated antagonism towards Zcom and its genuinely religious turbaned American Sikh.

For example, there is no discussion about the Court's improper application of the First-Filed Doctrine, given the January 20, 2012 Sellinger Letter and the undersigned's spread upon the record on January 24, 2012 the factual predicate to the mandatory application of the "special circumstances" bar to applying the First-Filed Doctrine. *See*, Order at 2. This speaks volumes to a reasonable disinterested person, who would require immediate vacatur of tainted Orders and a § 455(a) disqualification.

That there is a huge judicial history of the rebuke by J. Sheridan of the First-Filed Doctrine and a celebration of a "novel issue" of law being raised by Zcom, is also ignored. This too is wrong, as is the unearned punishment this Court sentenced Zcom to on January 24, 2012

5

by applying a doctrine that this Court well knew was inapplicable. Ignoring same, is judicial admission of judicial error. Ethically-mandated § 455(a) disqualification, is therefore inescapable.

This Court refused to acknowledge that J. Sheridan in reviewing the same FAC of Zcom while considering the same motion to dismiss that J. Castel ruled upon on June 4, 2013, granted Zcom praise in identifying a "novel issue" of New York law - while this Court looking at the same papers denigrated same as "prolix," and wished out loud the desire to strike same. *See*, again such judicial anger's airing at DE 133 p.4.

The critical issue of *Iqbal's* heavy burden on pleading requirements for only a state-law claims complaint, as with Zcom, was also ignored, as was the Second Circuit's *Williams* guidance to consider same for remand-ability as well as for Rule 15 liberality - all favoring remand of Zcom's complaint to state court. Again, this Court ignores that twin-headed issue as well, and only footnote 3 even acknowledges the word "remand." *See* Order at p.4.  DE 133.

Curiously, this Court admits to deep-seated antagonism in refusing to grant Zcom time to replead. *See* Order at p.5-6. It continues to hold on to its "untimely" label, when clearly it wasn't. June 24, 2013 reach out to Chambers to inform of Zcom's request for additional time to replead to run after reconsideration motion has been decided is not untimely. A follow up letter, per Chambers' direction, on June 26, 2014, is 1 day, not 2 days, after the 20-day clock ended, and surely is not untimely given the prior contact with Chambers. Yet, the Court now says it prefers both reconsideration motion along with re-plead applications. Well, aside from its novelty, and its unestablished efficacy, it is a new argument, and unavailable to the Court. The Court denied the re-plead enlargement because, as it stridently, albeit, incorrectly, said on December 2, 2013,

> [I]t would be a stark departure from precedent to hold that a party may appropriate to itself a stay of compliance with a judicial order by the unilateral act of filing a motion to reconsider.

This, when Zcom had timely asked the Court for more time. Such judicial pronouncements, divorced from record-facts, speak volumes of deep-seated antagonism that is unbecoming this Scholarly Court.

Now, in the latest Order of March 4, 2014, the Court walks away from the inapplicable language used in denying Zcom, that which Zcom was, and is, respectfully, entitled to per precedent, including *Williams*, the Court adds a "new rabbit under the hat" by changing its reasoning: all parties moving to reconsider, ought to also file motions seeking leave to re-plead. Well, that is neither in Fed. R. Civ. P. nor in Your Honor's Individual Practices, and is Judicial Ambush - which is worse than a litigant's, and this speaks loudest of all. After all, it is equal to a couple going through marriage counseling (reconsideration) while also seeking a divorce (from the prior operative complaint). How that is efficient is unproven, and un-cited as to precedent by the Court.

The Court errs one more time, by terming the undersigned's experience with Your Honor in an un-related case (Dec at ¶ 4, DE 125) as "overly generous." No, it was and is a fact, and stands in stark contrast with what has occurred in this case from January 24, 2012, when a look-back was caused by the objected-to "Flurry of orders" in late 2013.

## Conclusion

It is Zcom's "trembling hope," in honor of Mr. Justice Holmes as well as in-fact requirement for § 455(a) motions where actual misconduct is not at issue, that Your Honor will

7

rise to the occasion, above self, and see that by granting Zcom's request it restores public confidence in the noble judiciary and the necessary appearance that justice appears just. Currently, both are damaged absent Your Honor's gracious act.

Every objected-to act and Order of this Court cited in the prior § 455(a) motion (DE 124, 125, and 131), despite Verizon's expected happy opposition (DE129), is incorporated herein by reference as the motion-record. The instant motion ought to be granted, and March 4, 2014 Order be recalled and vacated, and in its place an Order issue that grants the requested-relief by Zcom in its entirety to remove the apparent unbecoming taint of deep-seated antagonism against Zcom that led this Honorable and Scholarly Court astray and forget the binding precedents it was well aware of, as has been documented in the predicate prior motion.

Wherefore, it is respectfully requested that Zcom's instant motion be granted in its entirety.

Dated: March 17, 2014
      New York, New York

                                    Respectfully submitted,
                                    THE LAW FIRM OF RAVI BATRA, P.C.

                                    Ravi Batra, Esq. (RB 4299)
                                    Attorneys for In Touch Concepts, Inc. d/b/a Zcom
                                    The Batra Building
                                    142 Lexington Avenue
                                    New York, NY 10016
                                    (212) 545-1993; Fax: (212) 545-0967
                                    E-Mail: ravi@ravibatralaw.com