UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN TOUCH CONCEPTS, INC., d/b/a ZCOM,<br><br>Plaintiff,<br><br>- against -<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, *et al.*,<br><br>Defendants. | Civ. Act. No. 13 CV 1419 (PKC) |

**MEMORANDUM OF LAW OF DEFENDANTS CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, RYAN BROOMES AND JORGE VELEZ IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF MARCH 4, 2014 DECISION AND ORDER**

Philip R. Sellinger
David Jay
Todd L. Schleifstein
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
(212) 801-9200

**TABLE OF CONTENTS**

**Page**

ARGUMENT

RECONSIDERATION IS INAPPROPRIATE BECAUSE THIS COURT DID NOT OVERLOOK ANY FACTS OR CONTROLLING DECISIONS....2

A. Rulings on Proposed Pleading Amendments and Extensions of Time to Answer....3

B. Transfer of Case to District of New Jersey....5

C. Verizon Wireless's Rule 12(b)(6) Motion....5

D. Severance and Remand of Claims Against Unrelated Defendants....6

CONCLUSION....7

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Arena v. Village of Suffern*, 519 Fed. Appx. 61 (2d Cir. 2013) ....................4

*Grullon v. City of New Haven*, 720 F.3d 133 (2d Cir. 2013) ....................4

*Gun Hill Rd. Serv. Station, Inc. v. ExxonMobil Oil Corp.*, 2013 WL 1804493 (S.D.N.Y. Apr. 18, 2013) ....................2

*Holmes v. NBC/GE*, 925 F. Supp. 198 (S.D.N.Y. 1996) ....................4, 6

*In re Cuyahoga Equip. Corp.*, 980 F.2d 110 (2d Cir. 1992) ....................5

*In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307 (2d Cir. 1988) ....................1

*In Touch Concepts, Inc. v. Cellco P'ship*, 2013 WL 6182949 (S.D.N.Y. Nov. 18, 2013) ....................2, 3, 5

*In Touch Concepts, Inc. v. Cellco P'ship*, 949 F. Supp. 2d 447 (S.D.N.Y. 2013) ....................3, 5, 6

*Instinet Inc. v. Ariel (UK) Ltd.*, 2010 WL 2674555 (S.D.N.Y. July 6, 2010) ....................2

*Liteky v. United States*, 510 U.S. 540 (1994) ....................2

*New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065 (2d Cir. 1988) ....................6

*Schiff v. United States*, 919 F.2d 830 (2d Cir. 1990) ....................3

*SEC v. Roxford*, 2007 WL 2600854 (S.D.N.Y. Sept. 5, 2007) ....................3

*Shrader v. CSX Transp. Inc.*, 70 F.3d 255 (2d Cir. 1995) ....................2

**Rules**

Fed. R. Civ. P. 6 ....................4

Fed. R. Civ. P. 15 ....................4

This latest motion by Plaintiff In Touch Concepts, Inc. d/b/a ZCom ("ZCom") is little more than a series of *ad hominem* attacks on the Court and gross distortions of its prior rulings. ZCom does not come close to establishing any "matters or controlling decisions" that the Court has "overlooked," or demonstrating that any of the numerous orders over the course of the past two years which ZCom challenges either evidence the Court's partiality or constitute an abuse of discretion.

To the contrary, although ZCom repeatedly accuses the Court of "deep-seated antagonism" towards a "turbaned American Sikh," it offers absolutely no evidence whatsoever to support these spurious accusations. Further, ZCom's contention that,"[c]uriously, this Court admits to deep-seated antagonism in refusing to grant ZCom time to replead" (Pl. Mem. at 6), is a blatant mischaracterization of the subject March 4, 2014 Order (the "Order"), which contains no such "admission." The intemperate language and flawed reasoning in ZCom's memorandum only serve to confirm that every one of the Court's decisions was correct and the product of well-reasoned legal analysis – not bias or prejudice.

The very integrity of the judicial process compels the denial of ZCom's motion. Litigants should not be free to attempt to intimidate judges to recuse themselves, or to seek endless opportunities to re-litigate long-resolved disputes, under the guise of challenges to a court's partiality. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.").

