THE LAW FIRM OF RAVI BATRA, P.C.
The Batra Building
142 Lexington Avenue
New York, New York 10016
(212) 545-1993
(212) 545-0967 (fax)
Ravi Batra (RB 4299)
*Attorneys for In Touch Concepts, Inc. d/b/a Zcom*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN TOUCH CONCEPTS, INC., d/b/a ZCOM,

   *Plaintiff,*

-against-

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, et. al.,

   *Defendants*

Docket No. 13 Civ. 1419 (PKC)

---

# REPLY MEMORANDUM OF LAW IN SUPPORT OF IN TOUCH CONCEPTS d/b/a ZCOM'S MOTION FOR RECONSIDERATION PURSUANT TO L. CIV. R. 6.3

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT:  Honor Mr. Justice  Holmes'
"Trembling Hope," Which Judge Castel Adopted by Prior
Comprehension and Recitation, and Grant this Cleansing Motion
So as to Appear to Do Justice and Restore Public Confidence in the
Impartiality of the Judiciary, Rather than Continuing in an
Apparent Deep-seated Antagonism Against Zcom's
Turbaned American Sikh that Makes Fair Judgment Impossible  . . . . . . . . . . . . . . . . . . . . 1

REPLY ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        Point I:      That this Court Chooses to Forget Binding Facts
and Binding Law Speak to an Unbecoming Desire,
on a Repeat Basis, to Not Confront the Incongruent
Record-facts and Applicable Law, but Continue to
Rule Such That Injustice Is Reasonably Apparent as
Is the Deep-seated Antagonism Towards a Genuinely
Religious Turbaned American Sikh-owned Zcom . . . . . . . . . . . . . . . . . . . . 2

        Point II:     §455(a) Disqualification Is Warranted Here  . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

**FEDERAL CASES** *Page(s)*

*Alexander v. Primerica Holdings, Inc.*, 10 F3d 155 (3d Cir. 1993) .................. 10

*Anderson v. Sheppard*, 856 F2d 741 (6th Cir. 1988) .................. 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................. 6, 10

*In re Murchison*, 349 US 133 (1955) .................. 10

*Liteky v. United States*, 510 US 540 (1994) .................. 2, 9

*Offutt v. United States*, 348 US 11 (1954) .................. 10

*United States v. Carlton*, 534 F3d 97 (2d Cir. 2008) .................. 9

*United States v. Whitman*, 209 F.d 619 (6th Cir. 2000) .................. 9-10

*Williams v. Citigroup Inc.*, 659 F3d 208 (2d Cir. 2011) .................. 6, 7

**NEW YORK STATE CASES**

*ABN AMRO Bank, N.V. v. MBIA Inc.*, 17 NY3d 208 (2011) .................. 10

**FEDERAL STATUTES**

28 U.S.C. § 455(a) .................. *passim*

Fed. R. Civ. P. 6(b)(1)(A) .................. 3

Fed. R. Civ. P. 6(b)(1)(B) .................. 3

Fed. R. Civ. P 9(c) .................. 6, 8

Fed. R. Civ. P 15 .................. 7

**LOCAL RULES**

Individual Practices of Judge P. Kevin Castel, 1(A) .................. 4

**PRELIMINARY STATEMENT**

**Honor Mr. Justice   Holmes' "Trembling Hope," Which Judge Castel Adopted by Prior Comprehension and Recitation, and Grant this Cleansing Motion So as to Appear to Do Justice and Restore Public Confidence in the Impartiality of the Judiciary, Rather than Continuing in an Apparent Deep-seated Antagonism Against Zcom's Turbaned American Sikh that Makes Fair Judgment Impossible**

The opposing defendants (collectively "VZW") were faced with a checklist of at least nine (9) points in the instant reconsideration motion, seeking a legal and ethical §455(a) disqualification, the denial of which, it is respectfully urged on this record of facts and law in a non-jury case, would be an unbecoming abuse of discretion. VZW, in their Opposition (DE140), taking a page from the Court's March 4, 2014 Order, adopted a "hop, skip and a jump" approach in opposing by (a) cherry-picking issues it wished to argue and oppose, (b) giving incredulous answers, and  (c) conclusory applause to J. Castel's every ruling, merely because VZW was a beneficiary of each of them even as they violated binding precedent or ignored record-evidence, and ignobly and in bad faith terming the instant motion seeking to restore public confidence in the judiciary as "*ad hominem* attacks." Therefore, as the instant motion is essentially unopposed, a §455(a) disqualification is required.

