```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-8-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN TOUCH CONCEPTS, INC.,

                        Plaintiff,

     -against-

CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESS, TOM VERGHESE, RYAN BROOMES,
JORGE VELEZ, ANTHONY FIOCCO, BRUNO
PAVLICEK, AJAY BHUMITRA, SHELLY
BHUMITRA, POONAM SAWNHEY, and JOHN/
JANE DOE CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESS PERSONNEL ##1-10, so named as their
identities have yet to be established,

                        Defendants.
-----------------------------------------------------------------x

13 Civ. 1419 (PKC)

ORDER

CASTEL, District Judge:

        Plaintiff, In Touch Concepts, Inc. (known as "ZCom") moves for reconsideration of this Court's March 4, 2014 Order denying its motion to disqualify the undersigned (Docket No. 133.) For the reasons set forth below, ZCom's motion is denied.

        Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b), Fed. R. Civ. P. A motion to reconsider is "addressed to the sound discretion of the district court[.]" See Mendell ex rel. Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990). Such motions are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.

1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

Motions for reconsideration "should be granted only when the defendant identifies an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citation and quotations omitted). ZCom has not identified any intervening change of controlling law, relied on any new evidence, or shown the need to correct clear error or prevent manifest injustice. See id.

The Court will address one point raised in the motion to reconsider that, while mentioned, was not the focus of the Court's March 4 Order. (See Docket No. 133 at 5-6.) As the reader will recall, in the June 4 Memorandum and Order, the Court ordered ZCom to file an amended complaint within 20 days. (Docket No. 87 at 60.) The last day to timely file a motion was June 24, 2013.[1] Counsel for Zcom purports to have called the undersigned's chambers on June 24, 2013, and informed a member of chambers staff that Zcom intended to seek an extension of time to replead. He states as follows:

> [] On June 24, 2013 the undersigned timely communicated with Judge Castel's Chambers, by telephone, informing of Zcom's desire to enlarge its time to move to re-plead after the reconsideration motion was decided and disclosing Verizon-defendants stated no position but Verghese had not responded to my June 14, 2013 email stip-request; and sought procedural guidance from J. Castel's chamber. Such communication seeking leave-enlargement was made before time to move to re-plead had expired.

---

[1] The Memorandum and Order is dated June 4, 2013. The ECF filing date stamp on the Memorandum and Order and the ECF docket state that the Memorandum and Order was filed on June 4, 2013. The ECF docket states that the Memorandum and Order was entered on June 5, 2013. The Memorandum and Order states that "Within twenty (20) days of this Memorandum and Order, Zcom must move for leave to replead and annex the proposed amended pleading." (Docket No. 87 at 60.) Counsel for Zcom contends that June 5, the entry date, was the triggering date under Rule 6(a)(1), Fed. R. Civ. P. June 4, the date of the Memorandum and Order, was the triggering date. In any event, it is beyond dispute that the fax, sent on June 26, would be late even if June 5 was the triggering date.

2

> [] Thereafter, in compliance with directives of Judge Castel's Chambers, the undersigned on June 26, 2013 formally wrote to Judge Castel seeking an enlargement of time to move for leave to amend (*see* D.E. 95-1, 96-1). In accordance with Judge Castel's Individual Practice 1( C), Zcom's formal written request, following its initial June 24, 2013 telephone request and inquiry, indicated the June 4, 2013 date of the underlying dismissal Order, that the dismissal Order afforded 20 days to move to amend and that an enlargement was sought given the pendency of Zcom's previously filed motion for reconsideration.

(Batra Decl. of Jan 14, 2014 at ¶¶ 29-30; footnote omitted).

Notably, there is no claim that in the June 24 phone call to a member of chamber's staff he was told to do anything other than to put his request for an adjournment in writing and send it to the Court. There is no claim that anything was said or done in that phone call that caused him to refrain from any action to his client's ultimate detriment. He makes no claim that there was any legal effect to his having made the phone call, although it does demonstrate counsel's awareness of the June 24 deadline. Counsel acknowledges that he did not write a letter to the Court seeking the adjournment until two days after the Court-ordered deadline had expired. There is no dispute on this point because counsel's letter bears the date of June 26, 2013. (Docket No. 95, Ex. 1 at 4.)

A notable feature of fax machines is that faxes may be sent and received at any hour, with a time stamp specifying the date and time at which the fax was received. Zcom's counsel had fax capabilities. (Docket No. 95, Ex. 1 at 4.) Yet no claim is made that he tried to fax a letter on June 24 or even on the morning of June 25. No fax was transmitted to chambers until 5:33 p.m on June 26, 2013. At this point, ZCom was in violation of the Court-ordered deadline.

Counsel's June 26 letter did not mention that the time period for ZCom to move to replead had expired and, therefore, did not comply with the undersigned's Individual

3

Practices, which require that "[a]ll requests for adjournments or extensions of time must state (1) the original date. . . ." (Individual Practices at 1.C.) Counsel's failure to state any reason for the delay, or even acknowledge the submission was untimely, does not demonstrate excusable neglect. See Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 368 (2d Cir. 2003) ("[T]he legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced—where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar.") (holding that there was no excusable neglect such that a district court could grant an extension of time to file a notice of appeal when counsel relied on misstatement of opposing counsel of proper date for filing at conference and there was confusion in the record as to whether a final judgment had been entered).

As the Court explained in its March 4 Order, had a timely motion for an extension of time been made (and it was not), it would have likely been denied. A timely motion for leave to replead would have facilitated the adjudication of a motion to reconsider by eliminating the need to analyze claims that were successfully repled. Argument on a motion to reconsider would have facilitated consideration of whether a proposed amended claim was futile. Therefore, the discussion of the June 24 phone call was not material to the decision on the motion to disqualify. Zcom has not pointed to any fact or law that the Court overlooked in its prior Order. Accordingly, ZCom's motion is denied.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 8, 2014

4