```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-9-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN TOUCH CONCEPTS, INC., d/b/a ZCOM,

                    Plaintiff,

    - against -

CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESS, et al.,

                    Defendants.
------------------------------------------------------------X

13 Civ. 1419 (PKC)

**STIPULATION AND**
**ORDER OF DISMISSAL**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff In Touch Concepts, Inc., d/b/a ZCom ("ZCom") and Defendants Cellco Partnership d/b/a Verizon Wireless, Ryan Broomes and Jorge Velez (collectively, "Verizon Wireless") as follows:

1. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), all remaining claims and counterclaims asserted in this action are hereby dismissed without prejudice, including:

(a) ZCom's claim for fraud and deceit (Count II of the First Amended Complaint);

(b) ZCom's claim for misrepresentation (Count III of the First Amended Complaint);

(c) Verizon Wireless's counterclaim for breach of contract; and (d) Verizon Wireless's claim for declaratory judgment asserted in the consolidated action formerly styled as *Cellco P'ship v. In Touch Concepts, Inc.*, 13 Civ. 1418 (PKC) (S.D.N.Y.), with each party to bear its or his own respective attorneys' fees and costs.

2. The parties agree that the applicable statutes of limitation for each of the claims set forth in paragraph 1 above shall be tolled for a period consisting of the earlier of (a) one year from the disposition of any appeal filed from a final judgment entered in this action, or (b) three years from the date of entry of this Stipulation and Order. The parties understand and acknowledge that (a) any affirmative defenses currently available to any party are hereby preserved, (b) nothing set forth in this Stipulation and Order constitutes an admission as to any issue of fact or liability on the part of any party, and (c) each party's signature to this Stipulation and Order does not constitute an admission by any party of any wrongdoing, breach of contract or any other disputed issue of fact or law.

3. The Parties agree not to file in any court any claim or cause of action against one another arising from the matters at issue in this action after the filing of this Stipulation or during the pendency of any appeal from a final judgment in this action.

4. Subject to paragraph 5 below, each of the parties' respective claims and counterclaim described in paragraph 1 above shall be deemed to have been dismissed with prejudice, *nunc pro tunc* to the date of the filing, entry and electronic service of this Stipulation and Order unless the Second Circuit Court of Appeals issues an order in connection with an appeal by ZCom from a final judgment in this action which reverses the dismissal of any of ZCom's claims in the First Amended Complaint dismissed by the Court's June 4, 2013 Order (DE 87) or, grants ZCom an opportunity to re-plead any such claims or grants ZCom leave to seek to re-plead any such claims.

5. In the event that the Second Circuit Court of Appeals issues an order in connection with an appeal by ZCom from a final judgment in this action which: (a) reinstates or otherwise vacates the dismissal of one or more of the claims dismissed by this Court; and/or

(b) permits Zcom to amend or seek leave to amend one or more of the claims dismissed by this Court, or otherwise affords ZCom the opportunity to seek reinstatement of one or more of such claims, the parties shall have the right to re-file any of the claims and the counterclaim described in paragraph 1 above, *provided however*, that the parties may only do so in the United States District Court for the Southern District of New York, absent a remand by the Second Circuit Court of Appeals or a Court in this District of any claims to the Supreme Court of the State of New York, New York County.

6. The parties have entered into this Stipulation with the mutual intention of having Zcom's appeal on the merits of the dismissal of certain of the claims asserted in its First Amended Complaint heard as soon as practicable. Accordingly, assuming that ZCom otherwise timely files a Notice of Appeal after entry of the "so ordered" version of this Stipulation and final judgment, Verizon Wireless specifically agrees that it will not raise any jurisdictional objections to ZCom's appeal, including without limitation, any argument that the appeal is interlocutory in nature, that the order appealed from is not "final," or that the appeal was not timely taken (with relation to the Order dated June 4, 2013 (DE 87); the November 18, 2013 Order denying reconsideration (DE 93); and, *inter alia*, the March 4, 2014 Order denying, *inter alia*, judicial disqualification (DE 133). Rather, the parties agree that the time for ZCom to take an appeal does not begin to run until this Stipulation is "so ordered" by the Court and final judgment is rendered and entered by this Court and electronically transmitted to the parties.

7. It is a material part of this Stipulation that ZCom's appeal from the resulting final judgment contemplated by this Stipulation be heard on the merits by the United States Court of Appeals for the Second Circuit. Accordingly, any determination by the Second Circuit

Court of Appeals that it lacks jurisdiction to hear any appeal raised by ZCom, and contemplated by this Stipulation on the ground that that the judgment appealed from is not "final" or that some additional act is needed before ZCom can pursue such appeal shall not constitute a determination on the merits so as to bring about any dismissal with prejudice set forth in paragraph 4 above.

8. The recusal, withdrawal or disqualification of the Honorable P. Kevin Castel as the presiding Judge in this action shall not affect the dismissal of any of the claims described in either this paragraph or in paragraph 1 above, unless Judge Castel were to vacate any of the prior Orders described in paragraph 6 above.

9. The parties jointly request that Judge Castel "So Order" this Stipulation, so that the Second Circuit Court of Appeals will have subject matter jurisdiction to entertain ZCom's appeal from a subsequent final judgment to be entered in this action. To cure any such potential jurisdictional defect, and to effectuate the parties' intent, this Stipulation and Order

shall alternatively be construed as this Court's grant of leave to appeal from all prior Orders of this Court.

Dated: New York, New York
April 8, 2014

GREENBERG TRAURIG, LLP

By: _____
Philip R. Sellinger

200 Park Avenue
New York, New York 10166
(212) 801-9200

Attorneys for Defendants
Cellco Partnership d/b/a Verizon
Wireless, Ryan Broomes and Jorge Velez

THE LAW FIRM OF RAVI BATRA P.C.

By: _____
Ravi Batra

The Batra Building
142 Lexington Avenue
New York, New York 10016
(212) 545-1993

Attorneys for Plaintiff

SO ORDERED:

_____
U.S.D.J.
4-9-14

The Court expresses no view as to whether an appeal from a judgment entered based upon the Stipulation of Dismissal ("SOD") would be "final", such that the filing of a notice of appeal would confer jurisdiction upon the United States Court of Appeals. Portions of the SOD purport to limit a party's right to advance an argument challenging the jurisdiction of the Court of Appeals. (SOD ¶ 6.) Notwithstanding any provision of the SOD, no party or its counsel is relieved of any obligation to inform the Court of Appeals of any defect in its jurisdiction or to respond truthfully, candidly and fully to any inquiry by the Court of Appeals on any matter, including the Court's own jurisdiction.