UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/2014

-----------------------------------------------------------X
IN TOUCH CONCEPTS, INC., d/b/a ZCOM,
                       Plaintiff,

13 CIVIL 1419 (PKC)

-against-

**JUDGMENT**

CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESS, et al.,
                       Defendants.
-----------------------------------------------------------X

       Whereas on June 4, 2014, the Court having issued a Memorandum and Order granting the motion to dismiss as to Verizon except as to the claims for fraud (Counts II and III), granting the motion to dismiss as to Broomes and Velez except as to the claims for fraud (Counts II and III), granting Pavlicek and Fiocco's motion to dismiss, granting Varghese's motion to dismiss, severing all claims asserted against Ajay Bhumitra, Shelly Bhumitra, and Poonam Sawnhey from the Amended Complaint and remanding to the state court from which they were removed because the Court declines to exercise supplemental jurisdiction over such claims; on November 18, 2013, the Court having denied Plaintiff's motion for reconsideration of the Court's June 4, 2014 Memorandum and Order; on March 4, 2014, the Court having denied Plaintiff's Motion to Disqualify; on April 8, 2014, the Court having denied Plaintiff's motion for reconsideration of this Court's March 4, 2014 Order denying its Motion to Disqualify; on April 9, 2014, the Court having issued a Stipulation and Order of Dismissal that by and between the undersigned counsel for Plaintiff In Touch Concepts, Inc., d/b/a ZCom ("ZCom") and Defendants Cellco Partnership d/b/a Verizon Wireless, Ryan Broomes and Jorge Velez (collectively, "Verizon Wireless"), pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), dismissing all remaining claims and counterclaims asserted in this action without prejudice, including: (a) ZCom's claim for fraud and deceit (Count II of the First Amended

Complaint); (b) ZCom's claim for misrepresentation (Count III of the First Amended Complaint); (c) Verizon Wireless's counterclaim for breach of contract; and (d) Verizon Wireless's claim for declaratory judgment asserted in the consolidated action formerly styled as *Cellco P'ship v. In Touch Concepts, Inc.*, 13 Civ. 1418 (PKC) (S.D.N.Y.), with each party to bear its or his own respective attorneys' fees and costs; the Court having expressed no view as to whether an appeal from a judgment entered based upon the Stipulation of Dismissal ("SOD") would be "final", such that the filing of a notice of appeal would confer jurisdiction upon the United States Court of Appeals; the Court having found portions of the SOD purport to limit a party's right to advance an argument challenging the jurisdiction of the Court of Appeals (SOD Paragraph 6); notwithstanding any provision of the SOD, no party or its counsel is relieved of any obligation to inform the Court of Appeals of any defect in its jurisdiction or to respond truthfully, candidly and fully to any inquiry by the Court of Appeals on any matter, including the Court's own jurisdiction; thereafter, by letter dated May 6, 2014, Plaintiff having requested entry of Judgment, and the matter having come before the Honorable P. Kevin Castel, United States District Judge, and the Court, on May 15, 2014, having rendered its Memo Endorsed Order ordering the Clerk to enter judgment based upon the Stipulation and Order of April 9, 2014, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum and Order dated June 4, 2013, Memorandum and Order dated November 18, 2013, Order dated March 4, 2014, Order dated April 8, 2014, Stipulation and Order of Dismissal dated April 9, 2014, and Memo Endorsed Order dated May 15, 2014, as to Verizon, the motion to dismiss is granted except as to the claims for fraud (Counts II and III); as to Broomes and Velez, the motion to dismiss is granted except as to the claims for fraud (Counts II and III); as to Pavlicek and Fiocco's, the motion to dismiss is granted; Varghese's motion to dismiss is granted; all claims

asserted against Ajay Bhumitra, Shelly Bhumitra, and Poonam Sawnhey are severed from the Amended Complaint and remanded to the state court from which they were removed because the Court declines to exercise supplemental jurisdiction over such claims; Plaintiff's motion for reconsideration of the Court's June 4, 2014 Memorandum and Order is denied; Plaintiff's Motion to Disqualify is denied; Plaintiff's motion for reconsideration of the Court's March 4, 2014 Order denying its Motion to Disqualify is denied; by and between the undersigned counsel for Plaintiff In Touch Concepts, Inc., d/b/a ZCom ("ZCom") and Defendants Cellco Partnership d/b/a Verizon Wireless, Ryan Broomes and Jorge Velez (collectively, "Verizon Wireless"), pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), all remaining claims and counterclaims asserted in this action are hereby dismissed without prejudice, including: (a) ZCom's claim for fraud and deceit (Count II of the First Amended Complaint); (b) ZCom's claim for misrepresentation (Count III of the First Amended Complaint); (c) Verizon Wireless's counterclaim for breach of contract; and (d) Verizon Wireless's claim for declaratory judgment asserted in the consolidated action formerly styled as *Cellco P'ship v. In Touch Concepts, Inc.*, 13 Civ. 1418 (PKC) (S.D.N.Y.), with each party to bear its or his own respective attorneys' fees and costs; the Court expresses no view as to whether an appeal from a judgment entered based upon the Stipulation of Dismissal ("SOD") would be "final", such that the filing of a notice of appeal would confer jurisdiction upon the United States Court of Appeals; portions of the SOD purport to limit a party's right to advance an argument challenging the jurisdiction of the Court of Appeals (SOD Paragraph 6); notwithstanding any provision of the SOD, no party or its counsel is relieved of any obligation to inform the Court of Appeals of any defect in its jurisdiction or to respond truthfully, candidly and fully to any inquiry by the Court of Appeals on any matter, including the Court's own jurisdiction.

**Dated:** New York, New York
May 21, 2014

**RUBY J. KRAJICK**

BY: _____
**Clerk of Court**
_____
**Deputy Clerk**

**THIS DOCUMENT WAS ENTERED ON THE DOCKET ON** _____