## ARGUMENT

### RECONSIDERATION IS INAPPROPRIATE BECAUSE THIS COURT DID NOT OVERLOOK ANY FACTS OR CONTROLLING DECISIONS

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Gun Hill Rd. Serv. Station, Inc. v. ExxonMobil Oil Corp.*, 2013 WL 1804493 *1 (S.D.N.Y. Apr. 18, 2013) (internal quotations and citations omitted). As this Court previously held in denying an earlier reconsideration motion by ZCom, "[a] motion for reconsideration 'should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In Touch Concepts, Inc. v. Cellco P'ship*, 2013 WL 6182949 *2 (S.D.N.Y. Nov. 18, 2013) (quoting *Kolel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)). A reconsideration motion should likewise be denied where the movant essentially repeats the same legal arguments that it made on the original motion. *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Instinet Inc. v. Ariel (UK) Ltd.*, 2010 WL 2674555 *2 (S.D.N.Y. July 6, 2010).

This motion represents ZCom's third bite at the apple on the orders that it challenges. Virtually everything in ZCom's memorandum was already specifically addressed when the Court entered the original orders on the substantive matters themselves, and again by the current Order addressing ZCom's recusal motion. Nor has ZCom come close to showing a need to correct any error – as all of the Court's rulings were legally correct and well within its discretion – or to prevent a manifest injustice.

In its Order, the Court correctly held ZCom's unsubstantiated allegations of bias to be insufficient, citing to *Liteky v. United States*, 510 U.S. 540, 555 (1994). (DE 133 at 2.) Under *Liteky,* "[t]o the extent that [a party's] assertion [of bias and partiality] relies on rulings of this

Court in this case, those rulings may not form the basis for disqualification." *SEC v. Roxford*, 2007 WL 2600854 *2 (S.D.N.Y. Sept. 5, 2007). *See also Schiff v. United States*, 919 F.2d 830, 834 (2d Cir. 1990) ("[p]rior adverse rulings without more do not provide a reasonable basis for questioning a judge's impartiality.") (internal quotation omitted). This alone should be dispositive of ZCom's reconsideration motion.

**A. <u>Rulings on Proposed Pleading Amendments and Extensions of Time to Answer</u>**

Addressing its prior rulings on ZCom's proposed pleading amendments, the Court's Order reiterated the factual and legal basis for each of its earlier holdings as follows:

- Fed. R. Civ. P. 8(a)(2) provided an independent basis upon which to dismiss the entire First Amended Complaint (the "FAC") as unduly prolix. *See In Touch Concepts v. Cellco P'ship*, 949 F. Supp. 2d 447, 452; DE 103 at 1; DE 133 at 4.

- ZCom did not have the option of choosing whether to seek leave to re-plead the two remaining fraud claims by June 24, 2013, because this directive "ensured that the remaining defendants were served with a proper pleading." *See In Touch Concepts*, 2013 WL 6182949 at *1, *6; DE 97 at 1-2; DE 103 at 1-3; DE 133 at 4.

- ZCom was given the option of seeking leave to re-plead any of the dismissed claims, provided only that it do so by June 24, 2013 and adhere to the Court's page limitations. *See* DE 133 at 4.

- ZCom did not comply with the June 24, 2013 deadline, which meant that its June 26, 2013 and November 19, 2013 requests for an extension of time to move for leave to re-plead the FAC were untimely. *See In Touch Concepts*, 2013 WL 6182949 at *1; DE 97 at 2; DE 103 at 2; DE 133 at 5.

- ZCom had failed to show excusable neglect in missing the June 24, 2013 deadline, as required by Fed. R. Civ. P. 6(b)(1)(B), and was in fact "a sophisticated entity represented by counsel presenting claims arising out of a soured commercial relationship." *See* DE 97 at 2; DE 133 at 5.

ZCom also argues that the Court misapplied the law in its refusal to hold Defendants in default. (Pl. Mem. at 1-2 & n.1.) The Court correctly held, however, that "[i]t was implicit in the grant of leave [to ZCom] to file a further motion to amend that Verizon Wireless need not

respond to the existing pleading," and that Defendants had shown good cause in the need for additional time to answer the FAC, DE 133 at 7. *See* DE 103 at 2-3 (noting "important distinctions" between ZCom's failure "to comply with an unambiguous Court order" and to show "good cause for its failure to comply," and fact that record was unclear as to operative pleading to which Verizon Wireless must respond until November 20, 2013).

Each of these determinations was well within the Court's exercise of its discretion. *See* Fed. R. Civ. P. 6(b)(1)(A), (B); Fed. R. Civ. P. 15(a)(2); *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) (court did not abuse discretion in denying *pro se* plaintiff's motion for leave to amend complaint); *Arena v. Village of Suffern*, 519 Fed. Appx. 61, 62 (2d Cir. 2013) (court did not abuse discretion in granting defendants' motions for extensions of time in light of defense counsel's poor health and surgery). Moreover, the Court correctly followed precedent that rulings of this nature may not form the basis for a recusal motion premised on the Court's alleged partiality. *See Holmes v. NBC/GE*, 925 F. Supp. 198, 200 (S.D.N.Y. 1996) (denying recusal motion premised on court's alleged partiality in "permit[ing] [defendants] to delay in filing their answer in this case," and "den[ying] plaintiff the right to amend her complaint.").