VZW quickly follows the "*ad hominem*" defamation by falsely feigning ignorance and inability to find proof (DE 140 p.1) of Zcom's documented statement in its main reconsideration memo of law (DE 136 p.6) that, [c]uriously, this Court admits to deep-seated antagonism in refusing to grant Zcom time to replead." Indeed, Zcom's stated citation is to the Order (DE 133) at pp 5-6, to wit: "[b]ut if a timely motion for a stay had been made, it would likely have been denied on the merits." Wow. By this bias-assertion of the Court, it admits that had it timely ruled on Zcom's timely motion to extend Zcom's time to replead until after reconsideration of the June 4, 2013 Order was determined, the court would have denied same "on the merits." Since there are no unknown

1

new merit issues, the Court admits that what it gave by its June 4, 2013 Order to Zcom, it would have taken away with *any* request for extension/enlargement by Zcom. Apparent and unbecoming deep-seated antagonism by the Court towards Zcom, and an unbecoming judicial desire to shut down Zcom's case, at every turn, as if it were an adversary-litigant.

VZW, while citing *Liteky v. United States*, 510 US 540, 455 (1994) refuses to acknowledge or cite the relevant portion that Zcom relies upon as to prior rulings and orders being a 455(a)-predicate: "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." VZW just can't come out and admit that Zcom's motion is not only lawfully permitted, but the record provides ample proof in law and facts to evidence an apparent deep-seated antagonism towards Zcoms and a deep-seated favoritism towards VZW.

Hence, it is Zcom's "trembling hope" that Your Honor will honor, perhaps the hardest legal and ethical obligation imposed upon every judge who is not accused of actual misconduct, to un-do that which reasonably raises the appearance of injustice having been committed and issue a honorable §455(a)-recusal, so that the necessary appearance of doing justice and public confidence in the impartiality of judiciary are restored and not further undermined.

## REPLY ARGUMENT

### Point I
**That this Court Chooses to Forget Binding Facts and Binding Law Speak to an Unbecoming Desire, on a Repeat Basis, to Not Confront the Incongruent Record-facts and Applicable Law, but Continue to Rule Such That Injustice Is Reasonably Apparent as Is the Deep-seated Antagonism Towards a Genuinely Religious Turbaned American Sikh-owned Zcom.**

VZW is unable to defend against Zcom having exceeded (DE 124, DE 131, DE136), let alone met, the binding standard that ethically and legally requires a §455(a) disqualification of the Hon. Judge P. Kevin Castel, in this non-jury bench trial, given VZW's assertion of a jury waiver

2

contract clause, to restore the "appearance of doing justice" per the disinterested reasonable person, aware of all the facts standard. Indeed, VZW was faced with a <u>checklist</u> of at least 9 points, and its response, "Opp-Response," follows each, to wit:

      1.     **"Apples" (*a la* Fed. R. Civ. P. 6(b)(1)(A)) request by Zcom\ "Oranges" *(a la* Fed. R. Civ. P. 6(b)(1)(B)) request by VZW, and the Court treating "apples" as "oranges" and denying Zcom apple-request but over-granting VZW's orange-request** (DE 136 p. 1, fn 1);

          VZW Opp-Response: Vzw does not address this squarely (DE140 pp. 3-5). It does however use the word "apple" as in an alleged third bite (DE140 p.2). However, its opposition "bullet points"(DE 140 p. 3) are belied by its prior stated position, merely to adopt, in an *ex post facto* manner, the court's stretched order of March 4, 2014 (DE 133). When Zcom asked VZW on June 14, 2013 by email, as to its consent from Zcom's request to enlarge its time to move to replead after the then-soon to be filed reconsideration motion was determined, VZW's answer was: "it took no position"; *i.e.* VZW did not consent nor oppose. The new tune VZW sings is unbecoming as it is dishonest. Indeed, when VZW moved on November 26, 2013 for an unavailable Fed. R. Civ. P 6(b)(1(B) "orange" enlargement of time after being in default for more than 140 days and without offering an excuse for the delay, let alone a reasonable one, it resorted only to mislabeling its request as a 6(b)(1)(A) "apple" request - which was met with Zcom's lightening fast opposition the same night stating that it was an "orange," a 6(b)(1)(B) request and, must be denied. VZW also picks up the inapplicable drumbeat that Zcom ignored the Court's June 4, 2013 Order by never asking for additional time. Such obvious mis-statement of facts belongs in "Ripley's believe it or not," not in a signed writing submitted to federal court.