ZCom's only new argument on reconsideration is that the Court's finding that ZCom should have both moved for leave to re-plead (as directed by the Court) and moved for reconsideration of the dismissal of most of its claims contradicted the Court's December 2, 2013 order and was of "unestablished efficacy." (Pl. Mem. at 6-7.) But there is nothing inconsistent or inappropriate about the Court's comment – much less any evidence of bias or "deep-seated antagonism" to ZCom.

First, the two motions are not mutually exclusive. To the contrary, the Court found that knowing ZCom's legal position on the first motion could have informed its rulings on the

second, and vice versa. DE 133 at 6. Second, the December 2, 2013 order did not state a preference for one motion over the other.[1] Rather, the Court merely criticized ZCom for making the unwarranted assumption that the filing of the reconsideration motion had automatically tolled the time for ZCom to file its Court-ordered motion for leave to re-plead. DE 103 at 3.

**B. Transfer of Case to District of New Jersey**

ZCom argues that the Court displayed bias in initially transferring the case to the District of New Jersey. (Pl. Mem. at 3-5.) As Verizon Wireless previously demonstrated, DE 129 at 6, the Court's ruling was supported by the first-to-file doctrine. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (decision to transfer case on first-to-file grounds is well within district court's discretion). Moreover, as Verizon Wireless also previously argued, DE 129 at 4, 6, had ZCom believed that this ruling was the product of partiality, it should have made its recusal motion in January 2012 (or, at the very latest, upon the case's initial re-assignment to this Court in March 2013).

**C. Defendants' Rule 12(b)(6) Motion**

ZCom also criticizes the Court's failure to agree with Judge Sheridan that ZCom's claim for breach of the implied covenant of good faith and fair dealing presented "a novel issue of New York law." (Pl. Mem. at 4-6.) The Court had previously considered and twice rejected this argument in well-reasoned decisions. *In Touch Concepts*, 949 F. Supp. 2d at 471-72; *In Touch Concepts*, 2013 WL 6182949 at *3-*4. ZCom nonetheless repeated the argument nearly *verbatim* in its moving memorandum. DE 126 at 12-13. The Court's failure to address the argument yet a third time in the current Order does not evidence that the Court overlooked the issue. Rather, as the Court correctly recognized in citing to *Liteky*, this holding cannot, by itself, constitute evidence of partiality sufficient to invoke 28 U.S.C. § 455(a).

[1] Nor did the Court hold, as ZCom alleges (Pl. Mem. at 7), that this procedure is appropriate in all cases.

### D. Severance and Remand of Claims Against Unrelated Defendants

ZCom alleges bias based on the Court's severance and remand of claims that had been asserted against other defendants. (Pl. Mem. at 3-4.) The Court had previously explained that it did so largely because these defendants were already parties to an identical New York state court action which was at a more advanced procedural stage. *In Touch Concepts*, 949 F. Supp. 2d at 464-65. ZCom, however, again raised this ruling in its moving memorandum as further evidence of partiality. DE 126 at 12-13.

As Defendants previously explained, the ruling was well within the Court's discretion, *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988), and the Court was correct in its treatment of the ruling, as it is not evidence of partiality warranting recusal. *See Holmes*, 925 F. Supp. at 201 n.7 (denying recusal motion premised on court's severance of certain of plaintiff's claims). Moreover, as Defendants previously demonstrated, DE 129 at 6-7, the Court's exercise of subject matter jurisdiction could not possibly be evidence of bias against ZCom, as (1) ZCom did not move to remand the case to state court in May 2012 (when it filed the FAC) or at any time thereafter, and (2) in response to the Court's March 20, 2013 Order to Show Cause, ZCom submitted a letter brief arguing in ***favor*** of the Court retaining jurisdiction over the case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny ZCom's motion for reconsideration of the Order in its entirety.

Dated: New York, New York
March 31, 2014

Respectfully submitted,

By: /s/ Philip R. Sellinger
Philip R. Sellinger
David Jay
Todd L. Schleifstein

GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
(212) 801-9200

Attorneys for Defendants
Cellco Partnership d/b/a Verizon Wireless,
Ryan Broomes and Jorge Velez