3

2.      **The Court's denial of fundamental "due process" rights to Zcom**, when the Court rushed to grant defaulted-VZW's *after-hours* November 26, 2013 "Oranges" request the same evening of November 26, 2013 by violating its own Individual Practices Rule 1A and didn't wait until the next day, as required by such rules and elementary Constitutional due process obligation imposed upon the court, for Zcom's response and didn't consider Zcom's lightening-fast opposition filed the same night, *also* after-hours, within 1 hour and 45 minutes of VZW ECF filed Request; see, Court's Order of March 4, 2014 (DE 133  p. 6, fn 4; DE136 p. 1- 2, fn 1);

   VZW Opp-Response: Silence.

3.      **Zcom's Timely Request to Chambers to Enlarge its Time to Replead Is Judicially Ignored and Unlawfully Treated as Untimely** - Zcom honored the Court's mandate of 20-day motion to replead contained in its Dismissal Order of June 4, 2013, by (a) sending an email on June 14, 2013 to all defense counsel, seeking consent to enlarge time to move to re-plead after a then-soon to be filed reconsideration motion was decided, (b) on June 24, 2013, the 19th day after the predicate order was ECF entered, contacting J. Castel's Chambers to inform of Zcom's request to enlarge time to move to replead after the then-filed reconsideration motion is decided with disclosure of prior email effort and results, and (c) a subsequent follow up letter-request on June 26, 2013 as directed by Chambers;  DE 136 pp 1-2, 6, 7;

   VZW Opp-Response: Ignores these facts, while twisting beyond its own contemporaneous actions to adopt the Court's deep-seated antagonism-based and objected-to subsequent orders.  Ignoble.

4.      **Judicial Ambush *a la* a New, Unconstitutional *Ex Post Facto* "Rabbit under the Hat" Requirement of Concurrent Motions to Reconsider and to Re-plead (DE 133**

4

**P6) vs. the Earlier and Operative Inapplicable Judicial Rebuke of Zcom in its December 2, 2013 Order's**

> [I]t would be a stark departure from precedent to hold that a party may appropriate to itself a stay of compliance with a judicial order by the unilateral act of filing a motion to reconsider.

DE 136 pp. 1-2, and 6-7;

   VZW Opp-Response: Merely calls it a "new" argument by Zcom, when its new-ness originates in the Court's Order of March 4, 2014. For good measure, ignoring the record-facts of Zcom's timely reachout to defense counsel by email, and timely reachout to Chambers requesting additional time, followed by a letter on June 26, 2013, VZW adopts the Court's untenable assertion, itself an example of apparent deep-seated antagonism when a Court manufactures baseless conclusions, "[r]ather, the Court merely criticized Zcom for making the unwarranted assumption that the filing of the reconsideration motion had automatically tolled the time for Zcom to file its court-ordered motion for leave to re-plead." (DE140 p.5). Fiction-writing at its best.

  5. **Inescapable Application of the "Special Circumstance" Exception to the First-filed Doctrine in this Case** - by (a) VZW's Sellinger's January 20, 2012 Letter admitting to VZW's anticipatory DJ filing after knowing that Zcom intended to challenge its wrongful termination by VZW in court, and (b) Zcom's Batra's spreading on-the-record facts and yet J. Castel inexplicably and wrongfully transferred this case to NJ knowing the First-Filed doctrine was inapplicable, as J. Castel's prior-to January 24, 2012 unrelated case orders have honored the "special circumstances" exception, and J. Sheridan applied the "special circumstances" exception and transferred this case back to SDNY; the prejudice to Zcom was a near-death sentence over the 1 year

and 1 month it took to undo the First-Filed NJ punishing judicial-frolic by J. Castel, as it consumed terminated-Zcom's scarce financial resources of a turbaned American Sikh with genuinely held religious beliefs. DE136 pp. 2-3;

  VZW Opp-Response: Silence, while making a solitary reference to the first-filed doctrine. DE 140 p.5.

  6. **Failure to remand all of Zcom's complaint, which had only-state law claims and was started by Zcom in Manhattan Supreme Court**, violated *Williams v. Citigroup, Inc.*, 659 F.3d 208, 215, n.4 (2d Cir. 2011), even as it unfairly punished Zcom and unfairly benefitted VZW by J. Castel's inexplicable bifurcation of Zcom's complaint and remanding some while keeping only VZW-related counts in federal court to meet the higher federal *Iqbal*-pleading standard; federal *Iqbal's* higher "plausible" pleading standard is manifestly unjust given New York State court's lower notice standard, a necessary consideration in "remanding" state law claims back to state court. The presence of VZW's "anticipatory" amended DJ action was of no moment, as it was expected to be dismissed after "some discovery," as J. Sheridan had invited. J. Castel also knew that J. Sheridan had looked askance at VZW's amendment of its DJ action, while facing Zcom's MTD for *inter alia*, failure to meet the pre-suit contractual obligations imposed by the contract's ¶14-14.2, to include a mere general allegation of pre-suit compliance per Fed. R. Civ. P 9(c), and which was met with Zcom's specific denials of same. Indeed, J. Sheridan invited Zcom to do "some discovery" on that limited topic and move for summary judgment dismissal as VZW's amended DJ complaint was un-tenable on the record facts, no matter any elastic advocacy. DE 136 pp3-4, 6; (also, see J. Sheridan's informing VZW's Sellinger of VZW's good faith obligation when it asserted that it had complied with pre-suit notice during argument, and later in his Order denying

Zcom's MTD on May 31, 2012 while inviting an expedited summary judgment dismissal after "some discovery" DE 41, p 2);

VZW Opp-Response: the severance of remand of some, but not all, is defended by VZW as the state proceeding was "more advanced." DE140 p.6. But, how? Both the state and federal actions were at the pleading stage. Yet another false-fact to hide deep-seated antagonism-based judicial action that requires a 455(a)-disqualification. Fictional assertions falsely cloak deep-seated antagonism, thereby further damaging the institutional interests of justice. Only after the June 4, 2013 dismissal order with its partial severance and remand, could Zcom visit such issue, and it did by reconsideration, and later, by seeking its vacatur.

7. **Fed. R. Civ. P 15's Liberality and re-plead grant, even post verdict vs. J. Castel's wrongful denial of Zcom's timely request to replead pre-discovery based upon apparent judicial initial willful forgetfulness, and later judicial inadequate marshaling of relevant facts so as to mislabel and miscalculate time, so as to essentially impose an inapplicable "eye of the needle" standard to Rule 15 for Zcom, and that too with an arbitrary 30-page limit;** see, DE 136, pp. 1-2, 3-4, 6-7;

VZW Opp-Response: Silence, as to Rule 15's liberality, or *Williams'* guidance. Only conclusory applause for benefitting from the Court's deep-seated antagonism towards Zcom.

8. **Obvious, undeniable and apparent disparity treatment in how Zcom was fairly treated by J. Sheridan and unfairly denigrated by J. Castel:** J. Sheridan, reviewing the same Zcom's FAC and defendants' motions to dismiss, granted Zcom praise in identifying a "novel issue" of New York contract law, in that the operative contract's 8.8 termination clause, with

7

or without cause, only empowered VZW, not both VZW and Zcom, and hence, was not an at-will contract, and there was no bar to the implied covenant's application to allegedly wrongful 8.8 termination of Zcom by VZW "for cause" as Zcom pled; J. Sheridan also applied the "special circumstances" exception to the First-Filed doctrine, noted VZW's improper anticipatory DJ filing, and invited Zcom to move for summary dismissal of VZW's amended DJ action based upon 'some discovery" to nail down the false use of Fed. R. Civ. P 9(c)'s general pleading, in bad faith, by VZW **vs.** J. Castel's (a) ignoring his prior knowledge and use of "special circumstances" exception to First-Filed doctrine and sentencing Zcom to fight and win the First-Filed doctrine in NJ; (b) upon receipt back of the case from NJ 1 year and 1 month later, reviewing the same Zcom FAC and same pending motions to dismiss, denigrated Zcom's complaint as "prolix" and ignored or buried all record allegations that plausibly supported the "novel issue" and plausible and clear breach of contract counts, dismissed most of Zcom's complaint by the June 4, 2013 Order, ECF-entered on June 5, 2013, and did not grant leave to amend in this pre-discovery case, as normal, but imposed a motion seeking leave within 20 days and a 30-page limit on the proposed SAC; ( c) after the timely filing of a reconsideration motion, ignoring in its November 18, 2013 Order Zcom's timely and un-objected-to-by-defendants Request on the 19th day, June 24, 2013, to enlarge its time to move to replead after determination of the filed reconsideration motion and knowing of Zcom's prior June 14, 2013 email request to defense counsel for their consent, and repeatedly, but falsely and unjustly asserting that time to replead is gone and the June 4, 2013 Dismissal is final due to Zcom's non-action; along with every other item that was and is cited for the 455(a) disqualification; DE 136 pp 1-8;

      VZW Opp-Response: Likes J. Castel's denigration of FAC with "prolix," and never

getting to the "novel issue." Silence as to Sellinger's admission by course of performance letter of October 19, 2011 that Zcom was terminated by VZW "for cause" - exactly what Zcom alleged in its complaint, and that the "termination letter" was a pretext when it said it was a "without cause" termination, and in any event, it was in violation of the applicable Implied Covenant. Of course, VZW does not object to, and hence does not mention, J. Castel's "bland footnote" treatment thereby cloaking in its reconsideration-denial order VZW's admission-against-interest contained in Sellinger's October 19, 2011 letter.

**9.    Stark Contrast Between J. Castel in Unrelated Prior Case Vs. J. Castel in Zcom's Case, with Zcom Owned by a Turbaned American Sikh.** DE 136 p. 7.

VZW Opp-Response: Silence. Its gift-laden lap is heavy with unearned judicial gifts issued due to J. Castel's apparent deep-seated antagonism towards Zcom's turbaned American Sikh.

**Point II**
**§455(a) disqualification is warranted here.**

While Zcom has conceded that standing alone "a judge's comments during a proceeding that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) *quoting*, *Liteky*, 510 U.S. at 555. However, when, as here, the record as a whole "demonstrate[s] 'such a high degree of favoritism or antagonism as to make fair judgment impossible'" or "a 'predisposition ... so extreme as to display clear inability to render fair judgment'" recusal is warranted. *Carlton*, 534 F.3d at 100 *quoting*, *Liteky*, 510 U.S. at 551, 555. However, when a Judge's comments create even the impression that the Court is not impartial, even if that impression is incorrect, recusal is appropriate in the interests of justice. *United States v.*

*Whitman*, 209 F.3d 619, 625 (6th Cir. 2000) *citing*, *Anderson v. Sheppard*, 856 F.2d 741, 747 (6th Cir. 1988) *quoting*, *In re Murchison*, 349 U.S. at 136 (*quoting*, *Offutt*, 348 U.S. 11).

When remand to state court to save plaintiff's complaint is the standard, and here J. Castel acted to insure an earlier-kill of same, deep-seated antagonism of Zcom is inescapable. The Second Circuit ha further held that

> [t]he district court's assessment of these factors should, in our view, involve consideration of the pleading standard that a New York court would apply in evaluating the sufficiency of [plaintiff's] complaint. It appears to us that this standard is more lenient than the 'plausibility' standard applicable in federal courts, and at the very least that New York's state courts have not yet adopted the Iqbal/Twombly pleading standard [ ]. To the extent that [plaintiff] would have a better chance of pleading viable state law claims under the standard that New York's courts have chosen, we question whether the values of fairness and comity would be served by preventing [plaintiff] from pursuing those claims in that forum.

*Williams*, *supra*, (*comparing Iqbal*, *supra*, with *ABN AMRO Bank, N.V. v. MBIA Inc.*, 17 NY3d 208 (2011)).

## CONCLUSION

A reasonable disinterested outside observer, steeped in the facts in this non-jury case, would be compelled to conclude that fair judgment is impossible. So, J. Castel must vacate the prior tainted orders and step aside a la §455(a) to restore the judiciary's necessary and apparent impartiality as well as to restore public confidence in the judiciary. *See, e.g.*, *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 162, 166 (3d Cir. 1993).

WHEREFORE, it is respectfully submitted that Zcom's instant motion be granted in its entirety.

Dated: April 7, 2014

Respectfully submitted,

Ravi Batra (RB4299)

10